ORIGINAL

UNITED STATES DISTRICT COURT
DISTRICTION OF MINNESOTA

---

Sirti Limited Corp.,

Plaintiff,

Civil No. 01-587 JMR/FLN

v.

**THIRD STIPULATED ORDER EXTENDING PRE-TRIAL SCHEDULE**

The Travelers Indemnity of America, et al.,

Defendants.

---

Plaintiff Sirti Limited Corp., and Defendants The Travelers Indemnity Company of America and The Travelers Indemnity Company of Illinois, through their undersigned counsel, hereby stipulate and agree as follows:

1. That on January 9, 2002, the Court signed the parties' second stipulated order extending the pretrial schedule of this matter, including the following deadlines, among others:

a. Discovery shall be completed by June 1, 2002;

b. Non-dispositive motions shall be served by June 1, 2002;

c. Defendants shall disclose the identity of their expert witnesses under Rule 26(a)(2)(A) on or before April 1, 2002;

d. Plaintiffs shall disclose the substance of expert testimony on or before April 1, 2002;

e. Defendants shall disclose the substance of expert testimony on or before May 15, 2002;

f. Expert depositions shall be taken on or before June 1, 2002;

g. Dispositive motions shall be filed and scheduled prior to July 1, 2002; and

h. The case shall be ready for trial on and after October 1, 2002.

FILED ____________
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ____________
DEPUTY CLERK ____________

2. That among the reasons for the second stipulated order was the fact Defendants have appealed this Court's order granting Plaintiff's motion to compel discovery. As of the date of this stipulation, the parties have not received a ruling on this order, and Plaintiff accordingly has had no more discovery from Defendants than took place prior to the filing of the motion to compel in October of 2001.

3. As a result of the delay in the Court's ruling on Defendants' appeal of the order compelling discovery, Plaintiff lacks sufficient information to prepare its case. If the order compelling discovery is not overturned on appeal, Plaintiff intends to use information it receives pursuant to the order to plan further discovery by way of written discovery or depositions, and also to provide the information to its identified expert to the extent relevant to his opinions.

4. That another of the reasons for the second stipulated order was the fact that a review and production of the documents and pleadings produced in the 22 lawsuits underlying this coverage dispute ("the St. Cloud Gas Explosion Lawsuits") was delayed until late December, 2001 as is further set forth in the second stipulated order.

5. Since the time of the second stipulated order, the parties have encountered further delays in the review and production of the pleadings and documents produced in the St. Cloud Gas Explosion Lawsuits. While Defendants initially reviewed all pleadings, documents produced, and deposition exhibits during their November and December document reviews, Defendants did not receive copies of all documents produced in the lawsuits due to a miscommunication between counsel as to the documents requested.

6. Defendants again reviewed all the documents produced in the St. Cloud Gas Explosion Lawsuits in Plaintiff's possession during the week of March 11, 2002, and subsequently received copies of selected documents from that document set.

7. That as a result of the further delay in the review and production of pleadings and documents produced in the St. Cloud Gas Explosion Lawsuits, Defendants lack sufficient information to prepare their case. Defendants intend to use information received in this production to plan further discovery by way of written discovery or depositions. Defendants also intend to use this information to help select their experts prior to disclosing them as required by the Court's existing schedule. The current deadline for these disclosures is April 1, 2002. Defendants also intend to provide the information received through their discovery to any such identified experts to the extent relevant to their opinions or analysis in this matter.

8. That based on the grounds summarized in paragraphs 1-7 above, they stipulate and agree that a further extension of the pretrial schedule is appropriate in this matter, to allow sufficient time to complete discovery, including expert discovery, and to prepare any necessary motions.

9. That the parties still anticipate bringing motions for summary judgment based on the results of the outstanding fact and expert discovery.

10. For all of the foregoing reasons the parties accordingly respectfully request that the deadlines in the Court's pretrial schedule be extended an additional sixty days. The specific dates proposed are contained in the attached stipulated order. These changes will not affect the trial readiness date of October 1, 2002, nor any dates that already have passed.

Dated: March 20, 2002

**FABYANSKE, WESTRA & HART, P.A.**

By: Patrick J. Lee-O'Halloran

Kyle E. Hart (#159025)
Patrick J. Lee-O'Halloran (#269074)
920 Second Avenue South, Suite 1100
Minneapolis, MN 55402
(612) 338-0115

**ATTORNEYS FOR PLAINTIFF**

Dated: March 20, 2002

**MURNANE, CONLIN, WHITE & BRANDT**

By: Mark S. Brown

Mark S. Brown (#226774)
1800 ~~U.S.~~ Bancorp
444 Cedar Street
St. Paul, MN 55101
(651) 227-9411

**ATTORNEYS FOR DEFENDANTS**

**STIPULATED ORDER**

IT IS HEREBY ORDERED that the deadlines set forth in the Pretrial Schedule Order of May 29, 2001, the November 13, 2001 order extending the Expert Disclosure and Discovery Deadlines, and the January 9, 2002 Stipulated Order Extending Pretrial Schedule are amended as follows:

1. Discovery/Non-Dispositive Motions:

   a. All motions which seek to amend the pleadings or add parties must be served by August 1, 2001.

   b. All discovery shall be commenced in time to be completed by August 1, 2002.

   c. All pre-discovery disclosures required by Rule 26(a)(1) have been completed.

d. No more than 50 interrogatories, including all discrete subparts, shall be served by any party.

e. All non-dispositive motions and supporting documents, including those which relate to discovery, shall be served by August 1, 2002. Non-dispositive motions may be scheduled for hearing by calling Cathy Orlando, Calendar Clerk to Chief Magistrate Judge Franklin L. Noel, 612-664-5110. All non-dispositive motions shall be scheduled, filed and served in compliance with Local Rules 7.1, 37.1 and 37.2.

2. Expert Disclosure and Discovery:

a. Disclosure of the identity of expert witnesses under Rule 26(a)(2)(A) shall be made as follows:

1) Plaintiff made its disclosures on or before September 15, 2001.

2) By Defendants on or before May 15, 2002.

b. Full disclosure of the substance of the testimony to be offered by each expert witness shall be made as follows:

1) By Plaintiff on or before May 15, 2002.

2) By Defendants on or before June 15, 2002.

c. Each party may depose no more than 2 expert witnesses on or before July 1, 2002.

d. Any expert testimony which has not been fully disclosed in accordance with this schedule shall be excluded from evidence at trial.

3. Dispositive Motions:

a. All dispositive motions shall be filed and scheduled for hearing prior to September 1, 2002.

b. Counsel are reminded that they must anticipate the time required for scheduling this hearing by calling Calendar Clerk Larry Lewis at 612-664-5053.

c. All dispositive motions shall be scheduled, filed and served in compliance with Local Rule 7.1. See particularly Local Rule 7.1(b)(2)(A) through (E).

4. Trial:

a. This case shall be ready for trial on and after October 1, 2002, at which time it will be placed on the court's jury trial calendar.

b. Trial is estimated to last one week.

Dated: MARCH 29, 2001.

BY THE COURT

Franklin L. Noel
Chief Magistrate Judge