UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
01-CV-587(JMR/FLN)

| | | |
|---|---|---|
| Sirti Limited Corp. | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| The Travelers Indemnity of America et al. | ) | |

Plaintiff brought a motion to compel discovery before the Honorable Franklin L. Noel, United States Magistrate Judge. The motion was granted in part and denied in part by his Order, dated November 21, 2001. Defendant timely appeals the Magistrate's Order, pursuant to Local Rule 72.1(b)(2). Based upon a review of the file and proceedings below, the Court affirms the Magistrate's ruling in part and reverses in part.

I. Facts

Plaintiff sued defendants (collectively "Travelers") for breach of duty to defend and indemnify it in several state court actions arising from a 1998 natural gas pipeline explosion in St. Cloud, Minnesota. Defendants denied coverage under the "professional services" exclusion of the policies. Plaintiff now asks whether defendants are required to defend and indemnify the state court claims pursuant to the policy language.

Plaintiff served defendants with interrogatories and document requests. Defendants largely refused to produce information, arguing that it was irrelevant and claiming that the only pertinent evidence to the issue in this case is the policy language itself,

MAY 22 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD

and the facts and circumstances of plaintiff's conduct on the construction project in progress at the time of the explosion.

The Magistrate granted plaintiff's request for production of documents 1-7, 14-22, and 24, and for further answers to interrogatories 1, 5, 8, 9, and 15; the remaining discovery requests were denied.

A district court must affirm a magistrate's order unless it is "clearly erroneous or contrary to law." 28 U.S.C. § 636; Local Rule 72.1(b)(2). Travelers appeals only the Magistrate's Order compelling compliance with the document requests.

II. Analysis

According to Travelers, the information in its claim files, underwriting files, policy interpretation documents, and promotional materials is irrelevant. Travelers further argues its promotional materials, policy interpretation documents, and underwriting files are protected from discovery by the parole evidence rule, and that its claim files are privileged. The Magistrate overruled these objections, and the Court finds no basis on which to find this, and the majority of the Magistrate's Order, to be "clearly erroneous or contrary to law." As such, the Order is largely affirmed.

A. The Modification

Rule 26 of the Federal Rules of Civil Procedure was amended in 2000. This amendment did not so much change the overall scope of the Court's authority to order discovery, but altered the scope

available under attorney-managed discovery. See, e.g., 8 Wright & Miller, Federal Practice and Procedure 2d § 2008. The Court may still order discovery of "any matter relevant to the subject matter involved in the action" for good cause. Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. While the amendments were intended to focus the parties and the Court on the actual claims and defenses involved in the suit, Adv. Comm. Notes to the 2000 amends. to Fed. R. Civ. P. 26(b)(1) ("The rule change signals to the court that it has the authority to confine discovery to the claims and defenses asserted in the pleadings . . . "), the Court "may permit broader discovery in a particular case depending on the circumstances of the case. . . ." Id.

The Court finds plaintiff's discovery requests seek information which is relevant to the interpretation of the policy language. This information may be relevant in the event the Court finds the insurance contract to be ambiguous -- a decision on which the Court, at this time, offers no opinion. Travelers argues Sirti's discovery requests seek extrinsic evidence, thus violating the parole evidence rule. Once again, Travelers is only correct if the contract is unambiguous. Extrinsic evidence can be relevant and will not violate the parole evidence rule when the contract is found to be ambiguous. See Columbia Heights Motors, Inc. v. Allstate Ins. Co., 275 N.W.2d 32, 34 (Minn. 1979).

A contract is ambiguous if, based on its language alone, it is reasonably susceptible of more than one interpretation. Brookfield Trade Center, Inc. v. County of Ramsey, 584 N.W.2d 390, 394 (Minn. 1998). Whether or not the contract is ambiguous is reserved to the Court as a question of law. Columbia Heights, 275 N.W.2d at 34. Here, this question has not yet been presented nor resolved.

Therefore, Travelers' relevance and parole objections are misplaced. Travelers may yet be proven correct, and the evidence may ultimately be inadmissible, but a denial of the requested discovery at this juncture would be inappropriate. See Leksi, Inc. v. Federal Insur. Co., 129 F.R.D. 99, 104 (D.N.J. 1989) (finding the question of relevancy more loosely construed at the discovery stage than at trial, citing 8 Wright & Miller, Federal Practice and Procedure § 2008).

When the discovery sought appears relevant, the party resisting has the burden of establishing the lack of relevance by demonstrating that the requested discovery does not come within the scope of relevance, as defined under Rule 26(b)(1) of the Federal Rules of Civil Procedure, or is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure. Defendants have failed to make this showing with one exception: plaintiff's request No. 22, seeking "all promotional materials distributed or broadcast by you, in print or by radio or television, including without limitation, advertisements and sale brochures, during the years

1996-1999, which refer or relate in any way either to you or to your commercial general liability and/or umbrella policies," is overly broad and burdensome.

Travelers states its time, cost, and effort in complying with this request would be too burdensome, and the Court agrees. Travelers conducts its business across the Nation, as well as internationally and in several languages. It is difficult to imagine how plaintiff could have relied in any fashion on "all promotional materials" related to Travelers in "any way," or how these materials could illuminate the meaning of the particular insurance contract in this case, even if the Court found the contract ambiguous. As such, the discovery would be unduly burdensome and overbroad, which far outweighs the likely benefit. Fed. R. Civ. P. 56(b)(2). Accordingly, the Court reverses the Magistrate's Order concerning plaintiff's request No. 22.

III. <u>Conclusion</u>

After a review of the files, records, and proceedings herein, IT IS ORDERED that:

1. The Order of the Magistrate Judge granting plaintiff's motion to compel a further response to its documents requests 1-7, 14-21 and 24, and plaintiff's interrogatories 1, 5, 8, 9, and 15 is affirmed.

2. The Order of the Magistrate Judge denying plaintiff's motion to compel a further response to its document requests 8-13, 23, 25, and 26, and plaintiff's interrogatories 2-4, 11-13, and 17

is affirmed.

3. The Order of the Magistrate Judge granting plaintiff's motion to compel a further response to plaintiff's document request 22 is reversed.

Dated: May 21st, 2002

JAMES M. ROSENBAUM
United States Chief District Judge