01-cv-587 JMR/FLN

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

No. 03-3803

| | | |
|---|---|---|
| Sirti Limited Corp., | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| The Travelers Indemnity Company of | * | |
| America; The Travelers Indemnity | * | [UNPUBLISHED] |
| Company of Illinois, | * | |
| | * | |
| Appellants. | * | |

Submitted: June 14, 2004
Filed: July 27, 2004

Before MURPHY, BRIGHT, and MELLOY, Circuit Judges.

PER CURIAM.

Sirti Limited Corp. ("Sirti"), an engineering firm, contracted with Seren Innovations Incorporated ("Seren"), a subsidiary of Northern States Power, in March 1998 to design a cable installation project in St. Cloud, Minnesota. Cable Constructors, Inc. ("CCI") contracted with Seren to install the cable system. In July 1998, Sirti agreed, in a separate contract with Seren, to provide construction management services on the project. Under the July agreement, Sirti agreed to ensure that the installation of the cable complied with Sirti's design and local safety regulations.

SCANNED
AUG 23 2004
U.S. DISTRICT COURT MPLS

On December 11, 1998, CCI struck a gas line during the installation process. The gas leak resulted in an explosion which killed four individuals, injured several others, and damaged nearby property. The victims of the accident filed twenty-four separate lawsuits against Sirti for wrongful death, personal injury, and property damage.

Sirti filed insurance claims under their Professional Liability Policy from Evanston and their Commercial General Liability and Commercial Excess Liability (Umbrella) Policy from Travelers. Evanston agreed to defend Sirti. Travelers refused to defend because the type of work provided by Sirti at the time of the accident was not covered under the policy.[1]

Sirti filed a motion for partial summary judgment on the issue of Travelers' duty to defend. The district court granted partial summary judgment in favor of Sirti, finding Travelers had a duty to defend. The court did not address whether Travelers had a duty to indemnify. Travelers timely appealed the district court's decision.

---

[1]Travelers denied they had a duty to defend in a February 1999 letter that stated:

> Sirti contracted with Seren to provide design and engineering services for the cable installation project. We also understand that Sirti did not have employees on site at the time of the drilling which led to the explosion.
>
> . . . .
>
> Both policies contain endorsements that exclude coverage for "bodily injury" and "property damage" arising out of professional services performed by Sirti. . . . Since Sirti's involvement in this case was as a provider of professional services, there would not be coverage for damage claims arising out of the explosion.

J.A. at A-60.

The federal courts have limited, not general, jurisdiction. See Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986). We consider our own jurisdiction. Id. We raise, sua sponte, jurisdictional issues when it appears that the court lacks jurisdiction, even if the parties concede the issue. See Thomas v. Basham, 931 F.2d 521, 522-23 (8th Cir. 1991).

We have jurisdiction over final judgments. See 28 U.S.C. 1291. An order granting partial summary judgment is not final. See Liberty Mutual Ins. Co. v. Wetzel, 424 U.S. 737,740 (1976); Cohen v. Curtis Pub'g Co., 333 F.2d 974 (8th Cir. 1964). Furthermore, Travelers could have requested the district court to enter final judgment with "an express determination that there is no just reason for delay and upon an express direction for the entry of judgment, which authorizes an immediate appeal when only some parties or claims are dismissed," but they failed to do so. See Fed. R. Civ. P. 54(b); Reinholdson v. Minnesota, 346 F.3d 847, 849 (8th Cir. 2003). Accordingly, we dismiss this appeal without prejudice for lack of jurisdiction. Travelers may pursue a timely appeal following the district court's entry of judgment under Rule 54(b). A certified copy of such order, if entered, shall be transmitted to the clerk of this court.[2]

Appeal dismissed.

A TRUE COPY OF THE ORIGINAL
MICHAEL E. GANS, CLERK
UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT
BY: Michael E. Gans

---

[2]On a subsequent appeal from a 54(b) order, no additional briefs need be filed.

UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT
THOMAS F. EAGLETON COURT HOUSE
ROOM 24.329
111 S. 10TH STREET
ST. LOUIS, MISSOURI 63102

MICHAEL E. GANS
Clerk of Court

VOICE (314) 244-2400
FAX (314) 244-2780
www.ca8.uscourts.gov

August 18, 2004

Mr. Richard Sletten
Clerk
U.S. DISTRICT COURT, MINNESOTA
202 U.S. Courthouse
300 S. Fourth Street
Minneapolis, MN 55415

RECEIVED
BY U.S. MAIL
2004 AUG 23 AM 9:19
CLERK, U.S. DIST COURT
MINNEAPOLIS, MN

Re: 03-3803 Sirti Limited Corp. vs. Travelers Indemnity

Dear Clerk:

The mandate of this Court is being sent to the clerk of the district court, together with a receipt. The clerk of the district court is requested to sign, date, and return the receipt to this office.

Any district court records in this court's possession will be returned shortly.

(5175-010199)

Sincerely,

Michael E. Gans
Clerk of Court

cmd

Enclosure

(LETTER FOR INFORMATIONAL PURPOSES ONLY)

---

cc: Honorable James M. Rosenbaum
Kyle E. Hart
Stephen Anthony Melcher
Daniel A. Haws

District Court/Agency Case Number(s): CIV 01-587 JMR/FLN