**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
01-587 (JMR/FLN)

---

Sirti Limited Corp.,
Plaintiff,

v.

The Travelers Indemnity Company of America, et al.
Defendants.

**SIRTI'S MEMORANDUM IN SUPPORT OF ENTRY OF FINAL JUDGMENT ON TRAVELERS' DUTY TO DEFEND**

---

## I. INTRODUCTION

Sirti commenced this lawsuit in early 2001 seeking the following relief: a declaration that Travelers has a contractual duty to defend Sirti from numerous underlying lawsuits that arose out of a natural gas explosion in St. Cloud, Minnesota; damages for Travelers' breach of its duty to defend Sirti; a declaration that Travelers has a contractual duty to indemnify Sirti from damages awarded against Sirti in the underlying lawsuits; and, damages for Travelers' breach of its duty to indemnify Sirti. Travelers counterclaimed for a declaration that Travelers has no duty to either defend or indemnify Sirti with regard to the underlying lawsuits.

In early 2003, Sirti moved for partial summary judgment on its claim for declaratory relief concerning Travelers' duty to defend [Docket No. 33], and Travelers brought a cross-motion for summary judgment on its claims for declaratory relief concerning both its duty to defend and its duty to indemnify [Docket Nos. 36 and 37]. In his August 2003 Report and Recommendation [Docket No. 52], Magistrate Judge Franklin L. Noel recommended that this Court grant Sirti's motion for partial summary judgment and deny Travelers' cross-motion for summary judgment. The Court adopted the Report and Recommendation in its November 21, 2003, order [Docket No. 59], thereby granting Sirti's motion for declaratory relief concerning

Travelers' duty to defend and denying Travelers' cross-motion for declaratory relief concerning its duties to defend and indemnify. No party requested that final judgment be entered pursuant to Fed. R. Civ. P. 54(b) on any claims affected by the Court's November 2003 order.

Travelers attempted to appeal those portions of the Court's November 2003 order that had granted Sirti's motion for declaratory relief (and that had correspondingly denied Travelers' cross-motion for declaratory relief) concerning Travelers' duty to defend. The Eighth Circuit Court of Appeals dismissed Travelers' appeal because the order Travelers had appealed from did not direct that final judgment be entered pursuant to Fed. R. Civ. P. 54(b) on either parties' declaratory relief claims pertaining to Travelers' duty to defend [Docket Nos. 64 and 65]. This Court denied Travelers' subsequent motion for entry of final judgment because Travelers failed to make the necessary showing for certification under Fed. R. Civ. P. 54(b) [Docket No. 63].[1]

Sirti now moves the Court, pursuant to Fed. R. Civ. P. 54(b), for entry of final judgment with regard to Sirti's and Travelers' claims for declaratory relief concerning Travelers' duty to defend Sirti. The Court should grant Sirti's motion because there is no just reason for delaying entry of final judgment on these claims for declaratory relief.

## II. ARGUMENT

Fed. R. Civ. P. 54(b) provides for "the entry of final judgment as to one or more but fewer than all of the claims . . . upon an express determination that there is no just reason for delay . . . ." As discussed below, the requirements of Rule 54(b) are met in this case.

[1] While Sirti was completing the drafting of the papers in support of this instant motion, Travelers submitted a request for reconsideration (in the form of a September 7, 2004, letter from Travelers' counsel). Travelers' counsel was not aware that Sirti was about to file the instant motion and, upon learning this, stated that Travelers joins in the instant motion. It is Sirti's hope that the Court will enter final judgment on the parties' respective claims for declaratory relief concerning Traveler's duty to defend either on the basis of Sirti's instant motion or, alternatively, on the basis of Travelers' request for reconsideration.

**A. <u>Judgment As To One Or More But Fewer Than All Claims</u>.**

The Court's November 2003 order resulted in a judgment as to some (but not all) of the claims in this lawsuit, namely, both Sirti's and Travelers' claims for declaratory relief concerning Travelers' duty to defend. That order requires Travelers to defend Sirti from the underlying lawsuits. End of story. Sirti's claim for *damages* for Travelers' *breach* of the duty to defend is separate and distinct from Sirti's claim for *declaratory relief* concerning that duty,[2] as are Sirti's claims for declaratory relief and damages (and Travelers' claim for declaratory relief) concerning Travelers' duty to indemnify. *Pacific Ins. Co. V. Burnet Title, Inc.*, ___ F.3d ___, 2004 WL 1846271 (8th Cir. 2004) (entry of final judgment on claim for declaratory relief concerning insurer's duty to defend was appropriate even though the insured's claim for damages for breach of the duty to defend and the claims for declaratory relief and damages concerning the duty to indemnify had not yet been resolved).[3] *See also John Deere Ins. Co. v. Shamrock Indus., Inc.*, 929 F.2d 413, 418 (8th Cir. 1991) ("It is well-settled, under Minnesota law, that the duty to defend and the duty to indemnify are two issues, not one. . . . Because the duty to defend is distinct from the duty to indemnify, the district court did not err in entering partial summary judgment [pursuant to Rule 54(b)]"); *Avondale Indus., Inc. v. Travelers Indem. Co.*, 887 F.2d 1200, 1203-04 (2nd Cir. 1989) (declaratory judgment on duty to defend is certifiable for appeal under Fed. R. Civ. P. 54(b)); *Continental Ins. Co. v. Del Astra Indus., Inc.*,

