MURNANE CONLIN WHITE & BRANDT
*Professional Association*

September 7, 2004

***Reply to St. Paul***

HONORABLE JAMES M. ROSENBAUM
U.S. COURTHOUSE, SUITE 15E
300 SOUTH 4TH STREET
MINNEAPOLIS MN 55415

Re: Sirti Limited Corp. v. The Travelers Indemnity Co. of America et al.
Court File No.: 01-CV-587

Dear Chief Judge Rosenbaum:

Defendant, The Travelers Indemnity Company of America ("Travelers") respectfully seeks permission of the Court to file a Motion for Reconsideration of the Court's August 12, 2004 Order denying the parties' joint request for entry of final judgment pursuant to Fed. R. Civ. P. 54(b).

Motions for Reconsideration are governed by Local Rule 7.1(g) of the United States District Court for The District of Minnesota. Local Rule 7.1(g) states:

> Motions to reconsider are prohibited except by express permission of the Court, which will be granted only upon a showing of compelling circumstances. Requests to make such a motion, and responses to such requests, shall be made by letter to the Court of no more than two pages in length, a copy of which must be sent to opposing counsel.

In this case, compelling circumstances exist for granting a Motion for Reconsideration because the Eighth Circuit has repeatedly found that declarations of a duty to defend are appropriately certified for immediate appeal. *See John Deere Ins. Co. v. Shamrock Indus., Inc.*, 929 F.2d 413, 418 (8th Cir. 1991) (holding it was not error for court to enter final judgment in duty to defend dispute under Rule 54(b)); *see also Pacific Ins. Co. v. Burnet Title, Inc.*, --- F.3d ----, 2004 WL 1846271 (8th Cir. 2004)(same).

Rule 54(b) of the Federal Rules of Civil Procedure provides, in part, as follows:

> When more than one claim for relief is presented in an action ... the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order ..., however, designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims

ATTORNEYS AT LAW
Robert W. Murnane
John E. Brandt*
Steven J. Kirsch
Andrew T. Shern
Michael S. Ryan*
C. Todd Koebele
Michael P. Tierney
Daniel A. Haws*
William L. Moran
Thomas A. Gilligan, Jr.*
Thomas J. Norby
Peter B. Tiede*
Stacy Ertz*
Michelle D. Christensen**
Carol L. Casey
Anissa M. Mediger
Cheryl L. Hanson*
Ricardo Figueroa
Edward E. Beckmann*
Stephen W. Hance
Holly J. Tchida
Kathryn R. Downey
Timothy J. Peters
Kelly S. Hadac
Christopher G. Angell

*Also admitted in Wisconsin
**Also admitted in Missouri

OF COUNSEL
Thomas M. Conlin*
Daniel J. Young

St. Paul Office
444 Cedar Street, Suite 1800
Saint Paul, MN 55101
Phone: 651.227.9411
Fax: 651.223.5199

Wisconsin Office
539 South Knowles Avenue
New Richmond, WI 54017
Phone: 715.246.3910

www.murnane.com

SCANNED
SEP 23 2004
U.S. DISTRICT COURT MPLS

> or parties, and the order ... is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

In this case, the Court's finding that Travelers had a duty to defend is a final judgment on one of the claims in the declaratory judgment action and should, therefore, be subject to immediate appeal pursuant to Rule 54(b). In fact, the Eighth Circuit Court of Appeals specifically noted, in its July 27, 2004 Unpublished Opinion, No. 03-3803, that "Travelers may pursue a timely appeal following the district court's entry of judgment under Rule 54(b)." The court went on to state that a certified copy of the Rule 54(b) Order shall be transmitted to the Eighth Circuit Clerk of Court, but that no additional briefs need to be filed on subsequent appeal from the 54(b) Order.

Not only do compelling circumstances exist for granting a Motion for Reconsideration because declarations of a duty to defend are appropriately certified for immediate appeal under Rule 54(b) and the Eight Circuit Court of Appeals is prepared to decide this issue upon such a certification, but entry of a final judgment on the duty to defend issue will also (1) serve the purpose of judicial economy; (2) benefit the parties by an early determination of their respective rights and duties; and (3) foster settlement and resolution of the underlying actions.

If a final judgment is not entered under Rule 54(b), the parties in the declaratory judgment action and/or in the underlying cases will be forced to incur substantial fees and expenses in litigation. Specifically, Sirti and Travelers will be forced to litigate the issue of indemnity prior to obtaining an otherwise final, appealable order.

In addition, the parties in the underlying cases will be forced to litigate both liability, i.e., whether Sirti's negligence arose out of their provision of professional services, and damages. Ongoing litigation in both the declaratory judgment action and the underlying cases, however, could be eliminated depending on the Eighth Circuit Court of Appeals' determination of Travelers' duty to defend. If a duty to defend is found, the parties will have a complete understanding of their respective rights and duties and will be in a better position to resolve the underlying cases. If no duty to defend exists, Sirti and the underlying plaintiffs will be in a position to evaluate and settle their cases because the issue of coverage will be fully resolved.

For the reasons set forth above, Travelers respectfully requests permission from the Court to file a Motion for Reconsideration of the Court's August 12, 2004 Order denying the parties' request to enter a final judgment on the duty to defend issue pursuant to Fed. R. Civ. P. 54(b).

Sincerely,

Daniel A. Haws
dhaws@murnane.com
DAH/see/618653

cc: Kyle E. Hart