UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Sirti Limited Corp.,

Plaintiff,

v.

The Travelers Indemnity Company of America and The Travelers Indemnity Company of Illinois,

Defendant.

**MEMORANDUM IN SUPPORT OF MOTION FOR INTERVENTION**

Court File No.: 01-CV-587 JMR/RLN

## INTRODUCTION

Ralph W. Braegelmann, L. Michael Hall, L. Michael Hall, P.A., Monica A. Ims, Judy M. Keller, Mary Jo Mendel, Jacqueline Ploof, The Housing & Redevelopment Authority, Deborah K. Stalboerger, Thomas Sandquist, as trustee for the next-of-kin of Carolyn Sandquist, and Jill K. Weber (hereinafter "proposed intervenors") respectfully request this Court to grant their motion for intervention. The proposed intervenors have judgments against Plaintiff Sirti Limited Corp. ("Sirti") in the underlying liability lawsuit as a result of *Miller v. Shugart* settlement agreements. Their judgments are collectible only from the proceeds of the Travelers' insurance policies that are the subject of this litigation. They are not collectible from Sirti itself. While Sirti has a continuing interest in recovering from the Travelers' policies the attorneys' fees spent defending the underlying case, its interest in aggressively pursuing Travelers' duty to indemnify has been all but eradicated in light of the *Miller v. Shugart* settlements with the proposed intervenors. This court should permit the requested intervention to ensure that the proposed intervenors' rights are protected.

## FACTS

In 1998, Seren Innovations, Inc. began a project to install a cable television, telephone, and high-speed Internet access system that was to serve the greater St. Cloud, Minnesota area. It hired Cable Constructors, Inc. ("CCI") to install its cable system and hired Sirti to provide engineering and construction management services for the entire project.

On December 11, 1998, CCI began installation of an anchor for a utility pole. While doing so, the crew severed a high-pressure natural gas line, resulting in a leak. The leaking gas exploded, killing four people, injuring numerous others, and causing extensive property damage.

The proposed intervenors are among those injured in or damaged by the gas explosion. Each sued Sirti in Stearns County District Court for their injuries and other damages. Sirti tendered defense of those claims to its insurers, among which are The Travelers Indemnity Company of America and The Travelers Indemnity Company of Illinois (collectively "Travelers"). Travelers denied any obligation to defend or indemnify Sirti in the Stearns County lawsuits based upon a "professional services" exclusion in each of the two policies. Travelers' refusal to provide coverage or representation forced Sirti to defend itself.

While the Stearns County action was still pending, Sirti commenced this action seeking a declaration from this court that both of the Travelers policies required Travelers to defend and indemnify it from the proposed intervenors' claims. Sometime after this court issued an order finding a duty to defend as a matter of law, and shortly before trial of the Stearns County matter, Sirti and the proposed intervenors entered into *Miller v. Shugart*[1] settlement agreements. As in all such agreements, Sirti stipulated

[1] *Miller v. Shugart*, 316 N.W.2d 729 (Minn. 1982).

to the entry of judgment against it in exchange for the agreement of the proposed intervenors that they would collect the judgment only from insurance proceeds. The trial court approved each of the settlement agreements as reasonable, and directed the entry of judgment against Sirti for each of the proposed intervenors.[2] Judgment has been entered against Sirti in Stearns County District Court in the following amounts:

| | |
|---|---|
| Ralph Braegelman | $ 45,907.50 |
| L. Michael Hall | $ 90,000.00 |
| L. Michael Hall, P.A. | $ 25,905.00 |
| Monica Ims | $ 4,057.50 |
| Judy Keller | $ 4,057.50 |
| Mary Jo Mendel | $ 25,792.50 |
| Jacqueline Ploof | $460,020.00 |
| The Housing & Redevelopment Authority | $ 7,297.50 |
| Deborah Stalboerger | $ 4,057.50 |
| Thomas Sandquist | $750,000.00 |
| Jill Weber | $ 7,905.00 |

In the present suit, this court has already determined that Travelers had a duty to defend Sirti in the Stearns County actions. Sirti's remaining focus will therefore be proof of the damages caused by Travelers' breach of contract. Sirti's incentive to resolve the remaining coverage question – whether the Travelers' policies require Travelers to indemnify Sirti for the proposed intervenors' damages – has been drastically reduced by the *Miller*

[2] *See* Exhibits 1 through 11 attached to the Affidavit of Sharon L. Van Dyck, filed contemporaneously with this memorandum.

