# EXHIBIT 2

STATE OF MINNESOTA | DISTRICT COURT

COUNTY OF STEARNS | SEVENTH JUDICIAL DISTRICT
Case Type: Personal Injury

L. Michael Hall,

Court File No. C3-99-2293

Plaintiff,

vs.

NOTHERN STATES POWER COMPANY, INC., a Minnesota corporation; CABLE CONSTRUCTORS, INC., a Michigan corporation; SIRTI LIMITED, a foreign corporation; and SEREN INNOVATIONS, INC., a Minnesota corporation,

Defendants.

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER FOR JUDGMENT AGAINST SIRTI LIMITED**

The above-entitled matter came on for hearing before the Honorable John H. Scherer, Judge of the above-named Court on July 13, 2004, at the Morrison County Government Center, City of Little Falls, County of Morrison, State of Minnesota.

L. Michael Hall, Plaintiff ("Plaintiff") above-named, appeared personally and through his attorneys, L. Michael Hall and Sharon L. Van Dyck. There were no other appearances.

Based upon the SETTLEMENT AGREEMENT AND STIPULATION FOR ENTRY OF JUDGMENT UNDER MILLER v. SHUGART ("Settlement Agreement") of the parties, and after hearing all of the evidence adduced by Plaintiff herein, being fully advised in the premises and upon all the files and records herein, the Court makes the following as:

***FINDINGS OF FACT***

1. Plaintiff claims substantial damages against Sirti for personal injury and property damage due to Sirti's alleged negligence in connection with the natural gas explosion occurring on December 11, 1998 in St. Cloud, Minnesota (the "Accident").

2. Plaintiff was injured in the natural gas explosion in the following particulars: Plaintiff was the owner of the five thousand square foot building located at 27 Courthouse Square and 28 – 9th Avenue North in St. Cloud, Minnesota in which the law offices of L. Michael Hall, P.A. were located; the building was completely destroyed in the December 11, 1998 natural gas explosion; as a result of the explosion in addition to the destruction of the building, Plaintiff was forced to incur demolition costs in the amount of $26,363.52.

3. Plaintiff has commenced the above-entitled action against Sirti and others, which lawsuit, along with the lawsuits by other plaintiffs for damages arising out of the "Accident", are collectively referred to as the "St. Cloud Natural Gas Explosion Cases".

4. Plaintiff's sole remaining claim against Sirti is for negligence.

5. Sirti admits that the facts as developed through discovery and investigation indicate it has a potential liability exposure to Plaintiff. To eliminate that risk and avoid the additional expense of trial Sirti wishes to resolve this action and limit its loss exposure by allowing judgment to be entered against it.

6. At the time of the Accident, Sirti was insured under a Commercial General Liability policy (No. DT-CO-368X3487-TIA-98) and Commercial Excess Liability policy (No. DTSR-CUP-836G636-0-TIL-98) (collectively, the "Policies") respectively issued by The Travelers Indemnity Company of America and The Travelers Indemnity Company of Illinois (collectively, the "Travelers Cos.").

7. The Travelers Cos. have denied any and all obligation to defend or indemnify Sirti under the Policies and deny that any coverage is owed whatsoever on account of the damages claimed by Plaintiff.

8. Sirti has advised the Travelers Cos. of the negotiations between Plaintiff and Sirti regarding settlement.

9. The Travelers Cos. continues to deny coverage to Sirti, thus exposing Sirti to personal liability if a judgment is ultimately rendered against it in one or more of the St. Cloud Natural Gas Explosion Cases.

10. Despite requests, the Travelers Cos. has refused to provide Sirti with a defense against the Plaintiff's claims, and has failed and refused to participate to resolve, settle, or pay Plaintiff's claim against Sirti.

11. Plaintiff and Sirti believe the Policies issued by The Travelers Cos. provide liability insurance coverage for the damages claimed by Plaintiff.

12. Plaintiff and Sirti for and in consideration of mutual covenants and other good and valuable consideration have entered into the settlement agreement, a copy of which is attached hereto and incorporated herein by reference as exhibit "A".

13. There is substantial evidence that Sirti was negligent and its negligence was a direct cause of the December 11, 1998 natural gas explosion occurring in St. Cloud and plaintiff's resulting injuries and damages. JHS 7-13-04

14. The settlement amount of $90,000.00 relates only to that portion of Plaintiff's claims against Sirti that is covered under the Policies.

