UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Sirti Limited Corp.,

Plaintiff,

And

Ralph W. Braegelmann, L. Michael Hall, L. Michael Hall, P.A., Monica A. Ims, Judy M. Keller, Mary Jo Mendel, Jacqueline Ploof, The Housing & Redevelopment Authority, Deborah K. Stalboerger, Thomas Sandquist, as trustee for the next-of-kin of Carolyn Sandquist, and Jill K. Weber,

Intervenors,

v.

The Travelers Indemnity Company of America; The Travelers Indemnity Company of Illinois,

Defendant.

Court File No. 01-CV-587 (JMR/FLN)

---

**THE TRAVELERS INDEMNITY COMPANY OF AMERICA AND THE TRAVELERS INDEMNITY COMPANY OF ILLINOIS' ANSWER TO COMPLAINT IN INTERVENTION**

---

The Travelers Indemnity Company of America and The Travelers Indemnity Company of Illinois' ("Travelers"), for their Answer to the Complaint in Intervention of Ralph W. Braegelmann, L. Michael Hall, L. Michael Hall, P.A., Monica A. Ims, Judy M. Keller, Mary Jo Mendel, Jacqueline Ploof, The Housing & Redevelopment Authority, Deborah K. Stalboerger, Thomas Sandquist, as Trustee for the Next-of-Kin of Carolyn Sandquist, and Jill K. Weber ("Intervening Plaintiffs") state and allege as follows:

## INTRODUCTION

I.

With respect to Paragraph 1 of the Complaint in Intervention, admit that Sirti filed a Complaint against Travelers seeking declaratory judgment to establish Sirti's right to defense and/or indemnity from Travelers arising out of various lawsuits that were commenced against Sirti as a result of the natural gas explosion which occurred in St. Cloud, Minnesota on December 11, 1998 ("the explosion").

II.

As to Paragraph 2 of the Complaint in Intervention, admit that Travelers denies that it has any obligation to defend or indemnify Sirti pursuant to the professional services endorsements that exist within Sirti's commercial general and excess liability insurance policies and for whatever other exclusions may preclude coverage all as more fully set forth in Travelers' Answer to Sirti's Complaint, its denial of coverage letters and motions and memoranda in support of Travelers' summary/declaratory judgment.

## PARTIES

III.

As to Paragraph 3 of the Complaint in Intervention, upon information and belief, admit.

IV.

As to Paragraph 4 of the Complaint in Intervention, admit that Travelers is an insurance company which is licensed to do business in the State of Minnesota.

V.

As to Paragraph 5 of the Complaint in Intervention, upon information and belief, admit.

VI.

As to Paragraph 6 of the Complaint in Intervention, upon information and belief, admit.

VII.

As to Paragraph 7 of the Complaint in Intervention, upon information and belief, admit.

VIII.

As to Paragraph 8 of the Complaint in Intervention, upon information and belief, admit.

IX.

As to Paragraph 9 of the Complaint in Intervention, upon information and belief, admit.

X.

As to Paragraph 10 of the Complaint in Intervention, upon information and belief, admit.

XI.

As to Paragraph 11 of the Complaint in Intervention, upon information and belief, admit.

XII.

As to Paragraph 12 of the Complaint in Intervention, upon information and belief, admit.

XIII.

As to Paragraph 13 of the Complaint in Intervention, upon information and belief, admit.

XIV.

As to Paragraph 14 of the Complaint in Intervention, upon information and belief, admit.

XV.

As to Paragraph 15 of the Complaint in Intervention, upon information and belief, admit.

## BACKGROUND

### The Policies

XVI.

As to Paragraph 16 of the Complaint in Intervention, admit Travelers issued a commercial general liability policy (Policy No. DT-CO-368X3487-TIA-98) (the “CGL” policy) and a commercial excess liability insurance policy (Policy No. DTSR-CUP-836G636-0-TIL-98) (the “umbrella” policy).

**The Project**

XVII.

As to Paragraph 17 of the Complaint in Intervention, alleges that it is without sufficient knowledge or information to form a belief as to the accuracy of such allegation, therefore, denies same and places Plaintiffs to their proof thereof.

XVIII.

As to Paragraph 18 of the Complaint in Intervention, alleges that it is without sufficient knowledge or information to form a belief as to the accuracy of such allegation, therefore, denies same and places Plaintiffs to their proof thereof.

XIX.

As to Paragraph 19 of the Complaint in Intervention, admit that Seren hired Sirti to perform certain engineering and construction management services as defined within the contract as it pertains to the St. Cloud project and affirmatively alleges such services are "professional services" as defined by Travelers' endorsements in the policies of insurance.

XX.

As to Paragraph 20 of the Complaint in Intervention, upon information and belief, admit.

XXI.

As to Paragraph 21 of the Complaint in Intervention, upon information and belief, admit.

**The Underlying Lawsuits**

XXII.

As to Paragraph 22 of the Complaint in Intervention, upon information and belief, admit.

XXIII.

As to Paragraph 23 of the Complaint in Intervention, deny.

XXIV.

As to Paragraph 24 of the Complaint in Intervention, admit that at various times Sirti tendered the defense of certain lawsuits to Travelers and that Travelers denied that it had a duty to defend or provide coverage for those claims pursuant to the terms and conditions of the insurance policy, all as more fully set forth in its denial letters, motions and memorandum in support of summary/declaratory judgment.

XXV.

As to Paragraph 25 of the Complaint in Intervention, alleges that it is without sufficient knowledge or information to form a belief as to the accuracy of such allegation, therefore, denies same and places Plaintiffs to their proof thereof.

**COUNTS**

**COUNT I**

**(Breach of Contract)**

XXVI.

As to Paragraph 26 of the Complaint in Intervention, Travelers realleges and incorporates herein by reference its answers, denials and affirmative defenses as set forth in its response to Paragraphs 1 through 25 of the Complaint.

XXVII.

As to Paragraph 27 of the Complaint in Intervention, deny.

XXVIII.

As to Paragraph 28 of the Complaint in Intervention, deny.

XXIX.

As to Paragraph 29 of the Complaint in Intervention, deny.

**COUNT II**

**(Declaratory Judgment)**

XXX.

As to Paragraph 30 of the Complaint in Intervention, Travelers reallege and incorporate herein by reference its answers, denials and affirmative defenses as set forth in its response to Paragraphs 1 through 29 of the Complaint and incorporate them by reference herein.

XXXI.

As to Paragraph 31 of the Complaint in Intervention, deny.

**TRIAL BY JURY IS HEREBY DEMANDED.**

WHEREFORE, these answering Defendants pray that Plaintiffs take nothing by their Complaint in Intervention, that the same be dismissed with prejudice, that these answering Defendants recover costs and disbursements incurred herein; and for such other and further relief as the court may deem just; and that the Court issue a declaration that Travelers has no duty to indemnify Sirti for the damages alleged in the underlying Complaints or any such damages the "explosion plaintiffs" claim to have suffered in the accident.

DATED:_________________.

MURNANE, CONLIN, WHITE & BRANDT
PROFESSIONAL ASSOCIATION

s/Daniel A. Haws
Daniel A. Haws #193501
Attorneys for Defendant Travelers
1800 U.S. Bancorp Piper Jaffray Plaza
444 Cedar Street
St. Paul, MN 55101
(651) 227-9411

**ACKNOWLEDGMENT**

The undersigned hereby acknowledges that sanctions may be imposed pursuant to Minn. Stat. § 549.211, against the attorney, law firm or party that has violated or is responsible for the violation of Minn. Stat. § 549.211, subd. 2.

s/Daniel A. Haws
Daniel A. Haws

632265