UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Seren Innovations, Incorporated, Transcontinental Insurance Company, and Continental Casualty Company,

Court File No. 04-4978 JMR/FLN

Plaintiffs,

vs.

The Travelers Indemnity Company of America, The Travelers Indemnity Company of Illinois, and Does 1-10,

Defendants.

---

Sirti Limited Corp.,

Court File No. 01-587 JMR/FLN

Plaintiff,

Jill K. Weber, Thomas Sandquist, et al.,

Intervenor Plaintiffs,

vs.

The Travelers Indemnity Company of America and The Travelers Indemnity Company of Illinois,

Defendants.

---

**DEFENDANTS TRAVELERS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO CONSOLIDATE**

---

## INTRODUCTION

Following a 1998 natural gas explosion in St. Cloud, Minnesota, Sirti Limited Corp. ("Sirti"), a construction management company providing engineering and construction management services for a project installing cable TV, telephone and high

speed internet access to the St. Cloud area, commenced a declaratory judgment action against Defendants The Travelers Indemnity Company of American and The Travelers Indemnity Company of Illinois ("Travelers"), seeking to establish a defense and indemnity obligation by Travelers in the twenty-two lawsuits filed against Sirti by or on behalf of those killed, injured or damaged by the explosion.

Seren Innovations, Incorporated ("Seren"), an additional insured under the policies of insurance Travelers issued to Sirti, and Seren's insurers, Transcontinental Insurance Company and Continental Casualty Company, also filed a declaratory judgment action against Travelers seeking to establish a duty of defense and indemnification in the lawsuits filed against Seren as a result of the 1998 St. Cloud gas explosion.

Pursuant to Rules 42 of the Federal Rules of Civil Procedure, Travelers respectfully moves the Court for an Order consolidating the Seren and Sirti actions in order to promote judicial economy and convenience since both cases involve common questions of law and fact

## STATEMENT OF FACTS

### I. The Project

In 1998, Seren was engaged in the installation of a cable TV, telephone and high speed internet access system serving the greater St. Cloud area. (Sirti Complaint, dated March 26, 2001, attached as Exhibit 1 to the Affidavit of Daniel A. Haws, hereinafter referred to as "Haws Aff.") Seren hired Cable Constructors, Inc. ("CCI") to install Seren's cable system. (Id.) Seren also hired Sirti to provide engineering and construction management services for the St. Cloud project. (Id.)

## II. The St. Cloud Gas Explosion

On December 11, 1998, a CCI crew severed a high pressure natural gas line while installing an anchor for a utility pole on the construction project. (Id.) Shortly thereafter, the leaking natural gas exploded, killing four people, injury others and causing extensive property damage. (Id.)

## III. The Underlying Actions

Twenty-two lawsuits were filed against Sirti by or on behalf of those injured, killed or damaged by the explosion. (Id.) Seren was also sued by those injured, killed or damaged in the explosion. (Seren Complaint, dated December 10, 2004, attached as Ex. 2 to Haws Aff.)

## IV. Travelers Denial Of A Duty To Defend Or Indemnify

Sirti tendered the defense of the lawsuits to Travelers, who denied it had an obligation to defend or provide coverage for the claims asserted against Sirti based on a professional services exclusion contained in Sirti's CGL and Excess insurance policies with Travelers. (Sirti Complaint, attached as Ex. 1 to Haws Aff.) Seren, an additional insured under Sirti's policies of insurance with Travelers, also tendered defense of the underlying actions to Travelers. (Seren Complaint, attached as Ex. 2 to Haws Aff.) Travelers declined to defend or indemnify Seren based upon the terms of its policy, including the professional services exclusion contained in the policies of insurance it issued to Sirti. (Id.)

## V. The Declaratory Judgment Lawsuits

### A. The Sirti Action

In March 2001, Sirti commenced suit against Travelers alleging that it breached its contract due to its failure to defend and indemnify Sirti in the twenty-two underlying actions. (Sirti Complaint, attached as Ex. 1 to Haws Aff.) As a result, Sirti sought a declaratory judgment from the Court requiring Travelers to indemnify Sirti for any damages or settlements awarded against Sirti in the underlying cases. (Id.) Sirti also sought compensatory damages, attorneys' fees and pre and post-judgment interest. (Id.)

### B. The Seren Action

In December 2004, Seren commenced a breach of contract and declaratory judgment action against Travelers. (Seren Complaint, attached as Ex. 2 to Haws Aff.) Seren claims that it is an additional insured under the CGL and Excess insurance policies Travelers issued to Sirti. (Id.) As an additional insured, Seren claims that Travelers breached a duty to defend and a duty to indemnify Seren with respect to property damage and personal injury lawsuits brought against it as a result of the December 11, 1998 St. Cloud gas explosion. (Id.)

Seren also seeks a judicial declaration that Travelers is obligated under the policies of insurance it issued to Sirti to pay its fair share of the defense of Seren in the underlying actions, as well as its fair share of indemnity payments Seren and/or its insurers incurred to settle the underlying actions. (Id.) Seren also seeks an award of attorneys' fees and costs incurred in prosecuting the declaratory judgment action. (Id.)

**C. Travelers' Answers**

Travelers answered the Complaint of Sirti by admitting that it denied coverage for the defense of the underlying lawsuits against Sirti. Travelers affirmatively alleged that the CGL and Excess insurance policies it issued to Sirti do not provide coverage for the claims asserted by those injured and/or damaged by the explosion against Sirti based on the professional services exclusion. (Joint and Separate Answer of The Travelers Indemnity Company of American and The Travelers Indemnity Company of Illinois, dated April 3, 2001, attached as Ex. 3 to Haws Aff.)

