**STATE OF MINNESOTA** **DISTRICT COURT**

**COUNTY OF STEARNS** **SEVENTH JUDICIAL DISTRICT**

Sirti Limited Corp.,

Plaintiff,

v.

The Travelers Indemnity Company of America and
The Travelers Indemnity Company of Illinois,

Defendants.

Court File No.: ____________

**COMPLAINT**
**(Jury Trial Demanded)**

Plaintiff, for its Complaint against defendants, states as follows:

## I. INTRODUCTION

1. This is a breach of contract and declaratory judgment action seeking to, among other things, establish Plaintiff Sirti Limited Corp.'s ("Sirti") right to defense and indemnity from Defendants The Travelers Indemnity Company of America and The Travelers Indemnity Company of Illinois, (hereinafter collectively and individually referred to as "Travelers") with regard to Twenty-Two (22) lawsuits which have been commenced against Sirti arising out of a natural gas explosion which occurred in St. Cloud, Minnesota in 1998.

2. Travelers has denied being obligated to defend or indemnify Sirti based on a "professional services" exclusion in Sirti's Commercial General and Excess Liability insurance policies.

## II. PARTIES

3. At all times pertinent to this action, Sirti was a foreign-based design, construction and construction management company with its United States headquarters located in Tampa, Florida.



EXHIBIT
tabbies
1

4. At all times pertinent to this action, Travelers was a foreign insurance company.

## III. BACKGROUND

### The Policies

5. Between January 1, 1998 and January 1, 1999, Sirti was insured under a Commercial General Liability insurance policy (Policy No. DT-CO-368X3487-TIA-98) (the "CGL" policy) and a Commercial Excess Liability insurance policy (Policy No. DTSR-CUP-836G636-O-TIL-98) (the "Umbrella" policy) issued by Travelers.

### The Project

6. In 1998, Seren Innovations, Inc. ("Seren"), a subsidiary of Northern States Power ("NSP"), was engaged in the installation of a cable TV, telephone, and high speed internet access system serving greater St. Cloud, Minnesota (the "Project").

7. Seren hired Cable Constructors, Inc. ("CCI") to, among other things, install Seren's cable system.

8. Seren hired Sirti to provide engineering and construction management services for the Project.

9. On December 11, 1998, a CCI crew severed a high pressure natural gas line owned by NSP while installing an anchor for a utility pole on the Project.

10. A short time later, the leaking natural gas exploded, killing four people, injuring numerous others, and causing extensive property damage.

### The Lawsuits; Sirti's Tender; and Traveler's Refusal to Defend or Indemnity

11. To date, Twenty-Two (22) lawsuits have been filed against, among others, Sirti, by, or on behalf of, those killed, injured, or damaged by the explosion (the "Lawsuits").

12. Some or all of the claims asserted against Sirti in the Lawsuits would, if proven, be covered by Sirti's CGL and Umbrella policies with Travelers. Thus, Traveler's was, and remains, obligated to provide Sirti with a defense from the Lawsuits.

13. Sirti tendered the defense of the Lawsuits to Travelers, but Travelers failed and/or refused to defend or provide coverage for the claims asserted against Sirti in the Lawsuits. Travelers stated that its decision not to defend or indemnify Sirti was based on a "professional services" exclusion contained in Sirti's policies with Travelers.

14. As a result of Traveler's failure and/or refusal to defend Sirti with regard to the Lawsuits, Sirti was required to incur substantial expenses, costs, disbursements, and attorneys' fees to defend itself. Sirti may also be forced to settle the Lawsuits to prevent the possibility of large adverse judgments.

## IV. COUNTS

### COUNT ONE

**(Breach of Contract)**

15. Paragraphs 1 through 17 are realleged and incorporated herein by reference.

16. Travelers' failure and/or refusal to defend and indemnify Sirti from the Lawsuits constitutes a breach of contract.

17. As a direct and proximate result of Traveler's breach of contract, Sirti has incurred damages in an amount substantially in excess of $75,000.

### COUNT TWO

**(Declaratory Judgment)**

18. Paragraphs 1 through 20 are realleged and incorporated herein by reference.

19. Sirti is entitled to a declaratory judgment determining that Travelers is required to reimburse Sirti for all expenses, costs, disbursements, and attorneys' fees it has incurred, or will incur in the future, with regard to the Lawsuits.

20. Sirti also is entitled to a declaratory judgment determining that Travelers is required to indemnify Sirti for any damages or settlements awarded against Sirti in the Lawsuits.

**WHEREFORE,** Sirti demands the following relief:

a. The declaratory relief requested in Count Two;

b. Compensatory damages in an amount substantially in excess of $75,000;

c. The costs of this action, including attorneys' fees;

d. Pre- and post-judgment interest; and

e. Such other and further relief as deemed just and equitable by the Court or to which Sirti is entitled under the law.

DATED: March 26, 2001.

**FABYANSKE, WESTRA & HART, P.A.**

By: [signature]

Kyle E. Hart (#159025)
Patrick J. Lee-O'Halloran (#269074)
920 Second Avenue South, Suite 1100
Minneapolis, MN 55402
(612) 338-0115
ATTORNEYS FOR PLAINTIFF

**ACKNOWLEDGMENT**

I acknowledge that costs, disbursements and reasonable attorney and witness fees may be awarded under Minn. Stat. § 549.211, to the party against whom the allegations in this pleading are asserted.

Patrick J. Lee-O'Halloran

STATE OF MINNESOTA | DISTRICT COURT

COUNTY OF STEARNS | SEVENTH JUDICIAL DISTRICT

---

Sirti Limited Corp.,

Plaintiff,

Case File No. ______________

v.

The Travelers Indemnity Company of America and The Travelers Indemnity Company of Illinois,

Defendants.

**AFFIDAVIT OF COMPLIANCE WITH MINNESOTA STATUTE § 45.028**

---

STATE OF MINNESOTA )
) ss.
COUNTY OF HENNEPIN )

I, Patrick J. Lee-O'Halloran, being duly sworn on oath, state that I have complied with the guidelines of Minnesota Statute § 45.028 by performing the following acts:

1. A copy of the process for the above-captioned case was left in the office of the Insurance Commissioner of the State of Minnesota.

