**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Sirti Limited Corp.,

Plaintiff,

Ralph W. Braegelmann, et al.

Intervenor Plaintiffs,

v.

The Travelers Indemnity Company of America, et al.,

Defendants.

Civil No. 01-587 JMR/FLN

**SIRTI'S MEMORANDUM IN OPPOSITION TO TRAVELERS' MOTION TO CONSOLIDATE**

---

## I. INTRODUCTION

Sirti initiated this breach of contract and declaratory judgment action against Travelers in March 2001 to, among other things, establish Travelers' obligations to defend and indemnify Sirti from several lawsuits arising out of a natural gas explosion in St. Cloud, Minnesota ("the Lawsuits"). In response to Sirti's tender, Travelers has taken the position that the allegations in the Lawsuits against Sirti are excluded from coverage by the professional services exclusions in the insurance policies. Discovery in this case should have been concluded, and this case should have been ready for trial, in 2002. A number of factors have forestalled that trial, the most recent being the intervention of several plaintiffs in the Lawsuits who entered into *Miller-Shugart* settlements with Sirti. Travelers' motion to consolidate this lawsuit with a lawsuit recently commenced by Seren Innovations should be denied because the requisite common issue of fact and law is absent, because consolidation would not promote judicial economy and convenience, and because consolidation would unfairly prejudice Sirti by delaying the trial in this action.

## II. ARGUMENT

### A. LEGAL STANDARD FOR CONSOLIDATION

Under Rule 42(a) of the Federal Rules of Civil Procedure, the party seeking consolidation has the burden of establishing both of the following factors: (1) that the actions to be consolidated involve "a common question of law or fact;" and (2) that consolidation would "tend to avoid unnecessary costs or delay." Travelers' motion for consolidation should be denied because it cannot establish either of these factors.

### B. The Legal And Factual Issues In The Two Lawsuits Are Different.

Although both Sirti and Seren have brought declaratory judgment actions against Travelers concerning Travelers' duty to defend and indemnify each of them from claims arising out of the Lawsuits, the similarities end there. The legal and factual issues in Sirti's and Seren's actions are distinct. The reason is simple: The nature of the plaintiffs' *allegations* (in the Lawsuits) against Sirti and Seren were different. Sirti was the designer and construction manager on the cable installation project, and Seren was the project owner. The nature of Sirti's and Seren's obligations on the project were different, and their conduct in performing (or not performing) those obligations was different. Because the factual bases for the allegations against Sirti and Seren are necessarily distinct and personal to Sirti and Seren, it follows that the legal analysis of whether the allegations against Sirti are excluded by Travelers' policies (in particular, by the professional services exclusion) would be a separate and distinct analysis from whether the allegations against Seren are excluded by Travelers' policies.

Although the Seren and Sirti actions involve *similar* legal and factual issues, those issues are not *common* and do not justify consolidation under Rule 42(a). In *Powell v. National Football League*, 764 F.Supp. 1351 (D. Minn. 1991), the district court denied the defendant's

motion to consolidate because a fundamental element in one case—the ongoing existence of a collective bargaining agreement—was absent from the other case. *Id.* at 1359. Even though those two cases undeniably shared many issues of law and fact, those issues were not sufficiently common to justify consolidation because the missing "fundamental element" rendered the cases too dissimilar. *Id.*[1] *See also Enterprise Bank v. Saettele*, 21 F.3d 233, 235-36 (8th Cir. 1994) (district court abused its discretion by improperly consolidating two cases, both involving breach of contract claims asserted against the same defendant, because the two cases shared no common factual or legal issues).

**C. Consolidation Would Further Delay the Trial of Sirti's Lawsuit.**

Even if Travelers were able to show that the two cases involve common questions of law or fact, consolidation would still be inappropriate because consolidation would create unnecessary delay to Sirti's trial. As this Court observed in *Chill v. Green Tree Financial Corp.*, 181 F.R.D. 398 (D. Minn. 1998), even assuming there are common questions of law or fact, a court considering a request for consolidation should thoughtfully weigh

> [W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Id.* at 405 (*quoting Cantrell v. GAF*, 999 F.2d 1007, 1011 (6th Cir. 1993)). *See also Madison v. Hennepin County*, 2003 WL 21639221 *1 (D. Minn. 2003) ("The mere fact that a common

