UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Seren Innovations, Incorporated,
Transcontinental Insurance Company,
and Continental Casualty Company,

Civ. No. 04–4978 (JMR/FLN)
Civ. No. 01–587 (JMR/FLN)

Plaintiffs,

vs.

The Travelers Indemnity Company of
America, The Travelers Indemnity
Company of Illinois, and Does 1–10,

Defendants,

and

Sirti Limited Corp.,

Plaintiff,

Jill K. Weber, Thomas Sandquist, et al.,

Intervenor Plaintiffs,

vs.

The Travelers Indemnity Company of
America and The Travelers Indemnity
Company of Illinois,

Defendants.

---

**DEFENDANTS THE TRAVELERS INDEMNITY COMPANY OF AMERICA AND THE TRAVELERS INDEMNITY COMPANY OF ILLINOIS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL DISCOVERY**

---

## INTRODUCTION

Defendants The Travelers Indemnity Company of America and The Travelers Indemnity Company of Illinois (collectively "Travelers"), pursuant to Rules 26, 33, 34, 36, and 37 of the Federal Rules of Civil Procedure, move the Court for an Order compelling Plaintiffs Seren Innovations, Incorporated ("Seren"), and Transcontinental Insurance Company ("TIC") to provide answers to the discovery requests served upon them on July 18, 2005, as well as supplemental responses to the discovery requests served upon them on July 1, 2005.

On July 1, 2005, Travelers served Seren and TIC with Requests for Admission, Integrated Interrogatories, and Integrated Request for Production of Documents. On July 18, 2005, Travelers served an additional Request for Production of Documents and additional Interrogatories on Seren and TIC. Despite several requests, both verbal and in writing, Seren and TIC have failed to provide any responses to Travelers' July 18, 2005 discovery requests, and have provided wholly insufficient responses to the July 1, 2005 discovery requests. Accordingly, Travelers seeks an Order compelling adequate discovery responses, as well as awarding Travelers attorneys' fees incurred in making this Motion to Compel.

## STATEMENT OF FACTS

### I. TRAVELERS' DISCOVERY REQUESTS TO SEREN AND TIC

On July 1, 2005, Travelers served Seren and TIC with Requests for Admission, Integrated Interrogatories, and Integrated Request for Production of Documents. (See Travelers' Requests for Admission, Integrated Interrogatories and Integrated Request for Production of Documents to Seren and TIC, dated July 1, 2005, attached as

Exhibit 1 to Affidavit of Daniel A. Haws ("Haws Aff.")) On July 18, 2005, Travelers served an additional Request for Production of Documents and additional Interrogatories on Seren and TIC. (See Travelers' Request for Production of Documents to Seren, dated July 18, 2005, and Travelers' Interrogatories to Seren, dated July 18, 2005, attached as Exhibit 2 to Haws Aff.)

## II. SEREN AND TIC FAIL TO TIMELY PRODUCE THE REQUESTED DISCOVERY DESPITE TRAVELERS' GOOD FAITH EFFORTS TO OBTAIN THE DISCOVERY WITHOUT COURT INVOLVEMENT

### A. Travelers' July 18, 2005 Interrogatories And Requests for Production of Documents

Seren and TIC have completely failed to answer Travelers' July 18, 2005 Interrogatories and Requests for Production of Documents. (Haws Aff.) Seren and TIC's failure to answer the discovery is not only contrary to the Federal Rules of Civil Procedure, but contrary to their representations made to this Court during the August 30, 2005 settlement conference that they would provide appropriate responses. (Haws Aff.) Seren's and TIC's responses remain well past due. (Id.)

In an effort to resolve this discovery dispute without court assistance beyond the verbal discussions during the August 30, 2005 settlement conference, Counsel for Travelers wrote to Seren and TIC on September 8, 2005 requesting appropriate discovery responses. (See Correspondence from Daniel Haws to Counsel, dated September 8, 2005, attached as Exhibit 3 to Haws Aff.) To date, Seren and TIC have provided no response to Travelers' discovery requests. (Haws Aff.)

**B. Travelers' July 1, 2005 Requests for Admission, Integrated Interrogatories, and Integrated Request for Production of Documents**

Seren and TIC at least attempted to answer the July 1, 2005 discovery. On August 11, 2005, Travelers received Seren and TIC's "Objections and Responses to [Travelers'] Requests For Admission." (See Plaintiffs' Objections and Responses to Defendants' Requests for Admission, dated August 11, 2005, attached as Exhibit 4 to Haws Aff.) However, upon a cursory review of Seren and TIC's "objections and responses" to the discovery, Travelers' noticed that the responses were evasive or otherwise non-responsive. (See Correspondence from Daniel Haws to Matt Wildermuth and Lynnette Stafford, dated August 16, 2005, attached as Exhibit 5 to Haws Aff.)

