UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Seren Innovations, Incorporated, Transcontinental Insurance Company, and Continental Casualty Company,

Plaintiffs,

Civ. No. 04–4978 (JMR/FLN)
Civ. No. 01–587 (JMR/FLN)

vs.

The Travelers Indemnity Company of America, The Travelers Indemnity Company of Illinois, and Does 1–10,

Defendants,

and

Sirti Limited Corp.,

Plaintiff,

Jill K. Weber, Thomas Sandquist, et al.,

Intervenor Plaintiffs,

vs.

The Travelers Indemnity Company of America and The Travelers Indemnity Company of Illinois,

Defendants.

---

**DEFENDANTS THE TRAVELERS INDEMNITY COMPANY OF AMERICA AND THE TRAVELERS INDEMNITY COMPANY OF ILLINOIS' MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS FOR FAILURE TO JOIN NECESSARY PARTIES UNDER MINN. STAT. § 555.11**

---

## INTRODUCTION

Defendants The Travelers Indemnity Company of America and The Travelers Indemnity Company of Illinois (collectively "Travelers"), pursuant to Minn. Stat. § 555.11, respectfully move the Court for an Order dismissing this case as both Sirti and Seren have failed to join necessary parties to the declaratory judgment action.

The rights of Evanston Insurance Company ("Evanston") from the Sirti lawsuit and Western National Insurance Company ("Western") and AEIGS from the Seren lawsuit, none of whom is a party to this case, may or will be affected if a judgment is rendered in their absence. Indeed, as to Evanston, their interest has been clearly impacted as evidenced by the fact that it has retained its own counsel to pursue the rights of Evanston separate and apart from Sirti. Accordingly, this case must be dismissed as complete relief cannot be afforded in their absence.

## STATEMENT OF FACTS

### I. THE PROJECT

In 1998, Seren was engaged in the installation of a cable TV, telephone and high speed internet access system serving the greater St. Cloud area. (Sirti Complaint, dated March 26, 2001, attached as Exhibit 1 to the Affidavit of Daniel A. Haws, hereinafter referred to as "Haws Aff.") Seren hired Cable Constructors, Inc. ("CCI") to install Seren's cable system. (Id.) Seren also hired Sirti to provide engineering and construction management services for the St. Cloud project. (Id.)

### II. THE ST. CLOUD GAS EXPLOSION

On December 11, 1998, a CCI crew severed a high pressure natural gas line while installing an anchor for a utility pole on the construction project. (Id.) Shortly

thereafter, the leaking natural gas exploded, killing four people, injuring others and causing extensive property damage. (Id.)

## III. THE UNDERLYING ACTIONS

Twenty-two lawsuits were filed against Sirti by or on behalf of those injured, killed or damaged by the explosion. (Id.) Seren was also sued by those injured, killed or damaged in the explosion. (Seren Complaint, dated December 10, 2004, attached as Ex. 2 to Haws Aff.)

## IV. TRAVELERS DENIAL OF A DUTY TO DEFEND OR INDEMNIFY

Sirti tendered the defense of the lawsuits to Travelers, who denied it had an obligation to defend or provide coverage for the claims asserted against Sirti based on a professional services exclusion contained in Sirti's CGL and Excess insurance policies with Travelers. (Sirti Complaint, attached as Ex. 1 to Haws Aff.) Seren, an additional insured under Sirti's policies of insurance with Travelers, also tendered defense of the underlying actions to Travelers. (Seren Complaint, attached as Ex. 2 to Haws Aff.) Travelers declined to defend or indemnify Seren based upon the terms of its policy, including the professional services exclusion contained in the policies of insurance it issued to Sirti. (Id.)

## V. THE DECLARATORY JUDGMENT LAWSUITS

### A. The Sirti Action

In March 2001, Sirti commenced suit against Travelers alleging that it breached its contract due to its failure to defend and indemnify Sirti in the twenty-two underlying actions. (Sirti Complaint, attached as Ex. 1 to Haws Aff.) As a result, Sirti sought a declaratory judgment from the Court requiring Travelers to indemnify Sirti for any

damages or settlements awarded against Sirti in the underlying cases. (Id.) Sirti also sought compensatory damages, attorneys' fees and pre and post-judgment interest. (Id.)

**B. <u>The Seren Action</u>**

In December 2004, Seren and Transcontinental Insurance Company and Continental Insurance Company ("CNA") commenced a breach of contract and declaratory judgment action against Travelers. (Seren Complaint, attached as Ex. 2 to Haws Aff.) Seren and CNA claim that it is an additional insured under the CGL and Excess insurance policies Travelers issued to Sirti. (Id.) As an additional insured, Seren and CNA claim that Travelers breached a duty to defend and a duty to indemnify Seren with respect to property damage and personal injury lawsuits brought against it as a result of the December 11, 1998 St. Cloud gas explosion. (Id.)

