UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Seren Innovations, Incorporated,
Transcontinental Insurance Company,
and Continental Casualty Company,

Civ. No. 04–4978 (JMR/FLN)
Civ. No. 01–587 (JMR/FLN)

Plaintiffs,

vs.

The Travelers Indemnity Company of
America, The Travelers Indemnity
Company of Illinois, and Does 1–10,

Defendants,

and

Sirti Limited Corp.,

Plaintiff,

Jill K. Weber, Thomas Sandquist, et al.,

Intervenor Plaintiffs,

vs.

The Travelers Indemnity Company of
America and The Travelers Indemnity
Company of Illinois,

Defendants.

---

**AFFIDAVIT OF DANIEL A. HAWS**

---

**STATE OF MINNESOTA)**
**) SS**
**COUNTY OF RAMSEY )**

DANIEL A. HAWS, being first duly sworn upon oath, deposes and states as follows:

1. I am one of the attorneys from the law firm of Murnane Brandt, representing Defendant The Travelers Indemnity Company of America and The Travelers Indemnity Company of Illinois ("Travelers") in the above-captioned matter.

2. Attached hereto as Exhibit 1 is a true and correct copy of the Complaint of Sirti Limited Corp. ("Sirti"), dated March 26, 2001.

3. Attached hereto as Exhibit 2 is a true and correct copy of the Complaint of Seren Innovations, Inc. ("Seren"), dated December 10, 2004.

4. Attached hereto as Exhibit 3 is a true and correct copy of the Joint and Separate Answer of The Travelers Indemnity Company of America and The Travelers Indemnity Company of Illinois, dated April 3, 2001.

5. Attached hereto as Exhibit 4 is a true and correct copy of the Joint Answer of The Travelers Indemnity Company of America and Travelers Property Casualty Company of America F/K/A The Travelers Indemnity Company of Illinois, dated January 21, 2005.

6. Attached hereto as Exhibit 5 is a true and correct copy of the Evanston Insurance Company ("Evanston") professional liability policy issued to Sirti, Policy No. PJ800041 for period May 15, 1998 to May 15, 1999.

7. Attached hereto as Exhibit 6 is a true and correct copy of the April 2000 Loan Receipt Agreement between Sirti and Evanston.

8. Attached hereto as Exhibit 7 is a true and correct copy of Seren's Supplemental Objections and Responses to Travelers' Requests for Admission.

9. Counsel for Sirti and Evanston have represented that Evanston accepted Sirti's tender of defense and defended Sirti until Evanston's $1,000,000.00 depleting policy limits were exhausted by payment of attorney's fees.

10. Upon information and belief, as a result of Evanston allegedly exhausting its policy limits, the underlying Plaintiffs were advised that Sirti had no other insurance coverage from which to recover other than Travelers'. It is believed that, based upon the representation from Sirti and Evanston that Evanston's policy was exhausted, Plaintiffs entered into *Miller-Shugart* settlement agreements with Sirti agreeing to pursue Travelers' policies of insurance.

11. Upon information and belief, through a loan receipt agreement entered into between Evanston and Sirti, Evanston is currently seeking reimbursement from Travelers of the $1,000,000.00 it allegedly paid to defend Sirti. Evanston is taking the position that Travelers was primary on the duty to defend and therefore is seeking complete reimbursement.

12. Like Sirti, Evanston, through its own counsel, seeks $1,000,000.00 in attorneys' fees from Travelers that Evanston paid defending Sirti in the underlying actions prior to its limits of insurance being exhausted.

13. Evanston, through its own counsel, appeared at a recent settlement conference seeking reimbursement of its $1,000,000.00 policy limit.

s/Daniel A. Haws
Daniel A. Haws

Subscribed and sworn to before me

this 4th day of January, 2006.

s/Cheryl A. Miller
Notary Public

682349