# LOAN RECEIPT AGREEMENT

This Agreement ("Agreement") is by and between Sirti Limited Corporation ("Sirti") and Evanston Insurance Company ("Evanston").

WHEREAS, Evanston issued Sirti a professional liability policy (Policy No. PJ800041) with an initial policy period from May 15, 1998 to May 15, 1999; and

WHEREAS, numerous claims and/or lawsuits (the "Claims") have been asserted against Sirti as a result of a natural gas explosion which occurred on December 11, 1998, in St. Cloud, Minnesota; and

WHEREAS, Sirti has tendered the defense of the Claims to Evanston as well as to Travelers Insurance ("Travelers"), Sirti's CGL and umbrella carrier; and

WHEREAS, Evanston has accepted Sirti's tender of defense of the Claims subject to a reservation of rights; and

WHEREAS, Travelers has refused Sirti's tender of defense of the Claims; and

WHEREAS, Sirti and Evanston desire to enter into an agreement which permits Evanston to pay for Sirti's defense costs subject to the terms, conditions and limitations of Policy No. PJ800041, without prejudice to Sirti's and/or Evanston's right to seek to force Travelers to bear a share of the cost of defending Sirti from the Claims;

NOW, THEREFORE, Sirti and Evanston agree as follows:

1. Evanston agrees to loan Sirti the reasonable cost of defending the Claims as such costs are incurred by Sirti, subject to the terms, conditions and limitations of Policy No. PJ800041.

2. Sirti agrees to pursue a claim against Travelers in the name of and for the use and benefit of both Sirti and Evanston seeking to force Travelers to share in the cost of defending Sirti from the Claims. Sirti further agrees to reimburse Evanston any and all amounts it recovers from Travelers, if anything, in satisfaction of Travelers' obligation to share in the cost of defending Sirti from the Claims.

3. Evanston, agrees that all amounts reimbursed to Evanston by Sirti under this Agreement shall be applied to the depleted policy limits available to Sirti under Policy No. PJ800041.

4. Evanston agrees that, in the event that Sirti is unsuccessful in forcing Travelers to share in the cost of defending Sirti from the Claims, then Sirti shall have no obligation to reimburse Evanston the amounts loaned Sirti under this Agreement.

EXHIBIT
tabbies
6

5. Evanston and Sirti agree that nothing in this Agreement is intended to alter the terms, conditions and limitations in Policy No. PJ800041, except as expressly set forth herein, and that the sole purpose of this Agreement is to preserve Sirti's and/or Evanston's right to pursue a claim against Travelers for a share of the cost of defending Sirti from the Claims.

6. Evanston and Sirti agree that this Agreement is integrated, was subject to mutual negotiation and drafting, may not be modified unless done so in a writing signed by an authorized representative of each party, and shall be construed and interpreted in accordance with the law governing Policy No. PJ800041.

Dated: 4/24/2000, ~~1999~~

SIRTI LIMITED CORPORATION

By [signature]

Its Director of US Operations

Dated: April 18, 2000, ~~1999~~

EVANSTON INSURANCE COMPANY

By [signature]

Its attorney

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

SEREN INNOVATIONS, INCORPORATED, TRANSCONTINENTAL INSURANCE COMPANY, and CONTINENTAL CASUALTY COMPANY,

Plaintiffs,

vs.

THE TRAVELERS INDEMNITY COMPANY OF AMERICA, THE TRAVELERS INDEMNITY COMPANY OF ILLINOIS, AND DOES 1-10,

Defendants.

CASE NO.: 04-CV-4978 (JMR-FLN) **(CONSOLIDATED)**

---

SIRTI LIMITED CORPORATION,

Plaintiff,

JILL K. WEBER and THOMAS SANDQUIST, et al.,

Intervenor Plaintiffs,

vs.

THE TRAVELERS INDEMNITY COMPANY OF AMERICA and THE TRAVELERS INDEMNITY COMPANY OF ILLINOIS,

Defendants.

