**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Seren Innovations, Incorporated, et al.
Plaintiffs,

v.

The Travelers Indemnity Company of America, et al.,
Defendants.

and

Sirti Limited Corp.,
Plaintiff,

Ralph W. Braegelmann, et al.
Intervenor Plaintiffs,

v.

The Travelers Indemnity Company of America, et al.,
Defendants.

Civil No. 04-4978 JMR/FLN
Civil No. 01-587 JMR/FLN

**SIRTI LIMITED CORP.'S MEMORANDUM IN OPPOSITION TO TRAVELERS' MOTION TO AMEND PRETRIAL SCHEDULE**

---

This case was commenced in February 2000, almost six years ago. The case has already been to the Eighth Circuit and back. After visiting the Eighth Circuit, the Court issued a new Scheduling Order on November 24, 2004, over a year ago. In that Order, the Court set a deadline requiring dispositive motions to be filed and heard by March 1, 2006. The Order went on to warn counsel that: "They must anticipate the time required for scheduling [dispositive hearings] by calling Calendar Clerk Heather Labat at 612-664-5053." Despite the clear warning that counsel should plan ahead and reserve motion dates so that they could be heard as required by the Scheduling Order, Travelers waited

until December 28, 2005 -- only two months before the date the motion had to be heard -- before requesting a motion date.

There is no excuse for Travelers' delay. First, Travelers' motion purports to be a motion to dismiss for failure to join an alleged indispensable party (Evanston). However, the motion is, in reality, a motion to add Evanston as a party. In this regard, Federal Rule 17(a) provides in pertinent part that:

> No action shall be dismissed on the grounds that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for . . . joinder or substitution of, the real party in interest.

(emphasis added). If Travelers had wanted to join Evanston as a party, then the deadline for doing so was April 1, 2005 -- almost ten months ago, not March 1, 2006.

Moreover, Travelers has not even attempted to proffer an excuse for why it didn't file the motion in November or December 2004, or January, February, March, April, May, June, July, August, September, October or November of 2005. In this regard, Evanston's existence and its loan receipt agreement with Sirti has been known by Travelers since at least 2002 -- four years ago. Under these circumstances, Travelers can't come close to satisfying the requirement that it show "good cause" that the dispositive motion deadline could not have been met if Travelers had acted diligently. *See* Advisory Committee Notes, 1993 Amendments to Rule 16. Indeed, Travelers can't show and hasn't shown any diligence at all! Accordingly, Travelers' motion should be denied. *See Minnesota Chippewa Tribal Housing Corporation v. Reese*, 978 F.Supp. 1258 (D. MN 1997) (motion to extend dispositive deadline denied where party failed to

show good cause that the deadline could not have been met "despite the diligence of the party seeking the extension.").

Dated: January 20, 2006.

**FABYANSKE, WESTRA, HART & THOMSON, P.A.**

By: s/Kyle E. Hart .

Kyle E. Hart (#159025)
Stephen A. Melcher (#177015)
800 LaSalle Avenue, Suite 1900
Minneapolis, MN 55402
(612) 338-0115
**ATTORNEYS FOR SIRTI LIMITED CORP.**