UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Seren Innovations, Inc., et al.

Plaintiffs,

v.

The Travelers Indemnity Company of America and The Travelers Indemnity Company of Illinois,

Defendants.

Court File No.: 04-CV-4978 JMR/FLN

AND

Sirti Limited Corp.,

Plaintiff,

Ralph W. Braegelmann, et al.

Intervenor Plaintiffs,

v.

The Travelers Indemnity Company of America and The Travelers Indemnity Company of Illinois,

Defendants.

**INTERVENOR PLAINTIFFS' MEMORANDUM IN OPPOSITION TO TRAVELERS' MOTION TO DISMISS**

Court File No.: 01-CV-587 JMR/RLN

## INTRODUCTION

Intervenor Plaintiffs Ralph W. Braegelmann, L. Michael Hall, L. Michael Hall, P.A., Monica A. Ims, Judy M. Keller, Mary Jo Mendel, Jacqueline Ploof, The Housing & Redevelopment Authority, Deborah K. Stalboerger, Thomas Sandquist, as trustee for the next-of-kin of Carolyn Sandquist, and Jill K. Weber oppose Travelers' motion to dismiss. Dismissal under either the Minnesota Declaratory Judgment Act or Rule 19 of the Federal Rules of Civil

Procedure is inappropriate. Evanston Insurance Company's ("Evanston") interest in reimbursement is completely circumscribed by and dependent upon the terms of its loan receipt agreement with Sirti Limited Corp. ("Sirti"). Sirti is a party in this action. Evanston has no rights of its own against Travelers. The motion is an untimely tactical maneuver on the part of Travelers to solve a perceived problem that Travelers itself could have corrected at any time over the past three years. The motion should be denied, and this case should go forward to trial.

## STATEMENT OF ISSUES

1. Is Evanston a necessary party to the Sirti litigation?

2. Should this court exercise its discretion to deny Travelers' Motion to Dismiss on the basis of Travelers' own untimeliness?

## IDENTIFICATION OF DOCUMENTS

a) Sirti's Complaint dated March 26, 2001 (Haws Exhibit 1).

b) Travelers' Joint and Separate Answer in the Sirti litigation dated April 3, 2001 (Haws Exhibit 3).

c) April 2000 Loan Receipt Agreement between Sirti and Evanston. (Haws Exhibit 6).

d) Intervenor Plaintiffs' Complaint in Intervention (Docket No. 85).

## STATEMENT OF FACTS AND PROCEDURAL POSTURE

On the morning of December 11, 1998 there was a natural gas explosion in downtown St. Cloud, Minnesota. The explosion occurred over twenty minutes after a crew working for Cable Constructors, Inc. (CCI) severed a high-pressure natural gas line owned by NSP while installing an anchor for a utility pole. Several people were killed, many were injured, and many suffered substantial property damage. Multiple lawsuits were commenced in Stearns County against the various entities involved in the construction project.

Among those sued was Sirti, a subcontractor which had provided both professional engineering services and safety management services for the project.

At the time of the explosion Sirti was insured for its professional engineering services by Evanston Insurance Company. It was also insured under a commercial general liability (CGL) policy and associated umbrella by Travelers. Sirti tendered the defense of the multiple claims to both companies. Evanston accepted the tender of defense under a reservation of rights. Travelers declined to provide a defense, and denied any obligation to indemnify Sirti under a general coverage denial.

In April 2000, as the underlying tort lawsuit got underway in Stearns County District Court, Evanston and Sirti entered into a Loan Receipt Agreement. [1] Per that agreement, Evanston agreed to defend Sirti in the underlying tort claims up to its $1,000,000 policy limit.[2] The defense costs were treated as a provisional loan to Sirti. In return, Sirti agreed to pursue a claim against Travelers to recover the defense costs "loaned" to it by Evanston.[3] Any defense costs recovered from Travelers are to be applied to the depleted policy limits available to Sirti. In the event that no defense costs are recoverable from Travelers, Sirti is under no obligation to repay the loan.[4] On the basis of this agreement Evanston provided Sirti's defense through the development of the underlying case. When the $1,000,000 "loan" was exhausted, Sirti funded its own defense.

---

[1] Loan Receipt Agreement, Exhibit 6 attached to the Haws Affidavit.

