**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Seren Innovations, Incorporated, et al.
Plaintiffs,

vs.

The Travelers Indemnity Company of America, et al.,
Defendants.

and

Sirti Limited Corp.,
Plaintiff,

Ralph W. Braegelmann, et al.
Intervenor Plaintiffs,

vs.

The Travelers Indemnity Company of America, et al.,
Defendants.

Civil No. 04-4978 JMR/FLN
Civil No. 01-587 JMR/FLN

**SIRTI'S MEMORANDUM OPPOSING TRAVELERS' MOTION TO DISMISS PURSUANT TO MINN. STAT. §555.11**

---

## INTRODUCTION

Travelers' motion to dismiss this action on the basis that Evanston is a necessary party is unfounded and unwarranted. Not only has Travelers' improperly relied upon the state declaratory judgment statute for its argument, but it has misinterpreted the state declaratory judgment statute in a vain effort to support its motion for dismissal. Travelers' motion must be denied because Evanston is not a necessary party under either the Federal Declaratory Judgment Act or the Minnesota Uniform Declaratory Judgment Act.

Without saying so, Travelers is *actually seeking to join Evanston* to this declaratory judgment action. Thus, Travelers' "motion to dismiss" is a thinly-disguised attempt to sidestep the Court's deadline for joinder of additional parties. Such joinder, besides being extremely late, would divest this court of jurisdiction. Sirti should not be prejudiced by the further delay of its trial and the substantial additional legal expenses that would result from the joinder of Evanston.

## FACTS

The basic facts pertinent to Travelers' motion are undisputed: (1) Sirti brought this declaratory judgment action seeking a determination of its rights under Travelers' insurance policies; (2) Sirti and Evanston entered into a loan receipt agreement governing Evanston's right to share in proceeds Sirti recovers from Travelers; (3) Neither Sirti nor Travelers have ever made any effort to join Evanston.

The rest of the statements in Travelers' "facts" are not relevant to its motion, and Sirti will not bother to correct any misstatements in them. However, Sirti wants to make it clear that it rejects Travelers' statements in the last four paragraphs of Section VI.A. (Travelers' brief at 5-6). Most of these statements are not based upon fact, but rather on Travelers' counsel's suppositions, and appear to have no other purpose than to attempt to cast Sirti in a bad light. If they were relevant to Travelers' motion, Sirti would controvert them in detail. However, because they are not relevant Sirti will merely point out that they are unsupported, irrelevant, and inaccurate.

## ARGUMENT

### I. Under The FDJA, Evanston Is Not A Necessary Party

#### A. The FDJA Applies To This Action

The first problem with Travelers' argument is that Travelers' analysis applies the wrong law. Because this action is in federal court, this Court must apply the Federal Declaratory Judgments Act, 28 U.S.C. § 2201, *et seq.* ("FDJA") not the Minnesota Uniform Declaratory Judgments Act, Minn. Stat. §§ 555.01-.16 ("MUDJA"). It is axiomatic that the federal court must apply federal procedural rules in diversity cases. *See, e.g., Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Sayre v. Musicland Group, Inc.*, 850 F.2d 350, 352 (8th Cir. 1988; *Carlson Holdings, Inc. v. Nafco Ins. Co. Ltd.*, 205 F.Supp.2d 1069, 1074-75 (D. Minn. 2001). It is equally well-settled that the FDJA is a procedural statute. *See Skelly Oil Co. v. Phillips Petroleum Co.,*, 339 U.S. 667, 671 (1950); *State of Mo. ex rel Missouri Highway and Transp. Com'n v. Cuffley*, 112 F.3d 1332, 1334, (8th Cir. 1997), *reh'g denied* (June 16, 1997) (stating that the FDJA is a procedural, not a jurisdictional, statute); *Federal Kemper Ins. Co. v. Rauscher,* 807 F.2d 345, 352 (3rd Cir. 1986) ("it is well settled law that, as a procedural remedy, the federal rules respecting declaratory judgment actions apply in diversity cases").[1] Accordingly, Travelers' motion to dismiss for failure to join a necessary party must be evaluated under the FDJA, not the MUDJA.

