UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
01-CV-587(JMR/FLN)

| | | |
|---|---|---|
| Sirti Limited Corporation<br><br>v.<br><br>The Travelers Indemnity Company of America and The Travelers Indemnity Company of Illinois | ) | ORDER |

Defendants, The Travelers Indemnity Company of America and The Travelers Indemnity Company of Illinois ("Travelers"), move to dismiss this case for failure to join a necessary party, pursuant to Rules 12(b)(7) and 19 of the Federal Rules of Civil Procedure; or in the alternative, to join Evanston Insurance Company ("Evanston") as a party. Defendants' motion is denied.

I. Background

In 1998, Sirti Limited Corp. ("Sirti") was hired to provide engineering and construction management for a cable installation project in St. Cloud, Minnesota. Cable Constructors, Inc., a separate company, performed the actual installation. On December 11, 1998, one of Cable Constructor's crews severed a high-pressure natural gas line while working on the project. The gas exploded, causing death, injury, and extensive property damage.

The blast engendered no fewer than 22 lawsuits against Sirti. Sirti tendered defense of these suits to Travelers and Evanston. Travelers declined to provide a defense, citing a professional services exclusion contained in its policy. Evanston, however,

accepted the tender, and defended Sirti to its policy limit of $1 million. Evanston made payments under a loan receipt agreement, which allowed it to recover in full if Sirti were reimbursed by any other insurer, in this case, Travelers.

Sirti commenced this lawsuit in 2001 seeking a judgment declaring that Travelers had a duty to defend, indemnify, or settle the underlying actions on Sirti's behalf. Sirti also sought attorney's fees and costs. By Amended Order, dated November 24, 2003, the Court ruled that Travelers had a duty to defend Sirti. The parties have settled the issue of indemnification as to damages and settlements. The remaining issue is indemnification for defense costs and attorney's fees.

Now, after almost five years of continuous litigation, Travelers claims Evanston must be joined to assure proper adjudication of that issue.

II. <u>Analysis</u>

A. <u>Standards</u>

Dismissal is proper under Fed. R. Civ. P. 12(b)(7) when the plaintiff has failed to join a necessary party. Necessary and indispensable parties are defined in Fed. R. Civ. P. 19. A party is necessary when: (1) absent that party, "complete relief cannot be accorded among those already parties;" or (2) the absent party claims an interest in the action, and deciding the action in its absence would "impair or impede that person's ability to protect

that interest" or subject those already parties to a substantial risk of incurring double, multiple, or inconsistent obligations. Fed. R. Civ. P. 19(a).

If a party is necessary, the Court next considers whether joinder of the party is feasible. If so, the necessary party is joined; if not, the party is dismissed. Joinder is not feasible when the necessary party would deprive the court of subject matter jurisdiction. Joinder is also not feasible if the necessary party objects to venue or personal jurisdiction, and the court determines that venue or personal jurisdiction are improper.

In some cases, the court is confronted with a necessary party whose joinder is not feasible. That court must then consider whether to dismiss the case or to proceed with those who are already parties. Rule 19(b) sets out factors to be considered in making this determination.

B. Necessary Party

Evanston is a necessary party in this action if complete relief cannot be accorded in its absence, or if Evanston claims an interest and the present parties will face inconsistent or multiple obligations in its absence. Defendants rely on the second definition of necessary party, arguing they will be subjected to inconsistent obligations when filing a suit against Evanston to determine the proper allocation of defense fees among the insurers. The Court finds this argument unpersuasive.

At the outset, defendants fail to persuade the Court regarding the first prong, requiring that Evanston claim an interest in the action. It may be suggested that Evanston has expressed an interest in the action by attending settlement conferences, and attempting to recover on the loan receipt agreement with Sirti. The Court finds Evanston's interest in its loan receipt agreement with Sirti to be a separate and distinct interest from the remaining issue in this case, however, which is simply the amount of money Travelers owes Sirti. Evanston has expressed no interest in this issue.

Traveler's suggestion that it might face inconsistent or multiple obligations rings hollow. Should defendants be required to pay over more than is necessary, they can recover from Evanston through another lawsuit. The Court understands that any defendant wants to avoid multiplicity of litigation, but this consideration is not compelling here.

This action was filed in 2001. It has gone through summary judgment and an appeal to the Eighth Circuit Court of Appeals on the issue of liability. Evanston hasn't sneaked up on Travelers; they knew of Evanston's participation as early as May, 2005. After all of this, Travelers waited until January, 2006, to file this motion. Joining Evanston as a party at this late date would simply compound and delay the resolution of the single remaining issue in this case.

Evanston is not a necessary party. As such, the Court need not consider whether joinder is feasible.

III. Conclusion

Traveler's motion to dismiss for failure to join a necessary party [Docket No. 124] is denied.

IT IS SO ORDERED.

Dated: April 4th, 2006

s/ JAMES M. ROSENBAUM
JAMES M. ROSENBAUM
United States Chief District Judge