---

[2] Indeed, Sirti's damages for Travelers' breach of its duty to defend Sirti will not even be capped until either Travelers begins paying the ongoing costs for Sirti's defense of those lawsuits or the defense to all of the underlying lawsuits has been completed.

[3] The fact that these other claims, including the insured's claim for damages for breach of the duty to defend, had not yet been resolved, while not explicitly noted in the court of appeals' decision, is evident from the district court record. See, e.g., Burnet Title's Opposition to Pacific Insurance Company's Motion for Entry of Final Judgment Under Fed. R. Civ. P. 54(b) at 3-4, Docket No. 83, in *Pacific Ins. Co. Ltd. v. Burnet Title*, No. 02-2767 (D. Minn.) ("While the Court decided that Pacific has a duty to defend Burnet, it has not decided what amount Pacific owes Burnet for past and ongoing defense costs, an amount that Pacific admits is disputed.")

811 F. Supp. 1410 (N.D. Ca. 1993) (same); *Taco Bell Corp. v. Continental Cas. Co.*, 203 U.S. Dist. Lexis 9986 (N.D. Ill. 2003) (same).

**B. <u>No Just Reason For Delay</u>.**

There is no just reason to delay entry of final judgment on Sirti's and Travelers' claims for declaratory relief concerning Travelers' duty to defend. Indeed, both parties are seeking the entry of final judgment on the issue of Travelers' duty to defend for a number of reasons. Having already invested the resources of fully briefing and arguing this issue in the context of Travelers' premature appeal,[4] both parties favor an immediate appeal of this issue, the outcome of which will have several benefits.

One benefit for Sirti of an affirmance is that Travelers would begin paying the costs of Sirti's defense (past and current) in the underlying lawsuits. To date, Travelers has resisted Sirti's demands that Travelers pay Sirti's defense costs. Certainly, Travelers could no longer refuse to pay Sirti's past and ongoing defense costs if final judgment on its duty to defend is entered and affirmed on appeal. Thus, entry of final judgment on Travelers' duty to defend will permit an immediate appeal, the outcome of which may very well cause Travelers to begin paying for Sirti's past and ongoing defense costs. There certainly is no just reason for delay in that regard.

An immediate appeal of Travelers' duty to defend could also promote a more prompt and judicially economical resolution of the remaining claims in this lawsuit as well as the claims in the underlying lawsuits. Whether the court of appeals affirms or reverses the Court's order declaring that Travelers has a duty to defend, the result will provide guidance to the parties on the issue of insurance coverage that might lead to settlement of the remaining claims in this

---

[4] In its July 27, 2004, order dismissing Traveler's initial appeal, the court of appeals explicitly suggested that entry of final judgment pursuant to Rule 54(b) be secured, and further stated that it would consider Travelers' appeal of that final judgment without any further briefing by the parties.

lawsuit as well as the claims in the underlying lawsuits. Nor is there any danger that entry of final judgment on these declaratory relief claims could delay the progress of this litigation on the remaining claims. Assuming that Travelers does have a duty to defend, neither of the parties' claims in this lawsuit pertaining to Travelers' duty to indemnify can be fully resolved absent a complete resolution of all claims against Sirti in the underlying lawsuits. An immediate appeal of the duty to defend, which will be based upon the briefs previously submitted to the court of appeals, will certainly be concluded before all of the claims against Sirti in the underlying lawsuits are resolved.

## III. CONCLUSION

Sirti respectfully requests that the Court expressly determine that there is no just reason for delay and expressly direct the entry of final judgment on Sirti's and Travelers' claims for declaratory relief concerning Travelers' duty to defend.

Dated: September 10, 2004.

**FABYANSKE, WESTRA & HART, P.A.**

/s/ Stephen A. Melcher
By: ________________________________

Kyle E. Hart (#159025)
Stephen A. Melcher (#177015)
800 LaSalle Avenue, Suite 1900
Minneapolis, MN 55402
(612) 338-0115

**ATTORNEYS FOR SIRTI LIMITED**