*v. Shugart* settlement agreements. The risk of any personal exposure from a trial of the Stearns County action is gone. The proposed intervenors therefore request to intervene in this action in order to protect their ability to collect on their judgments.

## ARGUMENT

### I. THE PROPOSED INTERVENORS HAVE A RIGHT TO INTERVENE BECAUSE WITHOUT INTERVENTION THEIR INTERESTS WILL BE IMPAIRED.

Rule 24 of the Federal Rules of Civil Procedure governs those situations in which persons not already parties to an action are permitted to intervene. Intervention of right is governed by Rule 24(a):

> Upon timely application anyone shall be permitted to intervene in an action:
>
> *       *       *
>
> (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.[3]

Under Rule 24(a)(2), intervention is permitted when (1) the proposed intervenor claims an interest relating to the property or transaction which is the subject of the action, (2) the disposition of the action may impair or impede the proposed intervenor's ability to protect that interest, (3) no existing party adequately represents that interest, and (4) the application to

[3] Fed. R. Civ. P. 24(a).

intervene is timely.[4] Courts construe Rule 24 liberally and will resolve any doubt in favor of the proposed intervenor.[5]

### A. <u>The Proposed Intervenors Have A Direct And Substantial Interest In The Present Suit</u>.

In order to intervene as of right, the interests asserted by the proposed intervenors must be direct, substantial, legally protectable, and not speculative.[6] For example, in *Standard Heating and Air Conditioning Company*,[7] three trade associations sought to intervene in an ongoing action in order to defend particular licensing and apprenticeship regulations.[8] The court denied their request to intervene as of right because the associations' interests were not directly implicated in the suit; the existing suit would not eliminate the apprenticeship requirement and the intervenors still remained free to defend their safety interest by hiring only those who had completed the apprenticeship program. *Id.* at 571.

In contrast, the proposed intervenors' interests here will be directly affected by the outcome of the above-entitled suit. This suit exists to determine Travelers' duty to Sirti and its indemnification obligations under Sirti's insurance policies. The proposed intervenors have individual judgments against Sirti and await payment. As Sirti's insurer, Travelers is

---

[4] *Jenkins v. Missouri*, 78 F.3d 1270, 1274 (8th Cir. 1996).

[5] *Kansas Public Employees Retirement Sys. v. Reimer & Koger Assoc., Inc.*, 60 F.3d 1304, 1307 (8th Cir. 1995).

[6] *Standard Heating and Air Conditioning Co. v. City of Minneapolis*, 137 F.3d 567, 571 (8th Cir. 1998).

[7] 137 F3d 567 (8th Cir. 1998).

[8] *Id.* at 570.

responsible for such payment. Since Travelers claims that a "professional services" exclusion applies, the outcome of this litigation could substantially impair the proposed intervenors' ability to obtain their respective judgments, and could bind them to the decision of this Court without an opportunity to present their arguments.

**B. <u>The Proposed Intervenors Are Not Adequately Represented Because The Plaintiff's Interest In Obtaining Relief On the Issue Of Indemnification Has Been Effectively Transferred To The Proposed Intervenors, And Absent The Ability To Participate Directly, The Proposed Intervenors' Interests Are Likely To Be Impaired</u>.**

Representation is adequate when there is no collusion between the representative and an opposing party, when the representative does not have an interest adverse to the proposed intervenor, and when the representative does not fail in the fulfillment of his duty.[9] If another party in the litigation adequately represents its interest, a party cannot intervene as of right.[10]

In this case the proposed intervenors' and Sirti's interests are not aligned. Since entering into *Miller v. Shugart* settlement agreements with the proposed intervenors and others, Sirti's focus in this litigation is on the damages flowing from Travelers' breach of its contractual duty to defend - recovery of attorney's fees and costs incurred in defending the Stearns County action. The proposed intervenors, on the other hand, are focused entirely on Travelers' duty to indemnify, since that is the only way in which their judgments against Sirti can be collected. Sirti has assigned its right to pursue that portion of this litigation to the proposed intervenors as part of

---

[9] *Peterson v. United States*, 41 F.R.D. 131, 133 (D. Minn. 1966).