15. A jury could render a judgment in excess of the settlement amount of $90,000.00.

16. The settlement agreement, including the amount, is fair and reasonable.

Based on the foregoing, the Court now makes the following,

## *CONCLUSIONS OF LAW*

1. Plaintiff is entitled to judgment against Sirti in the amount of $90,000.00, together with interest, costs, and disbursements as allowed by law.

2. The enforceability of the judgment is subject to and restricted by the terms of the settlement agreement.

***ORDER FOR JUDGMENT***

The clerk of this court shall enter judgment on behalf of Plaintiff, L. Michael Hall as described above.

***LET JUDGMENT BE ENTERED ACCORDINGLY.***

Dated this 13 day of July, 2004.

The Honorable John H. Scherer
Judge of District Court

JUDGMENT

I hereby certify that the foregoing Order/Conclusions of Law constitutes that Judgment of the Court.

Dated: 7-14-04
Gregory W. Sollen Court Administrator
By: Deputy

DISTRICT COURT
STEARNS COUNTY, MN
FILED
JUL 14 2004
COURT ADMINISTRATOR
BY: DEPUTY

STATE OF MINNESOTA
COUNTY OF STEARNS
I hereby certify that I have compared the foregoing papers with the original recorded in my office, consisting of thirteen (13) pages, and that it is a true and correct copy of said original.

Dated: 7-14-04
Gregory W. Sollen Court Administrator
By: Deputy

# Exhibit A

STATE OF MINNESOTA

COUNTY OF STEARNS

DISTRICT COURT

SEVENTH JUDICIAL DISTRICT
Case Type: Property Damage

Court File No. C3-99-2293

L. Michael Hall,

Plaintiffs,

vs.

NOTHERN STATES POWER COMPANY, INC., a Minnesota corporation; CABLE CONSTRUCTORS, INC., a Michigan corporation; SIRTI LIMITED, a foreign corporation; and SEREN INNOVATIONS, INC., a Minnesota corporation,

Defendants.

**SETTLEMENT AGREEMENT AND STIPULATION FOR ENTRY OF JUDGMENT UNDER *MILLER v. SHUGART***

Plaintiff L. Michael Hall ("Plaintiff") and defendant SIRTI, Ltd. d/b/a Sirti Limited Corp. ("SIRTI") (collectively, the "Parties") agree and stipulate as follows:

1. WHEREAS, Plaintiff claims substantial damages against SIRTI for personal injury and property damage due to SIRTI's alleged negligence in connection with the natural gas explosion occurring on December 11, 1998 in St. Cloud, Minnesota (the "Accident"); and

2. WHEREAS, Plaintiff has commenced the above-entitled action against SIRTI and others, which lawsuit along with the lawsuits by other plaintiffs for damages arising out of the "Accident" are collectively referred to as the "St. Cloud Natural Gas Explosion Cases;" and

3. WHEREAS, Plaintiff's claims for negligence per se and strict liability, if any, have been dismissed and Plaintiff's sole remaining claim against SIRTI is for negligence. SIRTI admits that the facts as developed through discovery and investigation indicate SIRTI

has a potential exposure to liability and may, therefore, be liable to Plaintiff and is desirous of settling this action by allowing judgment to be entered against SIRTI; and

4. WHEREAS, at the time of the Accident, SIRTI was insured under a Commercial General Liability policy (No. DT-CO-368X3487-TIA-98) and Commercial Excess Liability policy (No. DTSR-CUP-836G636-0-TIL-98) (collectively, the "Policies") respectively issued by The Travelers Indemnity Company of America and The Travelers Indemnity Company of Illinois (collectively, the "Travelers Cos."); and

5. WHEREAS, the Travelers Cos. have disavowed coverage altogether under the Policies and deny that any coverage is owed whatsoever on account of the damages claimed by Plaintiff; and

6. WHEREAS, SIRTI has advised the Travelers Cos. of the negotiations leading up to this settlement agreement and stipulation to consent to judgment; and

7. WHEREAS, The Travelers Cos. have refused to participate in settlement discussions, continuing to deny coverage to SIRTI, thus exposing SIRTI to personal liability if a judgment is ultimately rendered in one or more of the St. Cloud Natural Gas Explosion Cases in excess of the policy limits of $3,000,000; and

8. WHEREAS, despite requests, the Travelers Cos. have refused to afford SIRTI coverage under the Policies, refused to provide SIRTI with a defense against the claims of Plaintiff, and failed and refused to participate in any manner to resolve, settle, or pay for Plaintiff's claim against SIRTI; and

9. WHEREAS, the Parties believe the Policies issued by The Travelers Cos. provide coverage for the damages claimed by Plaintiff;

NOW, THEREFORE, the Parties have kept in mind and have been guided by the decision of the Minnesota Supreme Court in *Miller v. Shugart*, 316 N.W.2d 729 (Minn.