With regard to Seren's Complaint, Travelers denied that it owed a duty to defend or indemnify Seren, as an additional insured under the Sirti policies, based on the professional services endorsements. (Joint Answer of The Travelers Indemnity Company of America and Travelers Property Casualty Company of America F/K/A The Travelers Indemnity Company of Illinois, dated January 21, 2005, attached as Ex. 4 to Haws Aff.)

**D. Intervention By The Explosion Plaintiffs**

In September 2004, Ralph Braegelmann, L. Michael Hall, L. Michael Hall, P.A., Monica A. Ims, Judy M. Keller, Mary Jo Mendel, Jacqueline Ploof, The Housing & Redevelopment Authority, Deborah K. Stalboerger, Thomas Sandquist as Trustee for the Next-of-Kin of Carolyn Sandquist and Jill K. Weber brought a Complaint in Intervention in the Sirti action. (Complaint in Intervention, dated September 27, 2004, attached as Ex. 5 to Haws Aff.) The explosion plaintiffs all entered into *Miller-Shugart* settlement agreements with Sirti. (Id.) Judgment has been entered in favor of the

explosion plaintiffs against Sirti in accordance with the terms of their respective *Miller-Shugart* agreements. (Id.)

## DISCUSSION

### I. The Standard For Granting Motions To Consolidate

Consolidation of cases is governed by Rule 42 of the Federal Rules of Civil Procedure. Rule 42 provides, in part, as follows:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a).

The district "[c]ourt has broad discretion in determining whether consolidation is desirable."[1] *Atlantic States Legal Foundation, Inc. v. Koch Refining Co.*, 681 F. Supp. 609, 615 (D. Minn. 1988). "In deciding whether consolidation is appropriate, the court must balance the savings of time and effort resulting from consolidation against any inconvenience, delay or expense that it would cause." *Powell v. National Football League*, 764 F. Supp. 1351, 1359 (D. Minn. 1991). "The party seeking consolidation bears the burden of showing that it would promote judicial convenience and economy." *Id*.

Federal courts have routinely concluded that objections to motions to consolidate based on claims of prejudice arising from confusion are not good reasons for refusing to consolidate. *See Popejoy v. Fladung*, 14 F.R.D. 450, 451 (W.D. Mo. 1953). In *Popejoy*, the court cited with approval the case of *Gaines v. Racenet*, 11 F.R.D. 109 (D.C. 1951),

---

[1] A district court's decision to consolidate will "not be disturbed unless it is determined that the court clearly abused its discretion." *See United States EPA v. City of Green Forest, Ark.*, 921 F.2d 1394, 1402 (8th Cir. 1990), *cert. denied*, 502 U.S. 956, 112 S.Ct. 414, 116 L.Ed.2d 435 (1991).

in which a motion to consolidate four separate actions was granted. *Id.* at 450-51. "In justifying the order of consolidation, the court said:

> The only questions to be determined are who was at fault and the amount of the damage. True, there are six persons here claiming personal injuries, but I see no reason why a jury under the guidance of the Court on the law could not intelligently decide the issues and reach a just and proper verdict as to each. I cannot see how the Racenets and the LaBonnes can in any way be prejudiced by this consolidation.

*Id.*

## II. Consolidation Should Be Granted In This Case

The Seren and Sirti lawsuits involve common questions of law and fact. With regard to the facts, Seren and Sirti were both contractors involved a construction project in St. Cloud, Minnesota. Following a gas explosion in December 1998, Seren and Sirti were sued by or on behalf of individuals who were injured, killed or damaged by the explosion. Both Seren and Sirti tendered defense of these lawsuits to Travelers under the same CGL and Excess insurance policies Travelers issued to Sirti.

Not only are the facts underling the Seren and Sirti declaratory judgment actions identical, but the lawsuits also have a common legal issue, i.e., whether Travelers is required to defend and indemnify Seren and Sirti in the underlying actions as they allege, or whether their claims are precluded, primarily, by the professional services exclusion contained in the GGL and Excess insurance policies, as claimed by Travelers.

Because the declaratory judgment actions have questions of law and fact in common, consolidation should be ordered.[2] Consolidation would also enhance the conservation of time and effort by the Court and the parties without additional

[2] Consolidation should also be Ordered because, under Fed. R. Civ. P. 57, both Seren and Sirti failed to join indispensable parties to their respective declaratory judgment action, including each other, as well as the plaintiffs in the underlying lawsuits.

inconvenience, delay or expense. Specifically, discovery could be streamlined so that Travelers' employees, and the employees involved in the construction project for both Seren and Sirti would not have to be deposed separately in each action. Fact witnesses would also only have to be deposed one time if consolidation was ordered. Consolidation would also prevent the Court from having to try the exact case, with identical witnesses, twice. In short, consolidation would promote judicial economy and would lessen the expense borne by the Court in trying two cases involving Travelers' obligation to indemnify and defend two contractors, who were both sued by the individuals injured or damaged in the 1998 gas explosion, under the same policies of insurance.

## CONCLUSION

This Court should Order consolidation of the Seren and Sirti cases because they involve common issues of law and fact. Consolidation would also promote judicial convenience and economy and would not cause undue delay, expense or inconvenience to any of the parties. For the above stated reasons, Travelers respectfully requests an Order from the Court consolidating the Seren and Sirti actions.

Dated: June 6, 2005

**MURNANE, CONLIN, WHITE & BRANDT**
*Professional Association*

s/Stacy E. Ertz
Daniel A. Haws #193501
Stacy E. Ertz #0267181
Attorneys for Defendants The Travelers Indemnity Company of America and The Travelers Property Casualty Company of America, f/k/a The Travelers Indemnity Company of Illinois
444 Cedar Street, Suite 1800
St. Paul, MN 55101
(651) 227-9411

654986