2. I have sent a notice of the service and a copy of the process by certified mail to Defendants The Travelers Indemnity Company of America and The Travelers Indemnity Company of Illinois at the following address:

The Travelers Indemnity Company of America
and The Travelers Indemnity Company of Illinois
Marlene Paulsen
6465 Wayzata Boulevard
Minneapolis, MN 55426

Patrick J. Lee-O'Halloran

Subscribed and sworn to before me
this 26th day of March, 2001.

Notary Public

DENISE L. [illegible]ER
Notary Public
Minnesota
My Commission Expires [illegible] 2005

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Seren Innovations, Incorporated,
Transcontinental Insurance Company,
Continental Casualty Company,

Plaintiffs,

vs.

The Travelers Indemnity Company of America, The Travelers Indemnity Company of Illinois, and Does 1-10,

Defendants.

Court File No.: ____________

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiffs Seren Innovations, Incorporated ("Seren") and Transcontinental Insurance Company ("TIC"), and Continental Casualty Company ("Continental") and by and through their undersigned attorneys, bring this action for breach of contract, declaratory judgment and other relief against Defendants The Travelers Indemnity Company of America and The Travelers Indemnity Company of Illinois (collectively, "Travelers"), and Does 1-10. Seren and TIC demand trial by jury of all issues properly triable thereby and for their Complaint, state and allege as follows:

## INTRODUCTION

1. This is an insurance coverage action for breach of contract, including both the breach of the duty to defend as well as the breach of duty to indemnify. Defendant insurers have refused to defend or indemnify, participate in the defense or make contributions toward the indemnity of Seren with respect to certain property damage subrogation claims and personal injury lawsuits brought against it. These matters stem

EXHIBIT
tabbies
2

from the deaths, injuries and property damage that resulted from the natural gas explosion in St. Cloud, Minnesota that occurred on December 11, 1998.

2. Seren seeks recovery of money damages incurred as a result of Travelers' breach of its duty to indemnify Seren. Specifically, Plaintiffs seek recovery of the amounts paid to settle inter alia the following matters:

> *Ralph W. Braegelmann v. Northern States Power Co., et al., Court File No. C9-99-2766 (Stearns County, 7th District Minnesota);*
>
> *Law Offices of L. Michael Hall, P.A., Jacqueline Ploof, Jill Weber, Monica Ims, Deborah Stalboerger & Judy Keller v. Northern States Power Co., et al., Court File No. C3-99-2293 (Stearns County, 7th District Minnesota);*
>
> *Jean M. Jacobs, as Trustee for the next-of-kin of Robert Jacobs, deceased v. Cable Constructors, Inc., et al., Court File No. C3-99-2424 (Stearns County, 7th District Minnesota);*
>
> *Mary Jo Mendel v. Northern States Power Co., et al., Court File No. C2-99-3211 (Stearns County, 7th District Minnesota);*
>
> *Thomas Sandquist, as Trustee for the next-of-kin of Carolyn Sandquist v. Northern States Power Co., et al., Court File No. C3-99-2746 (Stearns County, 7th District Minnesota);*
>
> *Wallace F. Pattock and Margaret M. Pattock, individually and as Trustees of the Pattock Family Trust and Laurence T. Pattock and Florence B. Pattock, individually and as Trustees of the Pattock Family Trust, Court File No. C2-99-4102 (Stearns County, 7th Judicial District Minnesota);*
>
> *Edward Murray v. Northern States Power Co., et al., Court File No. C2-99-4179 (Stearns County, 7th District Minnesota);*
>
> *Patty A. Klang, as Trustee for the next-of-kin of Karl W. Klang, deceased v. Cable Constructors, Inc., Court File No. CO-99-4177 (Stearns County, 7th Judicial District);*
>
> *Philip Kremer v. Northern States Power Co., Court File No. C2-99-4178 (Stearns County, 7th Judicial District);*

*Debra Kay Rudlong, Kevin Briant Rose and John Howard Rose, as Co-Trustees for the next-of-kin of Delbert Reuben Rose, Jr. v. Cable Constructors, Inc., Court File No. C3-99-2424 (Stearns County, 7th Judicial District*).

3. Seren also seeks the recovery of money damage incurred as a result of Travelers' breach of its duty to defend Seren in the underlying actions as well as actions still pending.

4. Seren also seeks a declaration that the Travelers' policy provides coverage for it as an additional insured with respect to the settled and still pending underlying actions.

5. This is also an action for contribution and/or indemnity by TIC and Continental who are and have been providing a defense and indemnity to Seren with respect to the underlying claims and lawsuits.

6. Through lawsuit for contribution and indemnity, TIC and Continental seek to recover from Travelers a percentage of all monies paid on Seren's behalf to defend and indemnify it with respect to the underlying actions. In addition, TIC and Continental seek indemnity from other potential indemnitors of Seren, Does 1-10 whose identity is not presently known.

7. Plaintiffs also seek a declaration that under the provisions of its Loan Receipt and Non-Waiver Agreement that it obtained the legal right, standing and status to seek contribution or indemnity from Travelers for defense costs it made on behalf of Seren with respect to the underlying actions.

**JURISDICTION AND VENUE**

8. Venue is proper in this Court, because a substantial part of the events and omissions giving rise to the claims occurred in Minnesota. Based upon information and

belief, jurisdiction is proper pursuant to 28 U.S.C. § 1322(a), and the amount in controversy is well in excess of $75,000.

## FACTUAL ALLEGATIONS

**The coverage:**

14. Defendant Travelers Indemnity Company of America issued Commercial General Liability Policy No. DT-CO-368X347-TIA-98 to Sirti Limited Corporation ("Sirti") for the policy period January 1, 1998 to January 1, 1999, under which Seren is an additional insured. Seren is also an additional insured under the Commercial Excess Liability (Umbrella) Insurance Policy No. DTSR-CUP-836G636-0 TIL-98 which Defendant Travelers Indemnity Company of Illinois issued for Sirti.

**The accident:**

15. The above listed underlying litigation giving rise to this action for money damages and contribution arises out of a gas line explosion that took place in St. Cloud, Minnesota on December 11, 1998. Cable Constructors, Inc. ("CCI") was in the process of installing a fiber optic cable system as part of its duties and responsibilities under a contract with Seren when its employees struck and ruptured a gas line. The gas line rupture ultimately resulted in an explosion in which four persons were killed, several others injured, and caused significant damage to property in the surrounding area.