[1] Travelers inexplicably cites *Powell* in support of its motion. The other cases cited by Travelers are similarly inapposite. In *Atlantic States Legal Foundation, Inc. v. Koch Refining Co.*, 681 F.Supp. 609, 614-15 (D. Minn. 1988), the district court merely entered an order consistent with the parties' consensus that there should be a limited consolidation of some pre-trial activities. Travelers cites *Popejoy v. Fladung*, 14 F.R.D. 450, 451 (W.D. Mo. 1953) and *Gaines v. Racenet*, 11 F.R.D. 109 (D.C. 1951) for the proposition that this Court should order consolidation even if prejudice and confusion would result. As discussed in the following section, Travelers' proposition that this Court should ignore potential prejudice and confusion is *not* the law in this jurisdiction.

question is present, however, does not mean that consolidation is advisable or that the Court must order it.") Travelers bears the burden of establishing that consolidation would actually promote judicial convenience and economy. *Powell*, 764 F. Supp. at 1359. Most importantly, consolidation is *not* appropriate "if it leads to inefficiency, inconvenience, or unfair prejudice to a party." *Chill* at 405 (*quoting EEOC v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998)). In that regard, "[c]onsolidation may be denied if it will cause delay in the processing of one or more of the individual cases, or lead to confusion or prejudice in the management or trial of the case." *Madison* at *1 (D. Minn. 2003). "Consolidation also may be inappropriate when one of the actions has proceeded further in the discovery process than the other." *Id*. *See also United States Environmental Protection Agency v. City of Green Forest*, 921 F.2d 1394, 1403 (8th Cir. 1990) (affirming district court's refusal to consolidate and recognizing interests of expedition and economy).

Travelers has not demonstrated how consolidation will promote judicial convenience and economy. Although Travelers is involved in both of these actions, the factual basis for the allegations against Sirti and Seren are distinct and the coverage analysis will necessarily be distinct. It is not at all clear how consolidation could promote judicial convenience and economy beyond what has already been accomplished by assigning Seren's action to Judge Rosenbaum.

Moreover, consolidation would unfairly prejudice Sirti by delaying Sirti's trial. The initial trial date for this action, August 2002, has been extended numerous times. The Court's July 2002 order begrudgingly extended the pretrial schedule for the fourth time, establishing the following pertinent deadlines:

- Addition of parties by August 1, 2002;
- Completion of discovery by February 1, 2003;

- Hearing of dispositive motions by March 1, 2003; and
- Trial-ready by April 1, 2003.

That order emphasized that no further extensions would be granted. Pursuant to that schedule, Sirti and Travelers completed their discovery by early by February 2003, and Sirti timely moved for partial summary judgment. This Court granted partial summary judgment for Sirti on October 7, 2003. Travelers' appeal of that decision followed, halting further progress in this action until September 2004, at which time the intervenors moved to intervene. As a result of that intervention, a new pretrial schedule was issued that set new discovery deadlines applicable to intervenors and established a new trial-ready date of April 1, 2006 for Sirti's action.

Sirti does not want the trial in this action, which has already been delayed some four-and-one-half years, to be delayed any further. The consolidation of Sirti's and Seren's actions seriously threatens to further delay Sirti's trial. Because the factual issues pertinent to the coverage analysis in Sirti's and Seren's actions are distinct, Travelers undoubtedly needs to conduct discovery in Seren's action that was not conducted in Sirti's action. Given Sirti's experience with Travelers' successive requests for extensions of the pretrial schedule in Sirti's action, Sirti anticipates that Travelers will make similar requests for extension with regard to the Travelers action. Any such extensions would further delay Sirti's trial. Such delay would be unfair to Sirti and, on that basis, consolidation would be inappropriate.

## III. CONCLUSION

Travelers' motion for consolidation should be denied because the requisite common factual and legal issues are absent and, even if there were sufficient common factual and legal issues, the consolidation would not promote judicial convenience and economy and would unfairly prejudice Sirti by further delaying the trial in Sirti's action.

Dated: June 16, 2005.

**FABYANSKE, WESTRA, HART & THOMSON, P.A.**

By: s/ Stephen A. Melcher

Kyle E. Hart (#159025)
Stephen A. Melcher (#177015)
800 LaSalle Avenue, Suite 1900
Minneapolis, MN 55402
(612) 338-0115

ATTORNEYS FOR SIRTI LIMITED