On August 16, 2005, Travelers sent a letter to Seren and TIC which outlined many of the inadequacies in the discovery responses. (See Id.) In particular, the letter pointed out that Travelers asked Seren and TIC to provide the basis for any denial or qualified admission with respect to certain responses to the Requests for Admission, but that Seren and TIC for the most part failed to provide any basis for their denials. (See Id.; see also Plaintiffs' Objections and Responses to Defendants' Requests for Admission, dated August 11, 2005, attached as Exhibit 4 to Haws Aff.) The letter also pointed out several pieces of information that Seren and TIC completely failed to provide in their responses, including any information documenting the attorney fees for which Seren and TIC now seek reimbursement from Travelers. (Id.) Seren and TIC have not responded to the August 16, 2005 correspondence, and have never provided any information in response to Travelers requests in the letter. (Haws Aff.)

Travelers has made it clear exactly what information is missing and why it is important to successfully move this case forward. (See Correspondence from Daniel

Haws to Matt Wildermuth and Lynnette Stafford, dated August 16, 2005, attached as Exhibit 5 to Haws Aff.) Despite Travelers repeated attempts to make Seren and TIC comply with their duties of disclosure, Travelers remains in the dark as to much of the information it needs to promptly evaluate the respective positions of the parties in this case.

## DISCUSSION

### I. MOTIONS TO COMPEL DISCOVERY PURSUANT TO RULE 37 OF THE FEDERAL RULES OF CIVIL PROCEDURE

An application for an order compelling a party to respond to discovery shall be made to the court pursuant to Rule 37(a)(1) of the Federal Rules of Civil Procedure. Rule 37 provides as follows:

> (a) A party, upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling disclosure or discovery as follows:
>
> (1) An application for an order to a party shall be made to the court in which the action is pending. An application for an order to a person who is not a party shall be made to the court in the district where the discovery is being, or is to be, taken.
>
> * * *
>
> (2)(B) If a deponent fails to answer a question propounded or submitted under Rules 30 or 31, or a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a), or a party fails to answer an interrogatory submitted under Rule 33, or if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action. When taking a deposition on oral

examination, the proponent of the question may complete or adjourn the examination before applying for an order.

Fed. R. Civ. P. 37(a)(1)–(2).

## II. **THIS COURT SHOULD ISSUE AN ORDER COMPELLING SEREN AND TIC TO PROVIDE RESPONSES TO THE DISCOVERY SERVED UPON THEM BY TRAVELERS ON JULY 18, 2005**

The Federal Rules of Civil Procedure provide that discovery in civil actions may include interrogatories and requests for production of documents. *See* Fed. R. Civ. P. 33 & 34; *see also* Fed. R. Civ. P. 26(b)(1). Rule 33 permits any party to serve any other party with interrogatories to be answered by the party served within thirty days. *See* Fed. R. Civ. P. 33(a)–(b). Similarly, any party may serve on any other party a request to produce, inspect, and copy documents or tangible things which are in the possession, custody, or control of the party upon whom the request is served. *See* Fed. R. Civ. P. 34(a). The party upon whom the request is served shall serve a written response within thirty days of the written request. *See* Fed. R. Civ. P. 34(b).

Here, Travelers served Seren and TIC with a Request for Production of Documents and Interrogatories on July 18, 2005. To date, Seren and TIC have failed to provide any response to these discovery requests sent by Travelers. Travelers therefore respectfully requests that the Court issue an Order compelling Seren and TIC to provide adequate discovery responses within 10 days of the Court's Order.

## III. **THIS COURT SHOULD ISSUE AN ORDER COMPELLING SEREN AND TIC TO PROVIDE ADEQUATE RESPONSES TO THE DISCOVERY SERVED UPON THEM BY TRAVELERS ON JULY 1, 2005**

To the extent that Seren and TIC have responded to the discovery requests served upon them by Travelers on July 1, 2005, the responses have been inadequate, evasive, and incomplete. For the purposes of Rule 37(a) of the Federal Rules of Civil

Procedure, "an evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond."