Seren and CNA also seek a judicial declaration that Travelers is obligated under the policies of insurance it issued to Sirti to pay its fair share of the defense of Seren in the underlying actions, as well as its fair share of indemnity payments Seren and/or its insurers incurred to settle the underlying actions. (Id.) Seren also seeks an award of attorneys' fees and costs incurred in prosecuting the declaratory judgment action. (Id.)

**C. <u>Travelers' Answers</u>**

Travelers answered the Complaint of Sirti by admitting that it denied coverage for the defense of the underlying lawsuits against Sirti. (Joint and Separate Answer of The Travelers Indemnity Company of America and The Travelers Indemnity Company of Illinois, dated April 3, 2001, attached as Ex. 3 to Haws Aff.) Travelers affirmatively alleged that the CGL and Excess insurance policies it issued to Sirti do not provide

coverage for the claims asserted by those injured and/or damaged by the explosion against Sirti based on the professional services exclusion. (Id.)

With regard to Seren and CNA's Complaint, Travelers denied that it owed a duty to defend or indemnify Seren, as an additional insured under the Sirti policies, based on the professional services endorsements. (Joint Answer of The Travelers Indemnity Company of America and Travelers Property Casualty Company of America F/K/A The Travelers Indemnity Company of Illinois, dated January 21, 2005, attached as Ex. 4 to Haws Aff.)

## VI. UNNAMED PARTIES WHOSE RIGHTS MAY BE AFFECTED BY THE DECLARATORY JUDGMENT LAWSUITS

### A. The Sirti Action—Evanston

At the time of the explosion, in addition to the Commercial General Liability policies issued by Travelers, Sirti had a professional liability policy issued by Evanston. (See Evanston policy attached as Exhibit 5 to Haws Aff.) Sirti tendered defense of the underlying lawsuits to Evanston at the same time it tendered defense to Travelers. (See Loan Receipt Agreement attached as Exhibit 6 to Haws Aff.) Evanston accepted the tender and defended Sirti until Evanston's $1,000,000.00 depleting policy limits were exhausted by payment of attorney's fees. (Id.; see also Haws Aff.) The Evanston insurance payments were made to Sirti pursuant to a Loan Receipt Agreement. (See Loan Receipt Agreement attached as Exhibit 6 to Haws Aff.)

As a result of Evanston allegedly exhausting its policy limits, the underlying Plaintiffs were advised that Sirti had no other insurance coverage from which to recover other than Travelers'. (Haws Aff.) It is believed that, based upon the representation from Sirti and Evanston that Evanston's policy was exhausted, Plaintiffs entered into

*Miller-Shugart* settlement agreements with Sirti agreeing to pursue Travelers' policies of insurance. (Id.)

Through the loan receipt agreement entered into between Evanston and Sirti, Evanston is currently seeking reimbursement from Travelers of the $1,000,000.00 it paid to defend Sirti. (Id.) Evanston is taking the position that Travelers was primary on the duty to defend and therefore is seeking complete reimbursement. (Id.) Yet, Evanston is **not** a party to this lawsuit.

Additionally, once Evanston and Sirti represented that its policy was exhausted, and after Plaintiffs entered into the *Miller-Shugart* agreements, Evanston claimed that it no longer had any exposure or obligation to pay the underlying Plaintiffs. Now, in this declaratory judgment action, Evanston, not a party, brought counsel to a settlement conference seeking reimbursement of its $1,000,000.00 policy limit. (Id.) With parties seeking indemnity from Sirti in amounts far in excess of Travelers' $3,000,000.00 policy limits, it is clear that the settlements orchestrated by Sirti and Evanston were done with possibly a specific goal, certainly the result, which would allow Evanston to insulate its policy from indemnity payments otherwise due under its policy, while at the same time claiming reimbursement from Travelers for "defense fees" paid by Evanston.

No matter what the intent or goal of Sirti and Evanston was, Evanston's claim for reimbursement of the $1,000,000.00 it paid out under the insurance policy to Sirti is now being sought from Travelers. (Id.) Evanston has made appearances at the settlement conference seeking reimbursement from Travelers when it is in Evanston's interest to do so for amounts paid out to Sirti. (Id.) It is clear that Sirti does not control this claim and Evanston must be a party.

### B. The Seren Action—Western and AEIGS

At the time of the explosion, Seren not only had alleged coverage under policies issued by Travelers, Transcontinental Insurance Company ("TIC"), and Continental Casualty Company ("CCC"), but also had alleged coverage under policies issued by Western and AEIGS. (See Seren's Supplemental Objections and Responses to Travelers' Requests for Admission, attached as Exhibit 7 to Haws Aff.)