CASE NO.: 01-587 (JMR-FLN)

**PLAINTIFFS' SUPPLEMENTAL OBJECTIONS AND RESPONSES**
**TO DEFENDANTS' REQUESTS FOR ADMISSION**

Plaintiffs SEREN INNOVATIONS INCORPORATED ("Seren"), TRANSCONTINENTAL INSURANCE COMPANY ("Transcontinental") and CONTINENTAL CASUALTY COMPANY ("Continental"), (collectively, "Plaintiffs"), by and

EXHIBIT 7

through their undersigned counsel, state as follows for their Supplemental Objections and Responses to the Requests for Admission, Integrated Interrogatories and Integrated Requests for Production of Documents (hereinafter, the "Requests") propounded by Defendants THE TRAVELERS INDEMNITY COMPANY OF AMERICA and THE TRAVELERS INDEMNITY COMPANY OF ILLINOIS (collectively, "Travelers"):

**SUPPLEMENTAL OBJECTIONS AND RESPONSES**

3. Admit that attached hereto as Exhibit A is a complete copy of the AIA Document B141-1997 Standard Form of Agreement Between Owner and Architect entered into between Seren Innovations, Inc. and Sirti Limited Corp. ("Sirti") made as of March 10, 1998 ("Agreement").

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 3:** Denied. AIA Document B141-1997 Standard Form of Agreement between Owner and Architect ("Document B141") which forms part of the complete agreement that Seren and Sirti Limited Corporation ("Sirti") entered into on March 10, 1998 (the "Sirti Agreement") expressly incorporates a series of documents which are identified by italics in the following excerpts from Document B141 but are not included as part of Exhibit A attached to Travelers' Requests:

* * *

1.1.4 When the service under this Agreement include contract administration services, the General Conditions of the Contract for Construction shall be the edition of *AIA Document A201* current as of the date of this Agreement or as follows:

* * *

1.4.1.2 . . . :

*See attached Exhibit A entitled "Architect's Scope of Work"*. It is the intention of the Owner and Architect to have Exhibit A complement, supplement and more fully describe the Services identified and described on page 2 of the Agreement.

1.4.1.3 *Other Documents as follows*:

Exhibit B – Architect's price schedule
Exhibit C – Change order Authorization Form
Exhibit D – Contract Schedule
Exhibit E – General Engineering Workflow (Quality Control Procedures)
Exhibit F – Project Boundaries

* * *

*See* Travelers' Requests, Exhibit A at pp. 3 and 24. Plaintiffs have not yet decided whom, if any, witness(es) they will produce during trial concerning the issues raised by this Request. Plaintiffs will identify any such witnesses in accordance with the scheduling order issued by the Court.

4. Admit that the Agreement between Seren and Sirti is the only document wherein Sirti contractually agreed to provide any indemnity to Seren for the St. Cloud project.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 4:** Plaintiffs admit that in the Sirti Agreement at Document B141 §1.3.6.16, Sirti contractually agreed to indemnify Seren for losses arising from an explosion that occurred (the "Explosion") during the construction of a two-way fiber-optic cable network in St. Cloud Minnesota in 1998 (the "Project"). Document B141 expressly incorporates AIA Document A201-1997 ("Document A-201") into the Sirti Agreement, and at §3.18.1 of Document A201, Sirti also agreed to indemnify Seren for losses arising during the Project, as follows:

* * *

> 3.18.1 To the fullest extent permitted by law and to the extent claims, damages, losses or expenses are not covered by Project Management Protective Liability insurance purchased by the Contractor in accordance with Section 11.3, the Contractor shall indemnify and hold harmless the Owner, Architect, Architect's consultants, and agents and employees of any of them from and against claims, damages, losses and expenses, including but not limited to attorneys' fees, arising out of or resulting from performance of the work, provided that such claim, damage, loss or expense is attributable to bodily injury, sickness, disease or death, or to injury to or destruction of tangible property (other than the Work itself), but only to the extent caused by the negligent acts or omissions of the Contractor, a Subcontractor, anyone directly or indirectly employed by them or anyone for whose acts they may be liable, regardless or whether or not such claim, damage, loss or expense is caused in part by a party indemnified hereunder. Such

> obligation shall not be construed to negate, abridge, or reduce other rights or obligations of indemnity which would otherwise exist as to a party or person described in this Section 3.18.

* * *

Plaintiffs have not yet decided whom, if any, witness(es) they will produce during trial concerning the issues raised by this Request. Plaintiffs will identify any such witnesses in accordance with the scheduling order issued by the Court.