[2] *Id.*

[3] *Id.*

[4] *Id.*

In March 2001, nearly a year after the Sirti/Evanston loan receipt agreement was executed, Sirti commenced this action against Travelers.[5] The action was commenced as a breach of contract action that also requested declaratory relief[6]. The complaint makes no reference to the Minnesota Declaratory Judgment Act, Minn. Stat. § 555.01 *et seq.*[7]

This case progressed through discovery. Both Sirti and Travelers brought cross motions for summary judgment on the duty to defend issue. This court granted Sirti's motion, finding that Travelers has a duty to defend Sirti in the underlying lawsuits. The matter proceeded to the Eighth Circuit, where it was ultimately dismissed for lack of jurisdiction on July 27, 2004.

While this case was in the Eighth Circuit, Sirti entered into *Miller v Shugart* settlement agreements with most of the plaintiffs a few weeks before trial was to begin. On the basis of those *Miller v Shugart* settlement agreements and their corresponding judgments, eleven of the former plaintiffs in the underlying suit intervened in this action.[8] Magistrate Judge Noel signed an order permitting the intervention on October 29, 2004.[9] Like Sirti's original complaint, the intervener plaintiffs' complaint alleges breach of contract based on Travelers' refusal to indemnify Sirti for their claims, and also seeks a declaration that Travelers is required by the terms of its contract to indemnify Sirti for their damages. Those damages are reflected in the intervener plaintiffs' individual judgments against Sirti. The complaint in intervention

---

5 Sirti's Complaint, Exhibit 1 attached to the Haws Affidavit.

6 Sirti's Complaint at 1 and 4.

7 *Id.*

8 Docket Nos. 71 through 77

9 Docket No. 79.

makes no reference to the Minnesota Declaratory Judgment Act, Minn. Stat. § 555.01 *et seq.*

## ARGUMENT

### I. EVANSTON IS NOT A NECESSARY PARTY TO THIS ACTION.

### A. The Resolution of Travelers' Motion is Governed by Rule 19, Not Minnesota Statutes Section 555.11.

Travelers' dismissal motion is premised on the assumption that this case is governed by the Minnesota Declaratory Judgment Act, Minn. Stat. §§ 555.01 *et seq.* It is not. The Minnesota Act contains a specific joinder provision that states that "all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding." The Minnesota appellate courts have held that "the joinder requirement in Minn. Stat. § 555.11 is consonant with but broader than the joinder requirement in Rule 19."[10] The comparable federal statute, 28 U.S.C. § 2201, contains no such special joinder provision. Procedure under the federal statute is governed by the Federal Rules of Civil Procedure.[11] Accordingly, in a civil case seeking declaratory relief in a federal court, joinder is governed by Rule 19.

The venue for this case is federal court. Part of the relief sought in both the Complaint and the Complaint in Intervention is declaratory relief. No statutory reference is cited. In federal court, declaratory relief is governed by 28 U.S.C. § 2201, not Chapter 555 of the Minnesota statutes. The issue of whether Evanston is an indispensable party is therefore governed by Rule 19, not Section 555.11.

---

[10] *Unbank Co., LLP v. Merwin Drug Co.*, 677 N.W.2d 105 (Minn. App. 2004).

[11] 28 U.S.C. § 2201; Fed. R. Civ. P. 57 ("The procedure for obtaining a declaratory judgment pursuant to Title 28 U.S.C. § 2201 shall be in accordance with these rules . . . .")

B. <u>Evanston is Not an Indispensable Party Within the Meaning of Rule 19.</u>

Rule 19(a) describes when a court should order the joinder of a person who is not yet a party. If that person should be joined, the court must then evaluate whether, under the principles of jurisdiction and venue, that person can be joined.[12] If joinder is not feasible, the joinder analysis moves to Rule 19(b), which addresses whether the court should dismiss the case, or continue without that person. More than most rules, the application of Rule 19 is highly fact specific.[13] When addressing questions of impairment of interest, both legal and actual, real world impairment should be examined.