---

[1] Similarly, determining whether a party is a necessary party is a procedural determination governed by Fed. R. Civ. P. 19. *Braniff Airways, Inc. v. Falkingham*, 20 F.R.D. 141, 143 (D.Minn. 1957).

**B. Evanston Need Not Be Joined Under The FDJA.**

Under the FDJA, Evanston need not be joined because Evanston is not a necessary party. The FDJA provides, in relevant part:

> In a *case of actual controversy* within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a). Unlike the MUDJA, the FDJA does not contain a provision requiring the joinder of all affected parties.[2] Under the FDJA, all that is required is the existence of a justiciable controversy between those who are already parties to the lawsuit. *Grear v. Scearce*, 53 F.Supp. 807, 811 (W.D. Mo. 1944) (stating that a justiciable controversy exists where a controversy can be determined between the existing parties). "If there is such a controversy, and it can be disposed of as between the plaintiff and the defendants without the joining of the other parties, then they are not necessary parties." *Id.* at 811. Thus, only parties who are necessary to resolve the claims need be joined under the FDJA.

[2] Such a rule makes particular sense in federal court where the unnecessary joinder of non-diverse parties can destroy subject matter jurisdiction. Because both Evanston and Travelers are Illinois corporations, the completely unnecessary joinder of Evanston would divest this Court of subject matter jurisdiction under 28 U.S.C. § 1332, requiring the case to be remanded back to the state court from which Travelers removed the case. *See* 28 U.S.C. § 1447(e). It would truly be a perverse result if Travelers, having removed this case to federal court and having thereafter sat on its rights to seek the addition of Evanston within the liberal deadlines established by the Court's pretrial schedule, could now be permitted to add an unnecessary party (Evanston) on the eve of the trial-ready date only to have the case sent back to state court, causing Sirti even more delay and expense. Such an unfair result must be avoided, and it can easily be avoided because Evanston is not a necessary party.

The lack of a provision requiring joinder of affected parties has been noted by the Eighth Circuit Court of Appeals, which contrasted the FDJA from the Uniform Declaratory Judgment Act adopted by many states (including Minnesota in the MUDJA):

> [T]he Federal Declaratory Judgment Act contains *no express requirement that all interested parties must be joined*, and we think there is no language in the act from which such a requirement could be implied. . . . If Congress intended that a declaratory judgment should only be entered in a case after all interested parties had been joined, it is fair to assume that it would have inserted in the act a provision to that effect. Not having done so, this court does not feel justified in imposing any such condition upon the maintenance of this statutory proceeding.

*Western Casualty & Surety Co. v. Beverforden*, 93 F.2d 166, 168 (8th Cir. 1937) (emphasis added).[3] The Eighth Circuit Court of Appeals similarly held in another case under the FDJA that

> [i]f a court has before it the necessary parties to enable it to dispose of a case of which it has jurisdiction, it is of little consequence how many other persons may be present as nominal parties.

*Maryland Cas. Co. v. Texas Co.*, 114 F.2d 952, 954 (8th Cir. 1940) *quoting Hanna v. Brictson Mfg. Co.*, 62 F.2d 139, 144 (8th Cir. 1933). Thus, non-joined parties are not considered necessary so long as a justiciable controversy exists between those who are already parties to the lawsuit.

Here, the controversy to be decided is whether Travelers' policies with Sirti require it to defend and indemnify Sirti with regard to the underlying lawsuits. The issues in this action concern Sirti's rights under Travelers' policies. These issues can be

3 In *Beverforden*, the Eighth Circuit Court of Appeals was construing 28 U.S.C. § 400, where the FDJA was then codified. The relevant provisions of the FDJA remain as they were at the time *Beverforden* was decided.

determined as long as Sirti and Travelers are parties to the lawsuit. Because a justiciable controversy exists between Sirti and Travelers and both are parties to the lawsuit, no other parties need be joined under the FDJA.