[10] *Jenkins*, 78 F.3d at 1274.

the settlement agreement. While a few minor potential claims against Sirti remain, all of the major claims arising from the explosion that had been placed in litigation have been resolved on the basis of *Miller v. Shugart* settlement agreements. Sirti thus has little interest in the indemnification portion of this litigation, a position completely contrary to the interests of the proposed intervenors. Sirti no longer has the interests of the proposed intervenors in mind, which is likely to affect the way representation of its claim is handled. As a result, the proposed intervenors' interests will be inadequately represented if they are not a party to this action.

**C. <u>The Application For Intervention Is Timely</u>.**

To determine timeliness, a court should consider how far the proceedings have progressed, the proposed intervenor's reason for delay in seeking intervention, and the possible prejudice to the parties already in the proceedings if intervention is granted.[11] The proposed intervenors have timely filed their motion for intervention. All of the proposed intervenors except Mary Jo Mendel received a judgment against Sirti on July 14, 2004; Mary Jo Mendel's judgment was entered on August 30, 2004. While this action was commenced some time ago, only the duty to defend issue has been litigated; the duty to indemnify issue remains. The proposed intervenors are bringing this motion as quickly as possible after they had the right to do so, and before the portion of the litigation that affects their interests has been dealt with. Both Sirti and Travelers are aware of the *Miller v. Shugart* agreements and the proposed intervention, and have been since settlement discussions were undertaken over 6 months ago. There

---

[11] *Jenkins*, 78 F.3d at 1273-74.

will be no prejudice to either Sirti or Travelers if the proposed intervenors join the suit.

## II. THE COURT SHOULD PERMIT THE INTERVENTION BECAUSE THE PROPOSED INTERVENORS' CLAIM HAS QUESTIONS OF LAW IN COMMON WITH SIRTI AND NEITHER PLAINTIFF NOR DEFENDANT WILL BE PREJUDICED BY THE INTERVENTION.

Even if a person does not meet the requirements for intervention as of right, he or she may seek the court's permission to intervene in existing litigation.

> Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common . . . . In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.[12]

The core principle for permissive intervention is that there be a common question of law or fact between the proposed intervenor and the pending litigation. More importantly, the court should grant permissive intervention when it will not unduly prejudice the existing parties.[13]. Intervention may be permitted even when the claims are almost identical and when the existing parties may adequately represent a proposed intervenor's interests.[14] Moreover, prejudice is not present simply because a party must conduct additional discovery and review new documents.[15]

---

[12] Fed. R. Civ. P. 24(b).

[13] *See In re Lutheran Brotherhood Variable Ins. Prod. Co. Sales Practices Litig.*, No. 99-MD-1309 (PAM), 2002 U.S. Dist. LEXIS 20163, at *10 (D. Minn. 2002).

[14] *See id.* at *9-10.

[15] *Id.* at *11 (declaring that Lutheran Brotherhood is not prejudiced if it needs to depose four new class representatives and review the documents related to their claims).

There can be no dispute that there is a question of law common to the interests of Sirti, Travelers and the proposed intervenors. The central question in this case is the applicability of the "professional services" exclusion in the Travelers' insurance policies to Sirti's liability for the explosion. Both Sirti and the proposed intervenors assert that the exclusion does not apply, and that the policies obligate Travelers to both defend and indemnify Sirti for the proposed intervenors' claims. Travelers takes the opposite position. The issue critical to protection of the proposed intervenors' interest is the central issue in this lawsuit.

Finally, no prejudice will result to either party when the proposed intervenors join the current suit. The potential intervenors are already familiar with the liability issues in the underlying lawsuit that form the basis for the coverage dispute in this case. Much of the discovery needed in this case has already been conducted on behalf of the proposed intervenors in the Stearns County action. Any additional discovery should not pose an additional burden on anyone. Consequently, this Court should exercise its discretion and permit the requested intervention.

## CONCLUSION

The proposed intervenors have a real and substantial interest in this action. Its outcome will definitively determine whether the judgments they have obtained against Sirti are collectible. Accordingly, they respectfully request this court to issue an order granting their motion to intervene in this declaratory judgment.

SCHWEBEL, GOETZ & SIEBEN, P.A.

Dated: September 27, 2004

By s/Sharon L. Van Dyck
Sharon L. Van Dyck (#183799)
ATTORNEYS FOR INTERVENORS
5120 IDS Center
Minneapolis, Minnesota 55402-2246
(612) 333-8361

L. MICHAEL HALL, P.A.

By s/L. Michael Hall
L. Michael Hall (#39792)
ATTORNEYS FOR INTERVENORS
1010 West St. Germain, Suite 100
St. Cloud, Minnesota 56301
(320) 255-5450