1982), and for and in consideration of mutual covenants and other good and valuable consideration, the Parties hereby agree as follows:

1. Plaintiff shall be entitled to have judgment, and SIRTI consents and stipulates to Plaintiff taking a judgment, adjudging SIRTI causally negligent for damages sustained on account of SIRTI's negligence resulting in the Accident in the sum of NINETY THOUSAND DOLLARS AND 00/100 ($90,000.00). SIRTI agrees that this is a fair and reasonable settlement for Plaintiff's claim against SIRTI (the "Judgment"), and both parties acknowledge that this stipulation represents a bona fide, good-faith compromise and settlement of this dispute. The parties agree that Plaintiff's damages exceed the settlement amount, and that a jury could render a verdict against SIRTI exceeding the settlement amount. The parties further agree, the settlement amount herein provided relates only to the portion of Plaintiff's claims that is covered under the Policies issued to SIRTI.

2. SIRTI assigns to Plaintiff, to the extent necessary to collect the Judgment, any claims and causes of action that SIRTI may have against the Travelers Cos. In addition, SIRTI assigns to Plaintiff any bad-faith claim it may have against the Travelers Cos. for Travelers' refusal to provide coverage for, or to negotiate or pay for the settlement of, Plaintiff's claims against SIRTI. SIRTI expressly reserves to itself all other rights, claims and causes of action it may have against the Travelers Cos., including without limitation its right to seek reimbursement of its attorney's fees, costs and disbursements incurred at any time to defend itself in any of the St. Cloud Natural Gas Explosion Cases and its right to pursue the Travelers Cos. with respect to the Travelers Cos.' obligation to defend and indemnify SIRTI from and against claims asserted by other parties in the St. Cloud Natural Gas Explosion Cases.

3. Plaintiff will seek to satisfy this Judgment only from the Travelers Cos. and may take any legal action which may be necessary to accomplish this purpose. This

Judgment shall not become a lien upon any assets presently owned or which hereafter may be owned by SIRTI. Plaintiff shall take no action and shall forever refrain from any attempt to collect any portion of any judgment or settlement from SIRTI.

4. Upon SIRTI's request, Plaintiff will cause to be delivered a release or quit claim deed or other document as to the property of SIRTI, as judgment debtor, affected by the Judgment.

5. Plaintiff will file with the Court a full and complete satisfaction of judgment in favor of SIRTI after resolution by judgment, settlement, or otherwise of Plaintiff's execution or claim on the Judgment against the Travelers Cos. The satisfaction of judgment so filed will be a full and complete satisfaction of judgment regardless of whether any recovery is made on the Judgment against the Travelers Cos. Plaintiff further stipulates and agrees that in the event it is determined that the Policies afford no coverage or indemnity or that, for whatever reason, Plaintiff is not successful in recovering against the Policies on his claims, then Plaintiff shall have no further rights against SIRTI.

6. This Agreement is also intended to have the same effect as the release used in *Pierringer v. Hoger*, 21 Wisc. 182, 124 N.W.2d 106 (1963), and *Frey v. Snelgrove*, 269 N.W.2d 918 (Minn. 1978), and this Agreement shall be interpreted in light of those decisions. Therefore:

a. Plaintiff hereby satisfies that fraction, portion and percentage of the total amount of his cause of action for damages arising out of the accident that is determined to be the responsibility of SIRTI, if any, as may hereafter be determined to be the case in trial or other disposition of this matter.

b. Plaintiff shall indemnify SIRTI, its successors and assigns, and hold SIRTI harmless from any and all claims in this action for contribution and indemnity made or to be made by other parties or persons who may share

responsibility for the above-described damage. Plaintiff shall satisfy any judgment rendered in his favor for his whole cause of action for damage against any other parties to the extent of SIRTI's portion and percentage of responsibility which has been released.