16. Seren was a subsidiary of Northern States Power ("NSP"). Seren owned the project where the gas line explosion occurred. Seren hired Sirti and CCI to work on this project. The project involved the design and installation of a two-way fiber optic cable system for the greater St. Cloud area.

17. CCI was the contractor hired to construct and install the network. Sirti was hired as the project architect to design the system and provide "post engineering", which eventually included significant project management, including project management related to safety, to ensure the network was installed per specifications and design, and in a manner in which was safe for the workers on the project as well as residents and visitors to the surrounding area in which the project was taking place.

18. Specifically with respect to Sirti's safety obligations, on information and belief, in the underlying actions it has been asserted that Sirti failed to ensure safety on the project in at least the following ways:

- Sirti failed to distribute its basic safety guidelines to CCI's employees and their supervisors;
- Sirti failed to stress with CCI the importance of adopting a "zero strike philosophy" toward avoiding utility line strikes;
- Sirti pressured CCI's crews to increase productivity at the expense of taking precautions such as exposing gas lines before installing the very type of anchors which were being prepared to be installed at the time of the gas line rupture;
- Sirti failed to follow through on CCI's safety concerns and prohibited CCI from bringing safety concerns directly to NSP;
- Sirti failed to communicate clear guidelines prohibiting the use of power tools for excavation in the vicinity of buried utilities;

- Sirti's safety guidelines failed to require that CCI hand-expose utilities when installing an anchor into the ground at a point within three feet of a utility mark;
- Sirti failed to provide special safety instructions for installing anchors adjacent to utilities buried beneath public sidewalks in urban areas (such as downtown St. Paul) where one would expect busy pedestrian and motor vehicle traffic;
- Sirti failed to make use of NSP's experience from previous gas line rupture emergencies to coordinate emergency response planning between CCI, NSP and local emergency responders;
- Sirti failed to adequately inform CCI that, in the event they cause damage to an underground utility, their very first step should be to promptly notify Seren (again, Seren is a subsidiary of NSP);
- Sirti failed to advise CCI that, in the event they cause damage to an underground utility, they should immediately call 911;
- Sirti failed to consult with NSP and advise CCI concerning the distances people should be evacuated from the site of an accidental gas line eruption;
- Sirti failed to establish clear guidelines concerning the circumstances that may warrant an excavation from the area around a utility strike;
- Sirti failed to actually advise anyone to excavate the area of the December 11, 1998, gas line rupture prior to the explosion;

- Sirti failed to include a host of particularized requirements in its basic safety guidelines for working around buried utilities which include oversights with respect to construction crew training, construction crew length of work day requirements, the type of experience needed for crews setting anchors, the installation of temporary shutoff valves and the exposure of gas line mains for providing emergency procedures in the event of a gas line strike, the failure to provide or require safety inspectors on an ongoing basis, the failure to require meetings with safety inspectors, maps with locations of buried gas lines highlighted and in the possession of each crew, the failure to inform crews regarding the specific dangers of their work in the downtown St. Cloud area including the difficulties in shutting off gas lines where surfaces are paved and buildings are in close proximity, the failure to provide NSP's gas emergency number, NSP's gas emergency guidelines, the Gopher State One Call Professional Excavator's Manual and generally to advise that NSP should be contacted with any questions or comments, the failure to require NSP to review its entire natural gas system in the St. Cloud area and comprehensively install additional valves where needed, and NSP's failure to conduct a post-construction survey to ensure system integrity.

19. The underlying actions allege that Seren's liability, in part, flows from its negligent supervision of Sirti while it performed, or failed to perform its fiber optic installation-related work, including that work relating to job site safety.

## CAUSES OF ACTION

### COUNT I
### (Breach of Contract/Duty to Defend and Indemnify Seren)

21. Plaintiffs re-allege and re-incorporate the allegations made in Paragraphs 1 through 20 as though set forth fully herein.

22. Each and every aforementioned underlying action seeks damages from Seren representing amounts that Seren became "legally obligated to pay as damages" because of "property damage" or "bodily injury" caused by an "occurrence" as defined in the Travelers' policies under which Seren was an additional insured.

23. Contrary to the contractual obligations to Seren under the Travelers' policies, Travelers has refused to defend or indemnify Seren with respect to the aforementioned underlying actions.

24. Travelers' denial of its duty to defend and indemnify Seren with respect to the aforementioned underlying actions constitute material breaches under Travelers' insurance contract.

25. As a direct and proximate result of Travelers' breach of contract, Seren has incurred damages in the form of defense costs and legal fees and indemnity payments in defending against and settling the aforementioned underlying actions.

### COUNT II
### (Seren's Request for Declaratory Relief)

26. Plaintiffs re-allege and re-incorporate the allegations made in Paragraphs 1 through 25 as though set forth fully herein.

27. An actual and justiciable controversy exists between Plaintiffs on the one hand and The Defendant Travelers entities on the other concerning the extent of coverage and the duty to defend and indemnify Seren with respect to the aforementioned underlying actions under the Travelers' policies issued to CCI under which Seren qualifies as an additional insured.

28. All amounts Seren paid to settle the aforementioned underlying actions are amounts that Sereni was "legally obligated to pay as damages" because of "property damage" or "bodily injury" caused by an "occurrence" as defined under the aforementioned policies.

29. Contrary to its contractual obligations under the aforementioned policies, Travelers has refused to defend or indemnify Sirti in connection with the aforementioned underlying actions.

30. Accordingly, Seren seeks a judicial declaration that Travelers is obligated under the aforementioned policies issued to Sirti to pay its fair share of the defense of Seren against the underlying actions and its fair share of indemnity payments to settle the aforementioned underlying actions.

**COUNT III**
**(TIC'S Action for Indemnity and/or Contribution)**

31. TIC and Continental re-alleges and re-incorporates the allegations made in Paragraphs 1 through 30 as though set forth fully herein.

32. As a result of Travelers breaching its contractual obligations to Seren, TIC and Continental are entitled to contribution and/or indemnity from Travelers.

33. Upon information and belief, Does 1-10, may owe contribution and/or indemnity to TIC and Continental in addition to sums owed by named Defendants.

**COUNT IV**
**(TIC's Request for Declaratory Relief)**

34. TIC re-alleges and re-incorporates the allegations made in Paragraphs 1 through 34 as though set forth fully herein.

35. Accordingly, TIC and Continental seek a judicial declaration pursuant to said Loan Receipt and Non-Waiver Agreement grants to them the legal right, standing and status to seek contribution and/or indemnity from Travelers a percentage of the defense and indemnity costs incurred on behalf of Seren with respect to the underlying actions.