In this case, Seren and TIC have provided evasive and incomplete answers to most of Travelers' Requests for Admission. The following Requests for Admission and the responses by Seren and TIC clearly prove the point. Each of the following responses was provided in light of an Interrogatory integrated into Travelers' Request for Admissions which stated that:

**INTEGRATED INTERROGATORY**

> In the event that you do not provide an unqualified admission to any of the above requests for admission, with respect to each such refusal, failure to admit, or qualified admission, please state the following:
>
> a. All facts, matters or other circumstances upon which said refusal or failure to admit is based; and
>
> b. The identity of all witnesses that have knowledge of each such fact, matter or other circumstance.
>
> **Admission Request No. 3:** Admit that attached hereto as Exhibit A is a complete copy of the AIA Document B141–1997 Standard Form of Agreement Between Owner and Architect entered into between Seren Innovations, Inc. and Sirti Limited Corp. ("Sirti") made as of March 10, 1998 ("Agreement").
>
> **Response:** Denied.
>
> **Admission Request No. 4:** Admit that the Agreement between Seren and Sirti is the only document wherein Sirti contractually agreed to provide any indemnity to Seren for the St. Cloud project.
>
> **Response:** Denied.
>
> **Admission Request No. 5:** Admit that the specific indemnity agreement entered into between Seren and Sirti is contained on page 16 of the Agreement at Section 1.3.6.16 Indemnity.
>
> **Response:** Denied.

**Admission Request No. 6:** Admit that the indemnity provision in the Agreement does not require Sirti to defend Seren for any claims made against it, nor does it require Sirti to pay any defense fees or expenses incurred in defending Seren for claims made against it.

**Response:** Denied.

**Admission Request No. 10:** Admit that pursuant to the clear and unambiguous terms of the Additional Insured Endorsement, the Additional Insured Endorsement does not provide coverage for liability arising out of the independent acts or omissions of Seren.

**Response:** Denied.

**Admission Request No. 11:** Admit that the only coverage Seren could claim as an additional insured under Travelers' insurance policy is for the vicarious liability claims that could be made against Sirti.

**Response:** Denied.

**Admission Request No. 12:** Admit that Seren has no vicarious liability exposure for any acts or negligence of Sirti, as Seren has resolved all claims made against it with any potential claimants in separate agreements which specifically preserved any of claimants or Plaintiffs' claims against Sirti.

**Response:** Denied.

(See Travelers' Requests for Admission, Integrated Interrogatories and Integrated Request for Production of Documents to Seren and TIC, dated July 1, 2005, attached as Exhibit 1 to Haws Aff.)

In addition to the above examples, Seren and TIC provided the same one word response to Request for Admissions numbers 14, 15, 16, 17, 22, 24, 25, 26, 27, and 28. (See Id.) It is clear that a response such as "denied" does not specify that which Travelers requested, including "[a]ll facts, matters or other circumstances upon which said refusal or failure to admit is based" or "[t]he identity of all witnesses that have knowledge of each such fact, matter or other circumstance." Such evasive and

incomplete responses do nothing to provide Travelers with the information it diligently requested in an effort to move this case forward. Accordingly, Travelers respectfully requests that the Court issue an Order compelling Seren and TIC to provide adequate supplemental discovery responses within 10 days of the Court's Order.

## IV. TRAVELERS' SHOULD BE AWARDED ATTORNEYS' FEES

Rule 37 of the Federal Rules of Civil Procedure permits the Court to award the moving party's expenses, including attorneys' fees, incurred in making the motion to compel discovery. Specifically, Rule 37 provides:

> If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(4).

Here, Travelers made several good faith efforts, both verbal and in writing, to obtain adequate discovery responses from Seren and TIC. Seren and TIC's complete failure to respond to the July 18, 2005, discovery requests served upon them by Travelers is not justified. Seren and TIC's responses to the July 1, 2005, discovery requests are utterly inadequate. As such, Travelers is entitled to attorneys' fees incurred in making its motion compelling discovery responses from Seren and TIC. *See Maddow v. Procter & Gamble Co.*, 107 F.3d 846, 853 (11th Cir. 1997) ("A court must impose attorney's fees and expenses when compelling discovery unless the party was substantially justified in resisting discovery.").

**CONCLUSION**

For the foregoing reasons, Seren and TIC's responses to the discovery served upon them by Travelers are absent, evasive, non–responsive, and/or incomplete. Travelers made good faith, albeit fruitless, attempts to resolve this discovery dispute informally. Accordingly, Travelers asks the Court to issue an Order compelling Seren and TIC to fully respond to the aforementioned discovery requests within 10 days of the Court's Order and awarding Travelers its attorneys' fees and expenses incurred in bringing this motion.

DATED: September 12, 2005

MURNANE BRANDT

s/Daniel A. Haws
Daniel A. Haws #193501
Stacy E. Ertz #0267181
Attorneys for Defendant The Travelers Indemnity Company of America and Travelers Property Casualty Company of America f/k/a The Travelers Indemnity Company of Illinois
30 East Seventh Street, Suite 3200
St. Paul, MN 55101
(651) 227–9411

668880