## DISCUSSION

### I. THE LAW—FAILURE TO JOIN NECESSARY PARTIES UNDER MINN. STAT. § 555.11

The Minnesota Declaratory Judgment Act authorizes the courts to declare rights, status, and other legal relations that are affected by a contract. Minn. Stat. §§ 555.01, 555.02. Before such rights can be declared, however, "all persons potentially affected by a declaratory judgment action must be made parties to the action." *Cincinnati Ins. Co. v. Franck*, 621 N.W.2d 270, 274 (Minn.Ct.App. 2001). Significantly, Minn. Stat. § 555.11 states:

> When declaratory relief is sought, **all persons shall be made parties** who have or claim any interest which would be affected by the declaration. . . .

Id. (Emphasis added.) The plain language of the statute clearly indicates that the joinder of all necessary parties allows for an efficient and final determination of the controversy. *Franck*, 621 N.W.2d at 275. In this regard, "[T]he court may refuse to render or enter a declaratory judgment or decree where such judgment or decree would not terminate the uncertainty or controversy giving rise to the proceeding." Minn. Stat. § 555.06.

## II. **<u>THE SIRTI CASE MUST BE DISMISSED AS SIRTI HAS FAILED TO JOIN NECESSARY PARTIES</u>**

Sirti is seeking a declaration that Travelers indemnify Sirti for any damages or settlements awarded against Sirti in the underlying cases. (Sirti Complaint, attached as Ex. 1 to Haws Aff.) Sirti also seeks compensatory damages and attorneys' fees incurred by Sirti from Travelers in an amount totaling approximately $1,600,000.00 for attorney fees it claimed to incur in defending the underlying action, and approximately $300,000.00 for attorney fees related to the declaratory judgment action. However, of Sirti's alleged $1,600,000.00 in defense fees, $1,000,000.00 was paid by Evanston. (Id.)

Like Sirti, Evanston, through its own counsel, seeks $1,000,000.00 in attorneys' fees from Travelers that Evanston paid defending Sirti in the underlying actions prior to its limits of insurance being exhausted. (Haws Aff.) However, as became clear at the settlement conference with Magistrate Judge Noel, Sirti has no control over the Evanston claim even though the subrogation claim is being pursued under the guise of a Loan Receipt Agreement. Evanston has separate counsel and has negotiated for its own interest, apart from Sirti. Thus, both Sirti and Evanston are seeking attorneys' fees from Travelers.

Evanston is clearly a party with an interest in any declaration by this Court as to whether Sirti is entitled to attorneys' fees from Travelers because the declaration will certainly affect Evanston. Yet, Evanston is **<u>not</u>** a party to this lawsuit in violation of Minn. Stat. § 555.11. Because Evanston is not a party to this lawsuit, complete relief cannot be afforded and the case should be dismissed. *See* Minn. Stat. §§ 555.06 and 555.11.

## III. THE SEREN CASE MUST BE DISMISSED AS SEREN HAS FAILED TO JOIN NECESSARY PARTIES

Seren is seeking a declaration that Travelers is obligated to pay Seren's fair share of the defense of Seren in the underlying actions. (Seren Complaint, attached as Ex. 2 to Haws Aff.) Seren seeks indemnity dollars from Travelers as well. (Id.)

Seren, however, has finally admitted it also had coverage for the gas explosion under policies issued by Western and AEIGS. (See Seren's Supplemental Responses to Travelers' Request to Admit, attached as Exhibit 7 to Haws Aff.) Western and AEIGS may be responsible for some or all damages that Seren seeks in its declaratory judgment action against Travelers. Yet, neither AEIGS nor Western is a party to this lawsuit. Certainly complete relief cannot be afforded to Seren and Travelers without Western and AEIGS being a party to this case. Indeed, if this case would proceed without Western and AEIGS, the rights and obligations between the various parties will remain undetermined and will likely result in more lawsuits in violation of the Uniform Declaratory Judgment Acts and Rule 1 of the Minnesota Rules of Civil Procedure. *See* Minn. Stat. §§ 555.06 and 555.11; *see also* Minn.R.Civ.P. 1 (the rules shall be construed to secure the just, speedy, and inexpensive determination of every action.) Accordingly, this case should be dismissed as Seren has failed to join necessary parties in violation of Minn. Stat. § 555.11.

## CONCLUSION

This Court should dismiss this case as both Sirti and Seren have failed to join necessary parties to the declaratory judgment action as required by Minn. Stat. § 555.11. The rights of absent parties Evanston, Western, and AEIGS may be affected if

a judgment is rendered in their absence. Accordingly, dismissal of the cases brought by Sirti and Seren is appropriate.

DATED: 1/4/06

MURNANE BRANDT

s/ Daniel A. Haws

Daniel A. Haws #193501
Stacy E. Ertz #0267181
Attorneys for Defendant Travelers
30 East Fourth Street, Suite 3200
St. Paul, MN 55101
(651) 227-9411

678790