5. Admit that the specific indemnity agreement entered into between Seren and Sirti is contained on page 16 of the Agreement at Section 1.3.6.16 Indemnity.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 5:** Plaintiffs object to this Request because the Request, itself, is vague and ambiguous. Subject to and notwithstanding Plaintiffs' objections, Plaintiffs admit that the Sirti Agreement includes indemnity provisions in Document B141 at §1.3.6.16 and in Document A201 at §§3.18.1, 3.18.2 and 10.3.3. Plaintiffs have not yet decided whom, if any, witness(es) they will produce during trial concerning the issues raised by this Request. Plaintiffs will identify any such witnesses in accordance with the scheduling order issued by the Court.

6. Admit that the indemnity provision in the Agreement does not require Sirti to defend Seren for any claims made against it, nor does it require Sirti to pay any defense fees or expenses incurred in defending Seren for claims made against it.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 6:** Plaintiffs object to this Request because the Request, itself, is vague and ambiguous, is compound, seeks a legal conclusion and seeks information that is protected from disclosure by the attorney-client and work-product privileges. Subject to and notwithstanding Plaintiffs' objections, denied. Plaintiffs' denial is supported by the Sirti Agreement at Document A201 §3.18.1, which states as follows:

* * *

> 3.18.1 To the fullest extent permitted by law and to the extent claims, damages,

> losses or expenses are not covered by Project Management Protective Liability insurance purchased by the Contractor in accordance with Section 11.3, the Contractor shall indemnify and hold harmless the Owner, Architect, Architect's consultants, and agents and employees of any of them from and against claims, damages, losses and expenses, including but not limited to attorneys' fees, arising out of or resulting from performance of the work, provided that such claim, damage, loss or expense is attributable to bodily injury, sickness, disease or death, or to injury to or destruction of tangible property (other than the Work itself), but only to the extent caused by the negligent acts or omissions of the Contractor, a Subcontractor, anyone directly or indirectly employed by them or anyone for whose acts they may be liable, regardless or whether or not such claim, damage, loss or expense is caused in part by a party indemnified hereunder. Such obligation shall not be construed to negate, abridge, or reduce other rights or obligations of indemnity which would otherwise exist as to a party or person described in this Section 3.18.

* * *

Plaintiffs have not yet decided whom, if any, witness(es) they will produce during trial concerning the issues raised in this Request. Plaintiffs will identify any such witnesses in accordance with the scheduling order issued by the Court.

10. Admit that pursuant to the clear and unambiguous terms of the Additional Insured Endorsement, the Additional Insured Endorsement does not provide coverage for liability arising out of the independent acts or omissions of Seren.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 10:** Plaintiffs object to this Request because the Request, itself, is vague and ambiguous, is compound, seeks a legal conclusion and seeks information that is protected from disclosure by the attorney-client and work-product privileges. Subject to and notwithstanding their objections, the provisions and conditions of the Endorsement attached as Exhibit B to Travelers' Requests speak for themselves and provide coverage to Seren in accordance with the definitions and terms of the general liability insurance policy that Travelers issued to Sirti bearing Policy No. DT-CO-36BX3487-TIA-98 (the "Travelers Primary Policy") and as courts applying applicable law construe the terms of that Policy. Plaintiffs further state that, on its face, the Endorsement purports to limit the amount of

insurance coverage provided for the benefit of Seren to $1 million (the amount required by the Contract) but further state that applicable law might dictate a different result in the event the parties litigate this issue to an ultimate outcome. Plaintiffs have not yet decided whom, if any, witness(es) they will produce during trial concerning the issues raised by this Request. Plaintiffs will identify any such witnesses in accordance with the scheduling order issued by the Court.

11. Admit that the only coverage Seren could claim as an additional insured under Travelers' insurance policy is for the vicarious liability claims that could be made against Sirti.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 11:** Plaintiffs object to this Request because it seeks a legal conclusion and information that is protected from disclosure by the attorney-client and work-product privileges. Subject to and notwithstanding Plaintiffs' objections, denied. At the time of this Supplemental Response, Plaintiffs are not aware of any legal authority under Minnesota law construing terms that are identical or substantially similar to those contained in the Endorsement attached as Exhibit B to Travelers' Requests that limits coverage in the manner asserted by this Interrogatory. Plaintiffs have not yet decided whom, if any, witness(es) they will produce during trial concerning the issues raised by this Request. Plaintiffs will identify any such witnesses in accordance with the scheduling order issued by the Court.