Per Rule 19(a) persons should be joined as a "necessary" or "indispensable" party when their absence will either materially reduce the likelihood that the court can provide justice for those already parties, or be detrimental to the non-party itself.[14] Courts have considered a party "necessary" or "indispensable" when in that person's absence complete relief cannot be granted to those already parties to the case,[15] or the missing person's interests may be impaired either practically or legally by the ongoing litigation, such as when there are multiple claimants to a single limited fund controlled by the defendant.[16]

---

[12] <u>See</u>, <u>e.g.</u>, *Keweenaw Bay Indian Community v. State of Michigan*, 11 F.3d 1341, 1347 (6th Cir. 1993) (describing Rule 19 as a "three-step" analysis, including the jurisdiction/venue analysis).

[13] <u>See</u>, <u>e.g.</u>, *Gonzalez v Metropolitan Transportation Authority*, 174 F.3d 1016, 1019 (9th Cir. 1999)("Whether a party is necessary and indispensable is a pragmatic and equitable judgment, not a jurisdictional one.").

[14] <u>See</u>, <u>e.g.</u>, *Hammond v. Clayton*, 83 F.3d 191, 195 (7th Cir. 1996).

[15] <u>See</u>, <u>e.g.</u>, *Disabled Rights Action Committee v. Las Vegas Events, Inc.*, 375 F.3d 861 (9th Cir. 2004). (party is "necessary" if in its absence meaningful relief cannot be afforded to those who are already joined).

[16] <u>See</u>, <u>e.g.</u>, *In re Torcise*, 116 F.3d 860, 865 (11th Cir. 1997) ("It is well established under Rule 19 that all claimants to a fund must be joined to determine the disposition of that fund.").

Evanston does not meet either requirement. The existing parties to this action are Sirti, the Intervenor Plaintiffs, and Travelers. Sirti seeks a judicial declaration that Travelers had an obligation to defend it in the underlying litigation, and seeks recovery of attorney fees. The Intervenor Plaintiffs seek a declaration that Travelers has an obligation to indemnify Sirti for their claims, and seek to collect the amount of their judgments against Sirti from Travelers. Travelers seeks a declaration that its two policies require it to neither defend nor indemnify Sirti for the claims against it arising out of the St. Cloud Explosion. The declarations sought by all the parties rise and fall on the interpretation and application of the language contained in the professional services exclusion to the facts surrounding Sirti's liability in the underlying case. Those declarations can easily be made whether or not Evanston is a party to this case. In fact, this court already made one of the declarations sought in this case when it granted Sirti's motion for partial summary judgment, finding that Travelers had a duty to defend Sirti under the terms of the policy. The remaining declaratory dispute, whether the exclusion applies to eliminate Travelers' indemnity obligations, can likewise be made in a way that grants full relief to the Intervenor Plaintiffs and Travelers, who are the parties with an interest in the outcome. Evanston has absolutely no interest in a declaration about indemnity. Its only possible interest is in the declaration about Travelers' duty to defend, and that declaration has already been made.

Likewise, Evanston is not prejudiced by non-joinder. Its only interest in the coverage dispute before this court is a function of its Loan Receipt Agreement with Sirti. Sirti seeks to maintain the declaration of Travelers' duty to defend through any appeal, and seeks ultimately to recover attorney fees it expended in the underlying case and this one. A portion of the fees it seeks are to be paid back to Evanston if the declaration already made in this case is

upheld. Evanston has no direct right to collect from Travelers. Its interest in the declaration of Travelers' duty to defend is identical to that of Sirti itself. Evanston has no interest in an indemnity declaration, since the Loan Receipt Agreement covers only funds fronted for defense.

Finally, unlike indemnity funds, defense costs are not limited in the Travelers policy. Evanston is not "competing" with any of the parties for a limited fund. Assuming that the declaration of a duty to defend that has already been rendered is upheld on appeal, both Sirti and Evanston are entitled to recover the full amount of any defense costs expended that can be properly substantiated. As called for in the Loan Receipt Agreement, Sirti has already presented the $1,000,000 in defense costs expended by Evanston for payment as damages in this case. In the event that the duty to defend declaration is overturned on appeal, Travelers will have to pay no defense costs. In the event that it is upheld, Travelers will have to pay all of the defense costs presented by Sirti – and those include costs attributable to Evanston. Under these facts, Evanston is simply not a "necessary" or "indispensable' party for the purposes of this lawsuit. That being the case, this court can and should proceed to adjudicate the matter without joining Evanston as a party.