The fact that Sirti and Evanston may have an agreement concerning the disposition of any proceeds Sirti recovers from Travelers does not change the analysis.[4] Such an agreement between Sirti and Evanston is distinct from Travelers' policy with Sirti. There is no need to add Evanston to the lawsuit in order to determine Sirti's rights under Travelers' policies.

The court's analysis of necessary parties in *Braniff Airways, Inc. v. Falkingham*, 20 F.R.D. 141 (D.Minn. 1957) aptly demonstrates that Evanston is not a necessary party to this action. In *Braniff*, the plaintiff had been partially compensated by its insurers and subsequently brought suit against the tort-feasors to recover its entire loss. The defendants argued that the insurers, who were subrogated to part of plaintiff's recovery, were necessary parties. *Id.* at 143. The district court disagreed, stating that a subrogated insurer "is only a *proper* party, not a *necessary* party, to a suit brought by the insured to recover the full loss." *Id.* at 144 (emphasis added). The plaintiff is the party in legal interest and is therefore the necessary party. *Id.* The relationship of the non-joined

[4] Sirti does not even have a dispute with Evanston. As Travelers notes in its brief, Sirti and Evanston have an agreement, the Loan Receipt Agreement, and Sirti and Evanston do not have a dispute over its terms. Moreover, even if Sirti did have such a dispute with Evanston, the FDJA would not require Sirti to join Evanston to *this* declaratory judgment action because there is a justiciable controversy between Travelers and Sirti concerning Sirti's rights under the Travelers' policies without including Evanston in the lawsuit. The scope of Sirti's requested relief depends only the resolution of its rights with respect to Travelers.

insurers to the lawsuit in *Braniff* is roughly analogous to Evanston's relationship to Sirti's declaratory judgment action against Travelers. Evanston *may be* a proper party, but it certainly is not a necessary party.

**II. Evanston Need Not Be Joined Under The MUDJA**

As stated above, the FDJA applies to this action. However, even assuming *arguendo* that the MUDJA applies, Evanston need not be joined because Evanston is not an "affected" party as that term is contemplated under the MUDJA. The MUDJA allows any party to a contract to have its right under the contract judicially determined. Minn. Stat. § 555.02. The MUDJA (unlike the FDJA) contains a section that specifically addresses the joinder of parties, providing, in pertinent part:

> When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding.

Minn. Stat. § 555.11. What is critical in a declaratory judgment action under the MUDJA is that all parties whose *rights* would be affected by the declaratory judgment be made a party to the action. *Id.*; Minn. Stat. § 555.01.

Evanston need not be joined under the MUDJA because its *rights* will not be affected by the declaratory judgment in this action. Evanston's rights to a share in whatever proceeds Sirti recovers from Travelers are the subject of the Loan Receipt Agreement between Sirti and Evanston. Although Evanston may *benefit* from a judgment that Travelers must pay Sirti under its policy, that is a result of its *rights* already determined under the terms of the Loan Receipt Agreement. This declaratory

judgment action seeks only a determination of *Sirti's* rights under Travelers' policies, not a determination of *Evanston's* rights under the Loan Receipt Agreement. There is no determination that the Court can make within the scope of this declaratory judgment action that that would affect any of Evanston's rights under the Loan Receipt Agreement.