7. This settlement is intended to resolve Plaintiff's claims against SIRTI, only. Except as otherwise provided by this Agreement, Plaintiff further covenants and expressly agrees with SIRTI to refrain forever from instituting any other action or making any other demand or claim of any kind against SIRTI for damages sustained by Plaintiff as a result of the Accident. This Agreement is not entered into, nor in any way intended to release any claim or cause of action by Plaintiff against other named defendants, or against other persons or entities, for damages sustained as a result of the Accident; said claims and causes of action being specifically reserved and retained. This Agreement only releases, and is only intended to release, all claims against SIRTI for damages sustained as a result of the Accident.

8. To the extent that this Agreement violates the principles and intended effect of *Miller v. Shugart* and its progeny and/or *Pierringer v. Hoger* and/or *Frey v. Snelgrove* and its progeny, the Parties empower the court to make whatever modifications in this Agreement are necessary to achieve a valid and enforceable *Miller v. Shugart/Pierringer v. Hoger* agreement. In the event the Court finds the settlement amount to be unreasonable, the Parties agree that the merits of this lawsuit shall be summarily determined in a hearing tried before the Court without a jury.

9. The Parties shall promptly execute and deliver any and all further documents of any nature (including without limitation consents, assignments, releases, and satisfactions) which may be necessary or appropriate to give full force and effect to the terms and intent of this Agreement and as may be necessary to fully consummate and

evidence performance of the undertakings by the Parties as contemplated by this Agreement.

10. The Parties agree that nothing in this Agreement shall be deemed to be an admission of liability or fault in any collateral proceeding. The Parties further agree that neither this Agreement, the Judgment, any collateral documents, nor any portions thereof shall be admissible in any proceeding (including without limitation the St. Cloud Natural Gas Explosion Cases) for any purpose other than for enforcing the Agreement or the Judgment. Notwithstanding the foregoing, the Agreement, Judgment, and any collateral documents may be admitted in any litigation against the Travelers Cos.

11. SIRTI expressly waives any right to trial by jury that it may have in this action.

12. This Agreement is the entire agreement between the Parties and shall be binding upon and inure to the benefit of their respective past, present and future officers, directors, employees, executors, administrators, representatives, heirs, successors, affiliated entities and assigns. The Parties understand and acknowledge that this Agreement has been negotiated by the Parties through their respective attorneys and each party warrants, represents and agrees that neither is relying upon any representations or agreements outside the written terms of this Agreement. **THE UNDERSIGNED HAVE READ THIS AGREEMENT AND FULLY UNDERSTAND IT, HAVING HAD THE ADVICE OF COUNSEL AVAILABLE TO THEM.**

13. The Parties further stipulate and agree that without further notice, motion, or hearing, an Order for Judgment against SIRTI, consistent with this Settlement Agreement, may be entered by the Court.

14. This Settlement Agreement shall become effective immediately following execution by each party. The Agreement may be executed in a number of multiple originals, each of which shall be deemed an original, and this Agreement may be executed

in identical counterparts, each of which shall be deemed an original. A facsimile or xerographic copy of an original signature on this Agreement shall be deemed an original signature for purposes of enforcing this Agreement and for obtaining entry of judgment based on this Agreement.

**PLAINTIFF L. MICHAEL HALL**

By: L Michael Hall

Subscribed and sworn to before me
this 27th day of April, 2004

Deborah K. Stalboerger
Notary Public

DEBORAH K.
STALBOERGER
NOTARY PUBLIC - MINNESOTA
My Comm. Exp. Jan. 31, 2005

**SIRTI, Ltd.**

By: Umberto Rossi
Umberto Rossi
Director of U.S. Operations

Subscribed and sworn to before me
this 9 day of JUNE, 2004

Notary Public

DN: 213288

**CERTIFICATION**

Umberto Rossi hereby certifies that he is the Director of U.S. Operations for Sirti, Ltd., d/b/a Sirti Limited Corp., a foreign corporation, and that he is authorized with full authority to execute the foregoing Settlement Agreement and Stipulation for Entry of Judgment Under *Miller v. Shugart* for and on behalf of Sirti, Ltd., d/b/a Sirti Limited Corp.

By: ______________________
Umberto Rossi

Subscribed and sworn to before me
this 9 day of JUNE, 2004

______________________
Notary Public