**WHEREFORE**, Plaintiffs Seren and TIC request that the Court:

1. Enter judgment against Travelers and in favor of Seren for Travelers' breaches of contract arising from Travelers' denial of coverage;

2. Issue an Order declaring that the aforementioned Travelers Insurance policies issued to Seren provide coverage with respect the underlying actions to Seren as an additional insured;

3. Enter judgment against Travelers and in favor of TIC and Continental for contribution and/or indemnity of defense costs against Travelers with respect to the underlying actions;

4. Issue an Order declaring that TIC and Continental have the legal right, standing and status necessary to seek contribution from Travelers for a percentage of the indemnity and defense costs TIC and Continental made on behalf of Seren with respect to the underlying actions;

5. Award Plaintiffs their costs and attorney's fees incurred in the prosecution of this coverage action; and

6. Grant Plaintiffs such other and further relief as the Court deems proper.

Dated: 12-10-04

ABRAMS & SMITH, P.A.

By: ______________________

Jerome B. Abrams, #126627
220 South Sixth Street
Suite 1250, Pillsbury Center South
Minneapolis, MN 55402
(612) 342-2100

**ATTORNEYS FOR PLAINTIFFS**

**ACKNOWLEDGMENT**

The undersigned hereby acknowledges that costs, disbursements and reasonable attorney and witness fees may be awarded pursuant to Minn. Stat. §549.211, to the party against whom the allegations in this pleading are asserted.

______________________
Jerome B. Abrams

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
SIXTH DIVISION

---

Sirti Limited Corp., Court File No. ____________

Plaintiff,

v.

The Travelers Indemnity Company of America and
The Travelers Indemnity Company of Illinois,

Defendants.

**JOINT AND SEPARATE ANSWER OF THE TRAVELERS INDEMNITY COMPANY OF AMERICA AND THE TRAVELERS INDEMNITY COMPANY OF ILLINOIS (JURY TRIAL DEMANDED)**

---

Defendants The Travelers Indemnity Company of America and The Travelers Indemnity Company of Illinois ("Travelers") for their Joint and Separate Answer to the Complaint of the plaintiff, state and allege as follows:

1.

Denies each and every allegation of said Complaint except as is hereinafter stated, qualified, or admitted.

2.

Upon information and belief, admits the allegations contained in Paragraphs 3, 4 and 5 of the Complaint.

3.

Upon information and belief, admits the allegations contained in Paragraph 6, 7, 9 and 10 of the Complaint.

4.

As to Paragraph 8 of the Complaint, affirmatively alleges that Sirti was hired by Seren to perform certain activities as more fully set forth under the terms and conditions of the respective contracts entered into between those two parties, and denies this

EXHIBIT
tabbles
3

paragraph to the extent it contradicts with any of the terms and conditions of such contracts.

5.

Upon information and belief, admits the allegations contained in Paragraph 11 of the Complaint.

6.

Specifically denies Paragraph 12 of the Complaint.

7.

As to Paragraph 13 of the Complaint, admits that Sirti has tendered the defense of certain "Lawsuits" to Travelers and that Travelers has denied coverage for such claims pursuant to the terms and conditions of the insurance contract, which includes, among other things, the "professional services" exclusion, and affirmatively alleges that it has reserved its right to deny coverage for these claims pursuant to any and/or all of the terms and conditions of its insurance policy, and denies the remainder of this Paragraph to the extent it contradicts any such language of the insurance policy or attempt to limit any other appropriate basis for denial of said coverage.

8.

As to Paragraph 14 of the Complaint, alleges that it is without sufficient knowledge or information to form a belief as to whether Sirti has incurred certain costs or fees in defending itself, or that Sirti may be forced to settle lawsuits as alleged, therefore denies same and places plaintiff to its proof thereof.

9.

Specifically denies Paragraphs 15, 16 and 17 of the Complaint.

10.

Specifically denies any breach of contract in its part.

11.

Specifically denies Paragraphs 18, 19 and 20 of the Complaint.

12.

Specifically denies that Sirti is entitled to declaratory judgment determining that Travelers is required to defend or indemnity Travelers for any such "Lawsuits" as alleged herein.

13.

Affirmatively alleges that plaintiff's Complaint fails to state a claim upon which relief can be granted.

14.

Affirmatively alleges that plaintiff has failed to join indispensable parties as required by Rule 19 of the Minnesota Rules of Civil Procedure, Minn. Stat. § 555.11; Rule 57 of the Federal Rules of Civil Procedure and the Declaratory Judgment Act set forth in 28 U.S.C. §2201.

15.

Affirmatively alleges that Travelers' commercial general liability (the "CGL" policy) and commercial excess liability (the "umbrella" policy) do not provide coverage for the claims as asserted against Sirti in the "Lawsuits" pursuant to the terms and conditions of the insuring agreements.

16.

Affirmatively alleges that Travelers is entitled to declaratory judgment determining that Travelers is not required to defend or indemnify Sirti for any expenses, costs, disbursements or attorney fees incurred as of this date, or that it will incur in the future, nor is it as a result of the "Lawsuits," nor is it required to indemnify Sirti for any damages or settlement awards against Sirti in the "Lawsuits."

WHEREFORE, these answering defendants pray that plaintiff take nothing by its Complaint, that the same be dismissed with prejudice, that these answering defendants recover costs and disbursements incurred herein; and, for such other and further relief as the court may deem just.

WHEREFORE, Travelers hereby demands declaratory judgment in its favor, finding that neither The Travelers Indemnity Company of America, nor The Travelers Indemnity Company of Illinois' policies of insurance as defined herein provide or afford coverage for Sirti as a result of the claims that have been alleged in the "Lawsuits," and awarding Travelers its costs and disbursements and for such other and further relief as the court may deem just.

Dated this 3 day of April, 2001.

MURNANE, CONLIN, WHITE & BRANDT
PROFESSIONAL ASSOCIATION

Daniel A. Haws #193501
Attorneys for Defendants
1800 Piper Jaffray Plaza
444 Cedar Street
Saint Paul MN 55101
(651) 227-9411

**ACKNOWLEDGMENT**

The undersigned hereby acknowledges that sanctions may be imposed pursuant to Minn. Stat. §549.211, against the attorney, law firm or party that has violated or is responsible for the violation of Minn. Stat, §549.211, subd. 2.