12. Admit that Seren has no vicarious liability exposure for any acts or negligence of Sirti, as Seren has resolved all claims made against it with any potential claimants in separate agreements which specifically preserved any of claimants or Plaintiffs' claims against Sirti.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 12:** Plaintiffs object to this Request because it seeks a legal conclusion and information that is protected from disclosure by the attorney-client and work-product privileges. Subject to and notwithstanding Plaintiffs' objections, Plaintiffs deny that "all claims . . . with any potential claimants" have been resolved,

although Plaintiffs presently are not aware of any potential claims. Further, subject to Plaintiffs' objections, Plaintiffs admit that Seren's derivative exposure for Sirti's liability, if any, is an issue of fact and of law to be decided by the Court based on, among other things, the terms of the policies Travelers issued to Sirti. Plaintiffs have not yet decided whom, if any, witness(es) they will produce during trial concerning the issues raised by this Request. Plaintiffs will identify any such witnesses in accordance with the scheduling order issued by the Court.

14. Admit that the professional services exclusion to the Additional Insured Endorsement precludes coverage to Seren for any and all Claims arising out of either Sirti or Seren's professional services provided on the St. Cloud project.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 14:** Plaintiffs object to this Request because the Request, itself, is vague and ambiguous, is compound, seeks a legal conclusion and seeks information that is protected from disclosure by the attorney-client and work-product privileges. Subject to and notwithstanding their objections, the provisions and conditions of the Endorsement attached as Exhibit B to Travelers' Requests speak for themselves and provide coverage to Seren in accordance with the Travelers Primary Policy and as courts construing applicable law construe the terms of that Policy. To the extent this Interrogatory contends that the Endorsement bars coverage to Seren for Sirti's conduct that was not in the nature of professional services, Plaintiffs deny same. Plaintiffs have not yet decided whom, if any, witness(es) they will produce during trial concerning the issues raised by this Request. Plaintiffs will identify all such witnesses in accordance with the scheduling order issued by the Court.

15. Admit that Seren has no documentation or evidence to establish indemnity payments made by Seren, or anyone on its behalf, to settle claims made by Plaintiffs for Seren's exposure specifically or independently, as opposed to settlements made jointly by Seren and Cable Contractors Inc. ("CCI").

**SUPPLEMENT RESPONSE TO REQUEST NO. 15:** Plaintiffs object to this Request because the Request demands information that is not reasonably calculated to lead to the

discovery of admissible evidence in accordance with the applicable rules of civil procedure. Subject to and notwithstanding Plaintiffs' objection, denied. Seren is in possession of documentation to establish payments it made independently and in its own behalf and separate from indemnity payments Transcontinental and Continental made on Seren's behalf to settle lawsuits in which property damage and personal injury claims were asserted against Seren to recover for losses that occurred during the Explosion (the "St. Cloud Suits"). Seren is also in possession of documentation to establish indemnity payments AEGIS and Western National Insurance Company ("Western National") made on Seren's behalf to settle St. Cloud Suits. Settlement agreements Seren, AEGIS and Western National made to settle damage claims arising from the Explosion independent of settlement agreements Transcontinental and Continental Casualty entered into on Seren's behalf concerning the St. Cloud Suits are confidential and will require an order of the Court prior to disclosure. Plaintiffs have not yet decided whom, if any, witness(es) they will produce during trial concerning the issues raised by this Request. Plaintiffs will identify any such witnesses in accordance with the scheduling order issued by the Court.

16. Admit that any settlement agreement reached between plaintiffs or claimants and Seren included amounts or payments which extinguished or released plaintiffs' claims for punitive damages against Seren.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 16:** Denied. Certain agreements through which settlement amounts were paid on Seren's behalf to resolve St. Cloud suits did not extinguish punitive damage claims against Seren. Plaintiffs have not yet decided whom, if any, witness(es) they will produce during trial concerning the issues raised by this Request. Plaintiffs will identify any such witnesses in accordance with the scheduling order issued by the Court.

17. Admit that Seren did not segregate or relocate [sic] any specific amounts of its settlements with plaintiffs to punitive damages, independent acts and negligence by Seren or any vicarious liability exposure to Seren for the acts of Sirti.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 17:** Admitted.

22. Admit that Seren's own insurance company had a duty to provide a defense and indemnity for any and all claims for bodily injury or property damage made against Seren as its primary commercial general liability insurance carrier for claims arising out of the St. Cloud gas explosion.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 22:** Denied. Sirti and CCI agreed by contract to secure insurance policies that provided primary insurance coverage for certain of Seren's acts and omissions. Plaintiffs have not yet decided whom, if any, witness(es) they will produce during trial concerning the issues raised in this Request. Plaintiffs will identify any such witnesses in accordance with the scheduling order issued by the Court.