C. Evanston Does Not Have a Claim That Will be Affected by This Court's Declaration of Insurance Coverage That is Separate and Apart From Sirti's, Thus Even if This Case Were Governed by Minnesota Statutes Section 555.11 Dismissal for Failure to Join Evanston is Inappropriate.

Even if this case were governed by Minnesota Statutes Section 555.11, dismissal for failure to join Evanston is inappropriate. As discussed above, Evanston's claim for reimbursement of defense costs is governed by the Loan Receipt between it and Sirti. Travelers has no relationship with Evanston and no obligation to Evanston. Evanston has an interest in any money Sirti

recovers from Travelers, but has no direct interest in Travelers itself or its insurance policies. Sirti already seeks recovery of all of the defense costs associated with its defense in the underlying case, including those it will ultimately reimburse Evanston pursuant to the terms of the Loan Receipt Agreement. Evanston is not a necessary party under the Section 555.11 or Federal Rule 19.[17]

## II. TRAVELERS' MOTION TO DISMISS IS UNTIMEY, AND SHOULD BE DENIED ON THAT BASIS ALONE.

Undue delay in filing a motion for joinder or seeking dismissal for failure to join a necessary party can be grounds for denying the motion, particularly if absent persons will not be prejudiced by non-joinder.[18] In this case, Travelers has known about the Loan Receipt between Evanston and Sirti since the action was commenced four years ago. Travelers could have sought to join Evanston at any point during that time period up until this court's deadline: April 1, 2005. That deadline passed over ten months ago. This litigation has been ongoing for over four years. Now, less than two months before the trial ready date, Travelers seeks dismissal for failure to join a party that is not indispensable, and that it had the power to seek to join. Any dismissal now must be made without prejudice, thus requiring the parties to start all over again.[19] This result is both inefficient and inequitable.

---

[17] Compare with *Unbank Co. v. Merwin Drug Co.*, 677 N.W.2d 105 (Minn. App. 2004). (Holding that a licensing agency is a necessary party under either § 555.11 or Rule 19 where the declaratory judgment sought would interfere with that agency's licensing interest in issuing a license and its policies in interpreting its licensing authority without an opportunity to fully litigate its rights).

[18] See, e.g., *Northeast Drilling, Inc. v. Inner Space Services, Inc.*, 243 F.3d 25, 36-37 (1st Cir. 2001) (affirming denial of joinder when motion was made "well after" time limit set in scheduling order, with no explanation for delay)

[19] *Unbank*, 677 N.W.2d at 109-110. ("We note that the dismissal for failure to join the commissioner . . . did not constitute an adjudication on the merits. Consequently the dismissal should not be designated as a dismissal with prejudice."); Fed R. Civ. P. 41(b) (failure

The 1966 Advisory comments to Rule 19 are instructive:

> [W]hen the moving party is seeking dismissal in order to protect himself against a later suit by the absent person (subdivision (a)(2)(ii)), and is not seeking vicariously to protect the absent person against a prejudicial judgment (subdivision (a)(2)(i), his undue delay in making the motion can properly be counted against him as a reason for denying the motion.

Travelers' motion was not brought to protect Evanston; Evanston needs no protection. Its delay is inexplicable, unjustified, and ought not be allowed.

## CONCLUSION

Travelers' motion to dismiss is an untimely tactical maneuver that will resolve nothing and instead visit an injustice on the other parties to this action. Joinder of Evanston is not necessary for a full adjudication of the issues pending in this case. No interests or rights belonging to Evanston will be compromised by this case proceeding to conclusion. Travelers will not be prejudiced by Evanston's non-joinder, and could have rectified the situation at any time over the past four years if it had wished to do so. The motion should be denied, and this case should go forward to trial.

---

to join an indispensable party pursuant to Rule 19 does not operate as adjudication on the merits, and dismissal is without prejudice).

SCHWEBEL, GOETZ & SIEBEN, P.A.

Dated: February 15, 2006

By s/ Sharon L. Van Dyck
Sharon L. Van Dyck (#183799)
ATTORNEYS FOR INTERVENORS
5120 IDS Center
Minneapolis, Minnesota 55402-2246
(612) 333-8361

L. MICHAEL HALL, P.A.

By s/ L. Michael Hall
L. Michael Hall (#39792)
ATTORNEYS FOR INTERVENORS
1010 West St. Germain, Suite 100
St. Cloud, Minnesota 56301
(320) 255-1000