Contrary to Travelers' argument, the MUDJA does not create a requirement for joinder of all persons with some vague overarching interest in the outcome of a legal action.[5] Rather, Minnesota courts have taken a pragmatic approach, essentially interpreting § 555.11 to require joinder of only those parties necessary to resolve the controversy. *See, e.g., Frisk v. Bd. of Educ. of Duluth*, 75 N.W.2d 504, 514 (Minn. 1956); *Minneapolis-St. Paul Sanitary Dist. v. City of St. Paul*, 43 N.W.2d 219, 220-21 (Minn. 1950); *Cincinnati Ins. Co. v. Franck*, 621 N.W.2d 270 (Minn. Ct. App. 2001).[6]

---

5 Thus, it is obvious that Evanston's attendance at a settlement conference has no bearing upon whether Evanston must be joined as a party. It may be appropriate for Sirti to consult with Evanston in the context of considering Travelers' request that Sirti accept less than full value for its claim against Travelers, and it may be convenient for Sirti and Travelers to have a representative of Evanston present for such consultations. However, that does not mean that, if the case does not settle, that Evanston's rights will be determined. Evanston's rights are the subject of the loan receipt agreement, which is not at issue in this action.

6 Travelers' reliance upon *Franck* is misplaced. The appellate court in *Franck* did not hold that the non-joined primary insurer was a necessary party. The appellate court held that, the umbrella insurer had improperly sued the plaintiff and not the policy-holder defendant. This was improper because Minnesota does not allow direct actions by injured parties against insurers, nor does it allow direct actions by insurers against injured parties. *Franck* at 274. The person who is most like the improperly omitted policy-holder in *Franck* is Sirti, not Evanston. To the extent that Evanston may be considered to be like the omitted primary insurer in *Franck*—something Sirti does not concede—*Franck* does not answer the question. The appellate court specifically declined to decide whether the omitted primary insurer was a necessary party because that would depend upon the scope of the relief the umbrella insurer had sought in the declaratory judgment action. *Id.* However, the rationale for potentially requiring the joinder of the primary

The decisions from other states construing their declaratory judgment statutes (which are similar if not identical to the MUDJA) take the same practical approach, rather than insisting that any party with any interest, no matter how indirect, be made a party to declaratory judgment actions. The Supreme Court of Pennsylvania, for example, stated that the provision of its declaratory judgment statute may not require joinder of a party whose interest is only "indirect or incidental." *Philadelphia v. Commonwealth of Pennsylvania*, 838 A.2d 566, 568 (Pa. 2003) (construing language identical to § 555.11).

Although no reported Minnesota decision dealing with the precise scenario at issue on this motion could be found, the Missouri decision in *Missouri ex rel. Bartlett & Co. v. Kelso*, 499 S.W.2d 579 (Mo. 1973) does involve a similar factual scenario. In *Kelso*, the insured plaintiff, after entering into a loan receipt agreement with its insurer, sued the defendant tort-feasor. The defendant sought dismissal of the lawsuit on the basis that plaintiff failed to join the insurer whom the defendant argued was a necessary party. In reversing the lower court's order for dismissal, the Missouri Court of Appeals explained why the insurer need not be joined:

> Insurer has no right with respect to the claim or cause of action against [the defendant], which require or necessitate determination before the rights of [the insured] and [the defendant] are finally and conclusively adjudicated in the pending action between them. A complete determination of the controversy between [the insured] and [the defendant] can be had without the presence of the insurer as a party, without prejudice of any kind to [the insured] or [the defendant].

---

insurer (i.e., "to the extent the umbrella insurer argues that any remaining obligation to indemnify cannot include an obligation to assume the primary insurer's duty to defend") has no application to Evanston. Unlike the umbrella insurer, Travelers' duty to defend did not require that Evanston first exhaust its duty to defend.

*Id.* at 583. Similarly, Evanston has no rights against Travelers (or vice versa) that must necessarily be determined before Sirti's rights against Travelers are determined. A complete determination of Sirti's rights under Travelers' policies can be had without Evanston being a party of the action, all without prejudice to Travelers' purported rights against Evanston. A judgment in this case, without Evanston's presence, would end the controversy between Sirti and Travelers.