456736

STATE OF MINNESOTA)
) SS
COUNTY OF RAMSEY )

AFFIDAVIT OF SERVICE
BY UNITED STATES MAIL

Victoria E. Bauer, being first duly sworn, deposes and states that on the 4th day of April, 2001, she served the attached Joint and Separate Answer of The Travelers Indemnity Company of America and The Travelers Indemnity Company of Illinois; Notice of Removal; and Civil Cover Sheet upon:

KYLE E HART ESQ
FABYANSKE WESTRA & HART
SUITE 1100
920 SECOND AVENUE SOUTH
MINNEAPOLIS MN 55402

by depositing true and correct copies thereof in the United States Mail with postage prepaid thereon.

Victoria E. Bauer

On this 4th day of April, 2001, before me a Notary Public within and for said County, personally appeared Victoria E. Bauer, to me known to be the person described in and who executed the foregoing affidavit of service and acknowledged that she executed the same as her free act and deed.

Notary Public

DAWN R. SHIPPEE
NOTARY PUBLIC-MINNESOTA
MY COMMISSION EXPIRES 1-31-2005

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Seren Innovations, Incorporated, Transcontinental Insurance Company, and Continental Casualty Company,

Plaintiffs,

vs.

The Travelers Indemnity Company of America, The Travelers Indemnity Company of Illinois, and Does 1-10,

Defendants.

Court File No. 04-cv-4978

**JOINT ANSWER OF THE TRAVELERS INDEMNITY COMPANY OF AMERICA AND TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA F/K/A THE TRAVELERS INDEMNITY COMPANY OF ILLINOIS**

Defendants, The Travelers Indemnity Company of America and Travelers Property Casualty Company of America f/k/a The Travelers Indemnity Company of Illinois (collectively, "Travelers"), for their Joint Answer to the Complaint of Seren Innovations, Incorporated ("Seren"), Transcontinental Insurance Company ("TIC") and Continental Casualty Company, state and allege as follows:

Deny each and every allegation of said Complaint except as is hereinafter stated, qualified or admitted.

**INTRODUCTION**

1. As to Paragraph 1 of the Complaint, Travelers admits that Travelers denied Seren's tender of defense and indemnity for the reasons more fully set forth in Travelers' denial letters. Answering further, Travelers alleges that the allegations

EXHIBIT
tabbies
4

contained in Paragraph 1 call for legal conclusions and allege facts for which these answering defendants do not have sufficient knowledge or information to form a belief as to the truth of the allegations stated therein, and therefore Travelers denies same and places Plaintiffs to their proof thereof.

2. As to Paragraph 2, Travelers alleges that it does not have sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained therein, and therefore Travelers denies same and places Plaintiffs to their proof thereof.

3. As to Paragraph 3, Travelers alleges that these allegations call for legal conclusions and that it is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained therein, and therefore Travelers denies same and places Plaintiffs to their proof thereof.

4. As to Paragraph 4, Travelers alleges that these allegations call for legal conclusions and that it is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained therein, and therefore Travelers denies same and places Plaintiffs to their proof thereof.

5. As to Paragraph 5, Travelers allege that these allegations call for legal conclusions and that it is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained therein, and therefore Travelers denies same and places Plaintiffs to their proof thereof.

6. As to Paragraph 6, Travelers alleges that these allegations call for legal conclusions and that it is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained therein, and therefore Travelers denies same and places Plaintiffs to their proof thereof.

7. As to Paragraph 7, Travelers alleges that these allegations call for legal conclusions and that it is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained therein, and therefore Travelers denies same and places Plaintiffs to their proof thereof.

## JURISDICTION AND VENUE

8. As to Paragraph 8, Travelers admits these allegations.

9. Travelers affirmatively alleges that Plaintiffs do not include Paragraphs 9 through 13 in any copy of the Complaint, and therefore Travelers cannot respond to these paragraphs.

## FACTUAL ALLEGATIONS

**The coverage:**

10. As to Paragraph 14, Travelers admits that The Travelers Indemnity Company of America issued Commercial General Liability Policy No. DT-CO-368X347-TIA-98 to Sirti Limited Corporation ("Sirti") for a policy period of January 1, 1998 to January 1, 1999 and that Travelers Property Casualty Company of America f/k/a The Travelers Indemnity Company of Illinois issued Commercial Excess Liability ("Umbrella") Policy No. DTSR-CUP-836G636-0-TIL-98 to Sirti, which policies provided coverage subject to the terms, conditions, limitations and exclusions. Answering further, Travelers admits that Seren may have been an additional insured under the aforementioned policies subject to their terms and conditions, limitations and exclusions. Travelers affirmatively denies that the aforementioned policies provide coverage for the allegations contained in the underlying Complaint against Seren and Sirti, which give rise to Plaintiffs' actions in this case.

**The accident:**

11. As to Paragraph 15, Travelers admits that the underlying litigation giving rise to claims by Seren and Sirti for insurance coverage arose out of a gas line explosion that took place in St. Cloud, Minnesota on December 11, 1998, and that four persons were killed, several injured and property damage was caused in the area as a result of the gas line explosion. Travelers alleges that it is without sufficient knowledge or information to form a belief as to the truth or accuracy of the remainder of this paragraph and therefore, denies same and places Plaintiffs to their proof thereof.

12. As to Paragraph 16, Travelers admits the allegations contained in this paragraph based upon information and belief.

13. As to Paragraph 17, upon information and belief, Travelers admits that CCI was the contractor hired to construct and install the network. Answering further, upon information and belief, Travelers admits that Sirti was hired to perform certain design and "post engineering" work, all as more fully defined in the contract documents and testimony of the witnesses. As for the remainder of the paragraph, Travelers alleges that it is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained therein, and therefore denies same and places Plaintiffs to their proof thereof.

14. As to Paragraph 18, Travelers admits that there have been various allegations made against Sirti with respect to its safety obligations, all as more fully set forth in the various underlying Complaints that have been filed. Travelers denies the remainder of this paragraph to the extent the allegations reportedly made against Sirti are not

attributed to any specific underlying complaint, and therefore, Travelers places Plaintiffs to their proof thereof.