24. Admit that pursuant to the clear and unambiguous terms of the Travelers Additional Insured Endorsement, any coverage that could arguably provide coverage to Seren as an additional insured under the blanket Additional Insured Endorsement would be deemed excess to any other insurance which provided coverage to Seren.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 24:** Plaintiffs object to this Request because it is compound, seeks a legal conclusion and seeks information that is protected from disclosure as work-product. Subject to and notwithstanding Plaintiffs' objections, denied. Provisions in the Travelers Primary Policy, including but not limited to the following provision, support Plaintiffs' denial:

SECTION IV – COMMERCIAL GENERAL LIABILITY

* * *

7. SEPARATION OF INSUREDS

Except with respect to the Limits of Insurance, and any rights or duties specifically assigned in this Coverage Part to the first Named Insured, this insurance applies:

a. As if each Named Insured were the only Named Insured; and

b. Separately to each insured against whom claim is made or "suit" is brought.

* * *

Plaintiffs have not yet decided whom, if any, witness(es) they will produce during trial concerning the issues raised by this Request. Plaintiffs will identify any such witnesses in accordance with the scheduling order issued by the Court.

25. Admit that pursuant to the clear and unambiguous terms of the blanket Additional Insured Endorsement issued by Travelers to Sirti, Travelers does not owe Seren any duty to defend any Claims brought against Seren as a result of the St. Cloud gas explosion.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 25:** Plaintiffs object to this Request because it is compound, seeks a legal conclusion and seeks information that is protected from disclosure as work-product. Subject to and notwithstanding Plaintiffs' objections, denied. Provisions in the Travelers Primary Policy including but not limited to the following provision support plaintiffs' denial:

SECTION IV – COMMERCIAL GENERAL LIABILITY

* * *

7. SEPARATION OF INSUREDS

Except with respect to the Limits of Insurance, and any rights or duties specifically assigned in this Coverage Part to the first Named Insured, this insurance applies:

a. As if each Named Insured were the only Named Insured; and

b. Separately to each insured against whom claim is made or "suit" is brought.

* * *

Plaintiffs have not yet decided whom, if any, witness(es) they will produce during trial concerning the issues raised in this Request. Plaintiffs will identify any such witnesses in accordance with the scheduling order issued by the Court.

26. Admit that the only policy against which Seren claims it is an additional insured is the Commercial General Liability policy issued by Travelers Property Casualty which includes an additional insured endorsement with policy limits of $1,000,000.00, all of which coverage is defined by the terms and conditions set forth in the entirety of the Commercial General Liability policy.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 26:** Admitted, although Plaintiffs note that Minnesota common law may not enforce such a limitation should the parties litigate this matter to ultimate conclusion.

27. Admit that neither Seren, nor its other insurance carriers, are making any claim for coverage under the Umbrella (excess) policy of insurance issued by Travelers to Sirti.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 27:** Admitted.

28. Admit that Seren has not incurred any of its own out of pocket expenses or attorney's fees in defending the claims in the St. Cloud gas explosion litigation.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 28:** Denied. Seren incurred $54,046.73 in attorney's fees and costs separate and apart from the amounts that Transcontinental and Continental Casualty paid on Seren's behalf. Plaintiffs have not yet decided whom, if any, witness(es) they will produce during trial concerning the issues raised by this Request. Plaintiffs will identify any such witnesses in accordance with the scheduling order issued by the Court.

Respectfully submitted,

SEREN INNOVATIONS, INCORPORATED,
TRANSCONTINENTAL INSURANCE
COMPANY and CONTINENTAL
CASUALTY COMPANY

DATED:______________________ By: ______________________
One of its Attorneys

N:\3918\discover\supp response2.doc

Jerome B. Abrams, Esq.
ABRAMS & SMITH, P.A.
Pillsbury Center South, Ste. 1250
Minneapolis, MN 55402
Tel: (612) 342-2100
Fax: (612) 342-2107

AND

Matthew R. Wildermuth, Esq.
*(admitted pro hac vice)*
E. Lynette Stafford, Esq.
MECKLER BULGER & TILSON LLP
123 N. Wacker Drive, Suite 1800
Chicago, IL 60606
Tel: (312) 474-7900
Fax: (312) 474-7898 or 7999