## CONCLUSION

For all of the foregoing reasons, Sirti requests that this Court deny Travelers' motion in its entirety. Under the FDJA, which is applicable to this action, an actual controversy exists between Sirti and Travelers without Evanston's presence and, therefore, Evanston need not be joined. Even if the MUDJA applies, Evanston need not be joined because it is not an affected party as that term has been pragmatically interpreted and applied by Minnesota courts. Although Evanston, as a creditor, may ultimately derive some benefit from a judgment in Sirti's favor, its *rights* will not be affected by judgment in this declaratory action. Travelers' motion, which in effect tries to force a very late joinder of an unnecessary party whose presence will not help resolve the controversy between Sirti and Travelers, is ill-conceived and should be denied.

Dated: February 15, 2006. **FABYANSKE, WESTRA, HART & THOMSON, P.A.**

By: /s/ Stephen A. Melcher
Kyle E. Hart (#159025)
Stephen A. Melcher (#177015)
Kristine Kroenke (#336294)
800 LaSalle Avenue, Suite 1900
Minneapolis, MN 55402
(612) 338-0115

**ATTORNEYS FOR SIRTI LIMITED**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Seren Innovations, Incorporated, et al.
Plaintiffs,

v.

The Travelers Indemnity Company of America, et al.,
Defendants.

and

Sirti Limited Corp.,
Plaintiff,

Ralph W. Braegelmann, et al.
Intervenor Plaintiffs,

v.

The Travelers Indemnity Company of America, et al.,
Defendants.

Civil No. 04-4978 JMR/FLN
Civil No. 01-587 JMR/FLN

**LOCAL RULE 7.1(c) WORD COUNT COMPLIANCE CERTIFICATE REGARDING SIRTI LIMITED CORP.'S MEMORANDUM OPPOSING TRAVELERS' MOTION TO DISMISS**

---

I hereby certify that this memorandum conforms to the requirements of D. Minn. LR 7.1(c).

I further certify that, in preparation of this memorandum, I used Microsoft Word 2002, and that this word processing program has been applied specifically to include all text, including headings, footnotes, and quotations in the following word count.

I further certify that the above-referenced memorandum contains 2308 words.

Dated: February 15, 2006.

**FABYANSKE, WESTRA, HART & THOMSON, P.A.**

By: /s/ Stephen A. Melcher
Kyle E. Hart (#159025)
Stephen A. Melcher (#177015)
800 LaSalle Avenue, Suite 1900
Minneapolis, MN 55402
(612) 338-0115
**ATTORNEYS FOR SIRTI LIMITED**

\\file1\vol1\PL\SAM\470761.doc

## CERTIFICATE OF SERVICE

I hereby certify that on February 15, 2006, I caused the following documents:

**Sirti's Memorandum Opposing Travelers' Motion to Dismiss Pursuant to Minn. Stat. §555.11**

**Local Rule 7.1(c) Word Count Compliance Certificate**

to be filed electronically with the Clerk of Court through ECF, and that ECF will send an e-notice of the electronic filing to the following:

| | |
|---|---|
| L. Michael Hall<br>L. Michael Hall, P.A.<br>1010 St Germain St W., Suite 100<br>St. Cloud, MN 56301<br>Email: mike@hallinjurylaw.com | Daniel. A. Haws<br>Murnane Conlin White & Brandt<br>444 Cedar Street, Suite 1800<br>St. Paul, MN 55101<br>Email: dhaws@murnane.com |
| Sharon L. Van Dyck<br>Schwebel Goetz & Sieben<br>80 S. Eighth Street<br>Minneapolis, MN 55402<br>Email: svandyck@schwebel.com | Jerome B. Abrams<br>Abrams & Smith, P.A.<br>220 South Sixth Street, Suite 1250<br>Minneapolis, MN 55402<br>Email: jeromeabrams@abramsandsmith.com |

Dated: February 15, 2006

By: /s/ Stephen A. Melcher

Stephen A. Melcher (#177015)
Fabyanske, Westra, Hart & Thomson, P.A.
800 LaSalle Avenue, Suite 1900
Minneapolis, MN 55402
Phone: (612) 338-0115