15. As to Paragraph 19, Travelers alleges that it is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained therein, and therefore denies same and places Plaintiffs to their proof thereof.

## CAUSES OF ACTION

### COUNT I
### (Breach of Contract/Duty to Defend and Indemnify Seren)

16. As to Paragraph 21, Travelers realleges and reincorporates its allegations, denials and affirmative defenses as set forth in Paragraphs 1 through 20 as though set forth fully herein.

17. As to Paragraph 22, Travelers denies the allegations contained therein.

18. As to Paragraph 23, Travelers denies the allegations contained therein.

19. As to Paragraph 24, Travelers denies the allegations contained therein.

20. As to Paragraph 25, Travelers denies the allegations contained therein.

### COUNT II
### (Seren's Request for Declaratory Relief)

21. As to Paragraph 26, Travelers realleges and reincorporates its allegations, denials and affirmative defenses as set forth in Paragraphs 1 through 25 as though set forth fully herein.

22. As to Paragraph 27, Travelers denies the allegations contained therein.

23. As to Paragraph 28, Travelers denies the allegations contained therein.

24. As to Paragraph 29, Travelers denies the allegations contained therein.

25. As to Paragraph 30, Travelers denies the allegations contained therein.

**COUNT III**
**(TIC's Action for Indemnity and/or Contribution)**

26. As to Paragraph 31, Travelers realleges and reincorporates its allegations, denials and affirmative defenses as set forth in Paragraphs 1 through 30 as though set forth fully herein.

27. As to Paragraph 32, Travelers denies the allegations contained therein.

28. As to Paragraph 33, Travelers denies the allegations contained therein.

**COUNT IV**
**(TIC's Request for Declaratory Relief)**

29. As to Paragraph 34, Travelers realleges and reincorporates its allegations, denials and affirmative defenses as set forth in Paragraphs 1 through 33 as though set forth fully herein.

30. As to Paragraph 35, Travelers denies the allegations contained therein.

31. Travelers affirmatively alleges that the professional services endorsements preclude coverage for Seren as more fully set forth in the relevant policy endorsements, in both the primary and excess policies, Travelers' denial letters and legal memoranda filed in support of Travelers' Motion for Declaratory Judgment in connection with the claims of Sirti as filed in *Sirti v. Travelers,* United States District Court, District of Minnesota, Court File No. 01-587 JMR/FLN.

32. Travelers affirmatively alleges that Seren has primary insurance coverage through TIC and/or Continental and that TIC and/or Continental has primary responsibility for Seren's defense and indemnity in the underlying actions.

33. Travelers affirmatively alleges that neither TIC nor Continental are entitled to contribution or indemnity from Travelers because TIC and/or Continental are or were the primary insurance carriers for Seren.

34. Travelers affirmatively alleges that TIC and Continental have waived any right to seek contribution or indemnity from Travelers for any claims even if they are legally entitled to such relief because certain payments were made prior to them entering into any loan receipt or non-waiver agreement.

35. Travelers affirmatively alleges that Seren has no claim for contribution and/or indemnity and that Seren has no actual damages.

36. Travelers affirmatively alleges that Plaintiffs' claims fail to state a claim upon which relief can be granted.

37. Travelers affirmatively alleges that this Complaint should be dismissed on the grounds that Plaintiffs have failed to join indispensable parties.

38. Travelers affirmatively alleges that it is entitled to a declaration that it neither owes, nor owed, any duty to defend, nor indemnify, Seren for any of the underlying claims in connection with the St. Cloud gas explosion, and that TIC and Continental have no right to contribution and/or indemnity as a matter of law.

WHEREFORE, Travelers prays that Plaintiffs take nothing by their Complaint; that the Complaint be dismissed with prejudice; that Travelers recover costs and disbursements incurred herein; that the Court issue a declaration that Travelers has no duty to indemnify Sirti for the damages alleged in the underlying Complaints or any such damages the "explosion plaintiffs" claim to have suffered in the accident; and for such other and further relief as the court may deem just.

DATED: January 21, 2005.

MURNANE, CONLIN, WHITE & BRANDT
PROFESSIONAL ASSOCIATION

s/Daniel A. Haws
Daniel A. Haws #193501
Attorneys for Defendant The Travelers Indemnity Company of America and Travelers Property Casualty Company of America f/k/a The Travelers Indemnity Company of Illinois
444 Cedar Street, Suite 1800
St. Paul, MN 55101
(651) 227-9411

633671

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

Seren Innovations, Incorporated, et al. v. The Travelers Indemnity Company of America, et al.
Civil No. 04-cv-4978

**CERTIFICATE OF SERVICE**

I hereby certify that on January 21, 2005, I have caused to be electronically filed the following documents:

Joint Answer of The Travelers Indemnity Company of America and Travelers Property Casualty Company of America f/k/a The Travelers Indemnity Company of Illinois

With the Clerk of the Court through ECF, and that ECF will send an e-notice of the electronic filing to the following:

**Jerome B. Abrams**
jeromeabrams@abramsandsmith.com

I further certify that I have caused a copy of the foregoing documents and the notice of electronic filing to be mailed by first class mail, postage paid, to the following non-ECF participants:

DATED: January 21, 2005

MURNANE, CONLIN, WHITE & BRANDT
PROFESSIONAL ASSOCIATION

s/Daniel A. Haws
Daniel A. Haws #193501
Attorneys for Defendants
444 Cedar Street, Suite 1800
St. Paul, MN 55101
(651) 227-9411

637387

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Sirti Limited Corp.,

Plaintiff,

and

Ralph W. Braegelmann, L. Michael Hall, L. Michael Hall, P.A., Monica A. Ims, Judy M. Keller, Mary Jo Mendel, Jacqueline Ploof, The Housing & Redevelopment Authority, Deborah K. Stalboerger, Thomas Sandquist, as Trustee for the Next-of-Kin of Carolyn Sandquist, and Jill K. Weber,

Intervenors,

v.

The Travelers Indemnity Company of America; The Travelers Indemnity Company of Illinois,

Defendants.

**COMPLAINT IN INTERVENTION**

Court File Number: 01-CV-587 (JMR/FLN)

Ralph W. Braegelmann, L. Michael Hall, L. Michael Hall, P.A., Monica A. Ims, Judy M. Keller, Mary Jo Mendel, Jacqueline Ploof, The Housing & Redevelopment Authority, Deborah K. Stalboerger, Thomas Sandquist, as Trustee for the Next-of-Kin of Carolyn Sandquist, and Jill K. Weber, [hereinafter "explosion plaintiffs"] for their complaint in intervention, state and allege as follows:

## INTRODUCTION

1. Plaintiff Sirti [hereinafter "Sirti"] has sued defendants The Travelers Indemnity Company of America and The Travelers Indemnity Company of Illinois [hereinafter "Travelers"] for breach of contract and declaratory judgment seeking to, among other things, establish Sirti's right to defense and indemnity from the Travelers

EXHIBIT 5

with respect to lawsuits commenced against Sirti arising out a natural gas explosion that occurred in St. Cloud, Minnesota on December 11, 1998 [hereinafter "the explosion"].

2. Travelers has denied being obligated to defend or indemnify Sirti based on a "professional services" exclusion in Sirti's commercial, general and excess liability insurance policies.

**PARTIES**

3. At all times pertinent to this action, Sirti was a foreign-based design construction and construction management company with its United States' headquarters located in Tampa, Florida.

4. At all times pertinent to this action, Travelers was a foreign insurance company licensed to do business in the State of Minnesota.

5. Ralph W. Braegelmann was injured in the explosion. He brought suit against Sirti and others to recover for those injuries. Following extensive discovery and shortly before trial. Ralph W. Braegelmann settled his claims against Sirti for $45,907.50 pursuant to a *Miller v. Shugart* settlement agreement. Judgment was entered in his favor against Sirti for $45,907.50 on July 14, 2004. A copy of the Stearns County District Court judgment is attached to the Affidavit of Sharon L. Van Dyck as Exhibit 1.

6. L. Michael Hall suffered damages in the explosion. He brought suit against Sirti and others to recover for those injuries. Following extensive discovery and shortly before trial, L. Michael Hall settled his claims against Sirti for $90,000.00 pursuant to a *Miller v. Shugart* settlement agreement. Judgment was entered in his favor against Sirti for $90,000.00 on July 14, 2004. A copy of the Stearns County

District Court judgment is attached to the Affidavit of Sharon L. Van Dyck as Exhibit 2.

7. L. Michael Hall, P.A. sustained damage as a direct result of the explosion. It brought suit against Sirti and others to recover for that damage. Following extensive discovery and shortly before trial, L. Michael Hall, P.A. settled its claims against Sirti for $25,905.00 pursuant to a *Miller v. Shugart* settlement agreement. Judgment was entered in its favor against Sirti for $25,905.00 on July 14, 2004. A copy of the Stearns County District Court judgment is attached to the Affidavit of Sharon L. Van Dyck as Exhibit 3.

8. Monica A. Ims was injured in the explosion. She brought suit against Sirti and others to recover for those injuries. Following extensive discovery and shortly before trial, Monica A. Ims settled her claims against Sirti for $4,057.50 pursuant to a *Miller v. Shugart* settlement agreement. Judgment was entered in her favor against Sirti for $4,057.50 on July 14, 2004. A copy of the Stearns County District Court judgment is attached to the Affidavit of Sharon L. Van Dyck as Exhibit 4.

9. Judy M. Keller was injured in the explosion. She brought suit against Sirti and others to recover for those injuries. Following extensive discovery and shortly before trial, Judy M. Keller settled her claims against Sirti for $4,057.50 pursuant to a *Miller v. Shugart* settlement agreement. Judgment was entered in her favor against Sirti for $4,057.50 on July 14, 2004. A copy of the Stearns County District Court judgment is attached to the Affidavit of Sharon L. Van Dyck as Exhibit 5.

10. Mary Jo Mendel was injured in the explosion. She brought suit against Sirti and others to recover for those injuries. Following extensive discovery and

shortly before trial, Mary Jo Mendel settled her claims against Sirti for $25,792.50 pursuant to a *Miller v. Shugart* settlement agreement. Judgment was entered in her favor against Sirti for $25,792.50 on August 30, 2004. A copy of the Stearns County District Court judgment is attached to the Affidavit of Sharon L. Van Dyck as Exhibit 6.

11. Jacqueline Ploof was injured in the explosion. She brought suit against Sirti and others to recover for those injuries. Following extensive discovery and shortly before trial, Jacqueline Ploof settled her claims against Sirti for $460,020.00 pursuant to a *Miller v. Shugart* settlement agreement. Judgment was entered in her favor against Sirti for $460,020.00 on July 14, 2004. A copy of the Stearns County District Court judgment is attached to the Affidavit of Sharon L. Van Dyck as Exhibit 7.

12. The Housing and Redevelopment Authority sustained property damage in the explosion. It brought suit against Sirti and others to recover for that damage. Following extensive discovery and shortly before trial, The Housing and Redevelopment Authority settled its claims against Sirti for $7.297.50 pursuant to a *Miller v. Shugart* settlement agreement. Judgment was entered in its favor against Sirti for $7,297.50 on July 14, 2004. A copy of the Stearns County District Court judgment is attached to the Affidavit of Sharon L. Van Dyck as Exhibits 8.

13. Deborah K. Stalboerger was injured in the explosion. She brought suit against Sirti and others to recover for those injuries. Following extensive discovery and shortly before trial, Deborah K. Stalboerger settled her claims against Sirti for $4,057.50 pursuant to a *Miller v. Shugart* settlement agreement. Judgment was entered in her favor against Sirti for $4,057.50 on July 14, 2004. A copy of the

Stearns County District Court judgment is attached to the Affidavit of Sharon L. Van Dyck as Exhibit 9.

14. Carolyn Sandquist died as a result of injuries she suffered in the explosion. Thomas Sandquist was appointed Trustee for her next-of-kin. He brought suit against Sirti and others to recover for Carolyn Sandquist's wrongful death. Following extensive discovery and shortly before trial, Thomas Sandquist settled his claims against Sirti for $750,000.00 pursuant to a *Miller v. Shugart* settlement agreement. An amended judgment was entered in his favor against Sirti for $750,000.00 on August 3, 2004. A copy of the pertinent Stearns County District Court judgment is attached to the Affidavit of Sharon L. Van Dyck as Exhibit 10.

15. Jill K. Weber was injured in the explosion. She brought suit against Sirti and others to recover for those injuries. Following extensive discovery and shortly before trial, Jill K. Weber settled her claims against Sirti for $7,905.00 pursuant to a *Miller v. Shugart* settlement agreement. Judgment was entered in her favor against Sirti for $7,905.00 on July 14, 2004. A copy of the Stearns County District Court judgment is attached to the Affidavit of Sharon L. Van Dyck as Exhibit 11.

## BACKGROUND

### The Policies

16. Between January 1, 1998 and January 1, 1999, Sirti was insured under a commercial general liability insurance policy (Policy No. DT-CO-368X3487-TIA-98) (the "CGL" policy) and a commercial excess liability insurance policy (Policy No. DTSR-CUP-836G636-0-TIL-98) (the "umbrella" policy) issued by Travelers.

### The Project

17. In 1998, Seren Innovations, Inc. ("Seren"), a subsidiary of Northern States Power Company ("NSP"), was engaged in the installation of a cable TV,

telephone and high-speed Internet access system serving Greater St. Cloud, Minnesota (the "project").

18. Seren hired Cable Constructors, Inc. ("CCI") to, among other things, install Seren's cable system.

19. Seren hired Sirti to provide engineering and construction management services for the project.

20. On December 11, 1998, a CCI crew severed a high-pressure natural gas line owned by NSP while installing an anchor for a utility pole on the project.

21. A short time later, leaking gas exploded, killing four people, injuring numerous others, and causing extensive property damage. The "explosion plaintiffs" are among those injured and/or otherwise damaged in the explosion.

**The Underlying Lawsuits**

22. At least 22 lawsuits were filed against Sirti, including the individual lawsuits filed by the explosion plaintiffs.

23. The claims asserted against Sirti by the explosion plaintiffs are covered by Sirti's CGL and umbrella policies with Travelers. Thus Travelers has a duty to indemnify Sirti for those damages.

24. Sirti tendered the defense of the lawsuits to Travelers, but Travelers failed and/or refused to defend or provide coverage for the claims asserted by the explosion plaintiffs. Travelers has stated that its decision not to defend or indemnify Sirti is based on a "professional services" exclusion contained in Sirti's policies with Travelers.

25. The explosion plaintiffs have secured individual judgments against Sirti for the damages they suffered in the explosion in the following amounts:

| | |
|---|---|
| Ralph Braegelman | $45,907.50 |
| L. Michael Hall | $90,000.00 |

| | |
|---|---|
| L. Michael Hall P.A. | $25,905.00 |
| Monica Ims | $4,057.50 |
| Judy Keller | $4,057.50 |
| Mary Jo Mendel | $25,792.50 |
| Jacqueline Ploof | $460,020.00 |
| The Housing & Redevelopment Authority | $7,297.50 |
| Deborah K. Stalboerger | $4,057.50 |
| Thomas Sandquist | $750,000.00 |
| Jill Weber | $7,905.00 |

for a total of $1,425,000.

**COUNTS**

**COUNT I**

**(Breach of Contract)**

26. Paragraphs 1 through 25 are re-alleged and incorporated herein by reference.

27. Travelers' refusal to indemnify Sirti for the judgments the explosion plaintiffs have obtained against Sirti constitutes a breach of contract.

28. The explosion plaintiffs have standing to maintain a breach of contract claim against Travelers for the amounts of those judgments pursuant to the terms of the *Miller v. Shugart* settlement agreement each entered into with Sirti.

29. As a direct and proximate result of Travelers' breach of contract, the explosion plaintiffs have been damaged in the amount of the judgments they have obtained against Sirti. The amounts of those judgments are as set forth below:

| | |
|---|---|
| Ralph Braegelman | $45.907.50 |
| L. Michael Hall | $90,000.00 |
| L. Michael Hall P.A. | $25,905.00 |
| Monica Ims | $4,057.50 |
| Judy Keller | $4,057.50 |
| Mary Jo Mendel | $25,792.50 |
| Jacqueline Ploof | $460,020.00 |
| The Housing & Redevelopment Authority | $7,297.50 |
| Deborah K. Stalboerger | $4,057.50 |

| | |
|---|---|
| Thomas Sandquist | $750,000.00 |
| Jill Weber | $7,905.00 |

The total amount owed by Travelers to the explosion plaintiffs is $1,425,000, an amount substantially in excess of $75,000.

**COUNT II**

**(Declaratory Judgment)**

30. Paragraphs 1 through 29 are re-alleged and incorporated herein by reference.

31. The explosion plaintiffs are entitled to a declaratory judgment determining that Travelers is required to indemnify Sirti for the damages each of them incurred as a result of the explosion, specifically in the amount reflected by the individual judgments against Sirti as set forth below:

| | |
|---|---|
| Ralph Braegelman | $45,907.50 |
| L. Michael Hall | $90,000.00 |
| L. Michael Hall P.A. | $25,905.00 |
| Monica Ims | $4,057.50 |
| Judy Keller | $4,057.50 |
| Mary Jo Mendel | $25,792.50 |
| Jacqueline Ploof | $460,020.00 |
| The Housing & Redevelopment Authority | $7,297.50 |
| Deborah K. Stalboerger | $4,057.50 |
| Thomas Sandquist | $750,000.00 |
| Jill Weber | $7,905.00 |

The total damages affected by the declaration of coverage is $1,425,000, an amount substantially in excess of $75,000.

WHEREFORE, the explosion plaintiffs request:

a) A declaration of the Court that Travelers is obligated to indemnify Sirti for the damages each explosion plaintiff suffered in the accident, in particular, the damages set forth in their individual judgments.

b) Pre and post-judgment interest calculated commencing on the date each underlying judgment was entered.

c) Any other and further relief deemed just and equitable by the Court, or to which the explosion plaintiffs are entitled under the law.

I hereby acknowledge that sanctions may be awarded pursuant to Minn. Stat. § 549.211.

SCHWEBEL GOETZ & SIEBEN, P.A.

By s/Sharon L. Van Dyck
Sharon L. Van Dyck (#183799)
ATTORNEYS FOR THE INTERVENORS
5120 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402-2246
Telephone: 612-344-0417

Dated: September 27, 2004

L. MICHAEL HALL, P.A.

By s/L. Michael Hall
L. Michael Hall (#39792)
ATTORNEYS FOR THE INTERVENORS
1010 West St. Germain, Suite 100
St. Cloud, Minnesota 56301
Telephone: 320-255-1000

Dated: September 27. 2004